UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>          )<br>     v.      ) Crim. No. 1:07-cr-00149-RCL<br>          )<br>FARZAD DARUI,    )<br>          )<br>     Defendant.    ) | |

### DEFENDANT FARZAD DARUI'S MOTION FOR A BILL OF PARTICULARS

Defendant, by counsel, and pursuant to Fed. R. Crim. P. 7(f), and the Fifth and Sixth Amendments to the United States Constitution, hereby moves this Court for an order compelling the government to file a bill of particulars as set forth in the accompanying Memorandum in Support thereof.

**WHEREFORE**, Defendant Farzad Darui moves this Court to grant the relief requested.

                                    FARZAD DARUI
                                    By Counsel


                          By:  /s/ Victoria Toensing

                               Victoria Toensing  (DC Bar # 304980)
                               Joseph diGenova
                               Brady Toensing
                               diGENOVA & TOENSING, LLP
                               1776 K Street, N.W., Suite 737
                               Washington, D.C. 20006
                               (202) 289-7701
                               (202) 289-7706

-2-

        By: /s/ Aaron S. Book

        Aaron S. Book  (DC Bar # 490815)
        Steven T. Webster (to be admitted *pro hac vice*)
        WEBSTER BOOK LLP
        1 North King Street
        Leesburg, Virginia 20176
        703-779-8229
        703-991-9178 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>v.                                  )  Crim. No. 1:07-cr-00149-RCL<br>)<br>FARZAD DARUI,                )<br>)<br>Defendant.               ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT FARZAD DARUI'S MOTION FOR A BILL OF PARTICULARS**

Defendant Farzad Darui, by counsel, moves this Court, pursuant to Federal Rule of Criminal Procedure 7(f), for an order directing the government to provide a bill of particulars as set forth below. The grounds for this motion are as follows:

1.  Mr. Darui has been indicted on five counts of mail fraud, (*see* Indictment, Counts One through Five), one count of interstate transportation of stolen property, (*see id.*, Count Six), and one count of theft in the first degree in violation of D.C. Code § 3211(b)(2), (*see id.*, Count Seven).

2.  The Indictment alleges that Mr. Darui engaged in this alleged criminal activity "from at least October 2000, to in or about January 2006." *See id.*, ¶ 11.

3.  The Indictment has been drafted in such a manner that Mr. Darui is unable intelligently to defend himself against its allegations.

4.  Language from specific paragraphs of the indictment and the fundamental missing facts (which are necessary to the defense of this matter) are set forth below:

-3-

| Par. | Allegation | Missing facts impairing **Darui's defense** |
|---|---|---|
| 10 | "It was the *policy and practice* of the Center that only the Director authorized payments and signed checks written on the Islamic Center administrative account and the Islamic Center charity account." | The government should be required to identify the specific facts supporting this "policy and practice." For example, were there Board resolutions or corporate by-laws? |
| 11 | "Between from *at least October 2000*, to in or about January 2006, in the District of Columbia and elsewhere, defendant FARZAD DARUI, did knowingly devise, participate in and execute a scheme and artifice to defraud the Islamic Center of Washington, D.C., and to obtain *money and property* belonging to the Islamic Center of Washington, D.C., by means of *false and fraudulent pretenses, representations and promises*." | a. If there is a date prior to October 2000, it should be provided.

b. The money and property allegedly taken must be specifically identified.

c. The false pretenses, representations, and promises must be identified if Mr. Darui is to be able to investigate and rebut them. |
| 12 | "From in or about October 2000, to in or about January 2006, defendant FARZAD DARUI, without authorization, obtained *numerous checks* from the Islamic Center of Washington, D.C., by developing a scheme by which he would *write and issue, or cause to be written, signed and issued, or falsely altered checks written on the Center's various bank accounts or checks belonging to the Center* which he used for his personal enrichment." | a. Which checks were written and issued, which were caused to be written, signed, and issued, and which were falsely altered?

b. Which checks were "written on the Center's various bank accounts" and which accounts were they written on?

c. Which remaining checks were those "belonging to the Center"? |
| 13 | "As the business manager for the Center, defendant FARZAD DARUI received mail and gathered invoices received from various vendors and creditors of the Center. After doing so, defendant FARZAD DARUI wrote *checks on various Islamic Center bank accounts that were made payable to the respective vendors and creditors*. Defendant FARZAD DARUI then took *the checks and the corresponding invoices* to the Director for approval of payment. When payment of the *various invoices* was approved, the Director would sign *the checks*. Thereafter, copies of the *invoices and the associated original checks* would be made. Defendant FARZAD DARUI mailed *the checks*, via the United States Postal Service, to the *appropriate vendor or creditor*." | a. Which checks were written on which bank accounts to pay which invoices?

b. Which invoices were "associated" with which original checks?

c. Which checks were mailed "via the United States Postal Service"? |

-4-

| 14 | "It was part of the fraudulent scheme and artifice that instead of sending payment to *the Center's vendors and creditors*, defendant FARZAD DARUI gained control of funds belonging to the Center *by altering the payee line of checks* that had been endorsed by the Director and written on the Islamic Center special account, the Islamic Center administrative account and the Islamic Center charity account." | Which checks, to which vendors and creditors, were altered as alleged? |
|---|---|---|
| 15 | "It was further part of the scheme and artifice that defendant FARZAD DARUI substituted the *original named payee* with various versions of the names of Blue Line Travel, Inc., Zaal, Inc., and other businesses which he controlled and for which he was an authorized signatory." | Which checks with which payees were altered with which substitute payees? |
| 16 | "It was further part of the scheme and artifice that defendant FARZAD DARUI negotiated *the altered checks* and deposited funds stolen from the Center directly into *either the Zaal checking account or into the Blue Line checking account*." | Which altered checks were deposited into which account? |
| 17 | "In [*sic*] was further a part of the scheme and artifice that defendant FARZAD DARUI obtained *checks payable to employees or contractors of the Center* and, without authority from the named payee on the checks, negotiated and deposited the checks directly into *either the Zaal checking account or into the Blue Line checking account*." | a. Which checks payable to which employees or contractors were allegedly negotiated?<br><br>b. Which altered checks were deposited into which account? |
| 18 | "Throughout the scheme, defendant FARZAD DARUI submitted *duplicate invoices and checks* to the Director who endorsed the duplicate checks without realizing the payment was a duplicate check for an invoice that supposedly had been paid. Defendant FARZAD DARUI embezzled *either the original endorsed check or the duplicate endorsed check* in the aforementioned manner *and sent the remaining endorsed check to the appropriate creditor or vendor* thereby enabling defendant FARZAD DARUI to carry out and conceal his embezzlement of the Center's funds." | a. Which duplicate invoices with which checks are alleged to have been submitted?<br><br>b. Which "original endorsed check" and which "duplicate endorsed check" were embezzled "in the aforementioaned manner"?<br><br>c. Which "remaining endorsed check" was sent to which "appropriate creditor or vendor"? |

| 23 | "It was further part of the scheme and artifice that defendant FARZAD DARUI *deposited the Center's checks directly into his Zaal checking account or into his Blue Line checking account*. During the course of the scheme from on or about October 2000 to on or about January 2006, defendant FARZAD DARUI stole in excess of $430,000 from the Center." | a. Which checks were deposited into which account?<br><br>b. What is the basis for the sum of $430,000? |
|---|---|---|
| 26 | "From on or about October 2000, to in or about January 2006, in the District of Columbia, the defendant FARZAD DARUI, did willfully and knowingly transport, transmit and transfer, in interstate commerce, that is, between the District of Columbia and the Commonwealth of Virginia, a security of the value of $5,000 or more, that is, checks as enumerated below having a combined value of $8,716.48, well knowing the same to have been stolen." | a. Approximately when, in the period from October 2000 to in or about January 2006, were these two checks transported in interstate commerce?<br><br>b. From where, in the District of Columbia, to where, in the Commonwealth of Virginia, were these checks transported? |
| 28 | "From between in or about October 2000, until in or about January 2006, in a continuing course of conduct, in the District of Columbia, defendant FARZAD DARUI wrongfully obtained *over $430,000* in monies from the Islamic Center of Washington, D.C., with the intent to appropriate the property *to his own use or to the use of third persons*." | a. What, precisely, did the $430,000 consist of? Cash, checks, both? If so, on which dates were they stolen and in what manner?<br><br>b. Which property was appropriated to his own use and which to that of third persons?<br><br>c. Who were the "third persons," if any? |

5.  Without these fundamental facts, the indictment violates Mr. Darui's Fifth Amendment rights by failing to provide him sufficient notice of what he must be prepared to defend at trial. Additionally, it provides the government with the unconstitutional opportunity to achieve a non-unanimous verdict in violation of Mr. Darui's Sixth Amendment rights.

6.  A proposed order has been filed with this motion.

WHEREFORE, Defendant Farzad Darui moves this Court to grant the relief requested.

        FARZAD DARUI
        By Counsel

By: /s/ Victoria Toensing

   Victoria Toensing  (DC Bar # 304980)
   Joseph diGenova
   Brady Toensing
   diGENOVA & TOENSING, LLP
   1776 K Street, N.W., Suite 737
   Washington, D.C. 20006
   (202) 289-7701
   (202) 289-7706

By: /s/ Aaron S. Book

   Aaron S. Book  (DC Bar # 490815)
   Steven T. Webster (to be admitted *pro hac vice*)
   WEBSTER BOOK LLP
   1 North King Street
   Leesburg, Virginia 20176
   703-779-8229
   703-991-9178 (fax)

## CERTIFICATE OF SERVICE

I certify that on August 15, 2007, a true copy of the foregoing was served by first class mail on the following:

   Ronald Wesley Sharpe
   U.S. ATTORNEY'S OFFICE
   555 Fourth Street, NW
   Washington, DC 20530

   Victoria Toensing

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00149-RCL |
| ) | |
| FARZAD DARUI, ) | |
| ) | |
| Defendant. ) | |

**ORDER RE:**
**DEFENDANT FARZAD DARUI'S MOTION FOR A BILL OF PARTICULARS**

Upon consideration of Defendant Darui's Motion for A Bill of Particulars, the government's Response thereto, and the entire record in this matter, it is this _____ day of _____, 2007, hereby

**ORDERED**  that defendant Darui's Motion is granted; and it is further

**ORDERED**  that the government immediately provide the requested information responsive to the defendant's bill of particular's motion.

_____
Royce C. Lamberth, U.S. District Court Judge

WE ASK FOR THIS:

By: /s/ Victoria Toensing

Victoria Toensing (DC Bar # 304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706

By: /s/ Aaron S. Book

Aaron S. Book (DC Bar # 490815)
Steven T. Webster (to be admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)

CERTIFICATE OF SERVICE

I certify that on August 15, 2007, a true copy of the foregoing was served by first class mail on the following:

Ronald Wesley Sharpe
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530

Victoria Toensing