**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-149 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **FARZAD DARUI,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OMNIBUS RESPONSE IN OPPOSITION TO THE**
**DEFENDANT'S MOTIONS TO DISMISS COUNTS ONE THROUGH FIVE OF THE**
**INDICTMENT, AND FOR A BILL OF PARTICULARS**

The United States, by and through it attorney, the United States Attorney for the District of
Columbia, herewith files this omnibus response in opposition to defendant Farzad Darui's motion
challenging the indictment.  The motion seeks to dismiss Counts One through Five (Dkt. No. 20).
In addition, defendant filed a motion seeking a bill of particulars (Dkt. No. 19).  The government in
this pleading addresses the issues defendant has raised, in the order listed above.[1]  The government
is filing this omnibus response in opposition because the motions overlap in many areas.  For the
reasons set forth below, defendant's motions in their entirety are without merit and should be denied
by this Court.

---

[1]  In the government's response set forth below to each of defendant's motions, the
citations to defendant's Motion for a Bill of Particulars under discussion will be listed as "Def's
Bill (Dkt. No. 19)" and to defendant's Motion to Dismiss as "Def's Motion (Dkt. No. 20)."

## <u>Table of Contents</u>

I.     GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS . . . 3

A.     Motion to Dismiss Parts of the Indictment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

1.     Defendant's Motion to Dismiss Counts One through Five –
       the Mail Fraud Counts – Should Be Denied . . . . . . . . . . . . . . . . . . . . . 6
       a.     Indictment Sufficiently Alleges Each Element of Mail Fraud . . . . 7
              (1)     Indictment Alleges the Essential Elements of Mail Fraud . 8
       b.     Indictment Adequately Informs Defendant
              of Mail Fraud Charges . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
       c.     Mail Fraud Charges are not Duplicitous . . . . . . . . . . . . . . . . . . . 11
       d.     Victim in Mail Fraud Counts is a Matter of Evidentiary Proof . . 13

B.     The Government Should Not Be Required
       to Provide a Bill of Particulars . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

1.     Legal Standard . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

2.     Defendant is Not Entitled to a Bill of Particulars . . . . . . . . . . . . . . . . . 16

II.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

I.    <u>**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS**</u>

On June 8, 2007, a federal grand jury for this District returned a multi-count indictment charging defendant with seven felonies for defrauding the Islamic Center of Washington, D.C., of in excess of $430,000 between 2000 and 2006. Counts One through Five of the indictment charge defendant with Mail Fraud in violation of 18 U.S.C. § 1341 and 2. Indictment at ¶¶ 1 - 24. Count Six charges defendant with one count of Interstate Transportation of Stolen Property in violation of 18 U.S.C. § 2314 and 2. Count Seven charges defendant with Theft in the First Degree, in violation of 22 D.C. Code §§ 3211(b)(2) and 3212 (a). The indictment also includes a criminal forfeiture allegation, invoking 28 U.S.C. § 2461(c) and 18 U.S.C. § 982(a)(1)(c), associated with Counts One through Five.

Defendant has filed a motion challenging the five mail fraud counts in the indictment. Defendant has also filed a motion for a bill of particulars. The government will respond to each of these motions and discuss why each motion lacks fundamental merit in light of the relevant law and the circumstances of this case.

<u>Background</u>

As set forth in the indictment, defendant, Farzad Darui was employed by The Islamic Center of Washington, D.C., located at 2551 Massachusetts Avenue, NW, Washington, D.C., as the business manager from 1994 until August 2006.   The Islamic Center (the "Center") consists of a mosque and serves as a regular place of worship for thousands of Washington area Muslims, including many from the diplomatic community.  In addition, the Center provides charitable services for the Washington community, including free Islamic study classes, Arabic and Qur'anic language classes and counseling services.  As business manager, defendant was responsible for supervising and maintaining internal systems for accounts payable, accounts receivable, payroll, general ledger and financial reports and cash control.  Defendant's official duties also included manually preparing checks for payment of employees, creditors and vendors employed by the Center.  Defendant was terminated from his position in August 2006, after it was learned that he had stolen hundreds of thousands of dollars from the Center.

As the business manager for the Center, defendant received mail and gathered invoices received from various vendors and creditors of the Center.  After doing so, defendant wrote checks that were made payable to the respective vendors and creditors.  These checks were written on various checking accounts maintained at Bank of America on behalf of the Center.  Defendant then presented the prepared checks and the corresponding invoices to Dr. Abdullah M. Khouj, the Director of the Center, ("Director") for approval of the payment(s) and signature(s) for the respective check(s).  When payment of the invoices was approved, the Director signed the associated checks. Thereafter, defendant mailed the checks, via the United States Postal Service, to the appropriate vendor or creditor.

Defendant gained control of the stolen funds by altering the named payee on the signed checks instead of mailing the checks to the appropriate vendor. Defendant substituted the original vendor name with the name of one or more business entities that he controlled and for which he was an authorized signatory. Blue Line Travel, Inc., and Zaal, Inc., were two of the business entity names that defendant substituted in place of the original vendor. Defendant then deposited the checks that had been written on the various bank accounts maintained at Bank of America on behalf of the Center directly into one or more bank accounts he controlled. In addition, as part of his fraudulent scheme to obtain funds belonging to the Center, defendant obtained checks payable to employees or contractors of the Center. Without authority from the named payee on the checks, defendant negotiated and deposited the checks directly into one or more bank accounts he controlled, including accounts held in the names of Blue Line Travel, Inc., and Zaal, Inc. Defendant subsequently withdrew funds from both the Blue Line Travel, Inc., and Zaal, Inc., bank accounts which he used for his personal benefit and enrichment.

To conceal his diversion of funds belonging to the Center that were under the custody and control of Bank of America, defendant opened a United States post office box in Washington, D.C., in the name of the Islamic Center (P.O. Box 53188). On the application for P.O. Box 53188, defendant listed his personal residence as that of the address of the Islamic Center, that is, 3433 Malbrook Drive, Falls Church, Virginia. Defendant did so without the knowledge or consent of the Director or anyone else at the Center. Defendant's action caused Bank of America to mail, via the United States Postal Service, bank statements and processed checks to P.O. Box 53188. Because of the fraudulent scheme executed by defendant, the Center, suffered an actual loss in excess of $430,000.

A. **Motion to Dismiss Parts of the Indictment**

1. Defendant's Motion to Dismiss Counts One through Five – the Mail Fraud Counts – Should Be Denied

Defendant has moved to dismiss Counts One through Five of the indictment, the mail fraud counts. Def's Motion at 20 (Dkt. No. 20). In his motion, defendant moves on numerous grounds, including his claims that: (1) the indictment fails to allege essential elements of mail fraud; (2) the indictment fails to provide any specificity regarding which checks or bank accounts are part of the alleged scheme; and (3) the mail fraud counts are improperly charged because they relate only to one of the accounts pilfered by defendant. Id. Defendant's claims, which are without merit, will be addressed in order below.

At the onset, it is important to note that throughout his motion to dismiss the mail fraud counts, it appears that defendant is clearly arguing about matters bound up with the factual proof in this case. Disposition of those matters, however, needs to await the evidence at trial. "If a pretrial claim is substantially founded upon and intertwined with 'evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred.'" United States v. Wilson, 26 F.3d 142, 159 (D.C. Cir. 1994), cert. denied sub nom Briscoe v. United States, 514 U.S. 1051 (1995). Under Rule 12(b) "when the issue raised involves a question that may not be determined without 'trial of the general issue' it is not proper for decision by pretrial motion." United States v. Ayarza-Garcia, 819 F.2d 1043, 1048 (11th Cir. 1987). "The 'general issue' has been defined as evidence relevant to the question of guilt or innocence." Id., citing, United States v. Barletta, 644 F.2d 50, 58 (1st Cir. 1981). "It follows that a pretrial motion to dismiss the indictment cannot be based on a sufficiency of the evidence argument because such an argument raises factual

6

questions embraced in the general issue." Id. citing, United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975), cert. denied, 423 U.S. 1087, (1976). "There is no summary judgment procedure in criminal cases. Nor do the rules provide for a pre-trial determination of sufficiency of the evidence." United States v. Critzer, 951 F.2d 306, 307 (11th Cir. 1992) (per curiam). See also, Costello v. United States, 350 U.S. 359, 363 (1956).

          a.     Indictment Sufficiently Alleges Each Element of Mail Fraud

     Pursuant to Fed.R.Crim.P. 7(c)(1), an "indictment . . . must be a plain, concise and definite written statement of the essential facts constituting the offense charged . . . ." The requirements that an indictment must meet to survive a pretrial challenge to its sufficiency are well-established. The Supreme Court has held that "[a]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974); see United States v. Fitzgerald, 1995 WL 495994 (D.D.C. 1995) (J. Kessler) ("It is well-settled in this Circuit that an indictment is sufficient if it contains the elements of the offense in enough detail to apprise the defendant of the offense with which he is charged"). "An indictment need only track the language of the statute and, if necessary to apprise the defendant of the nature of the accusation against him, . . . state time and place in approximate terms." United States v. Covino, 837 F.2d 65, 69 (2nd Cir. 1988) (internal quotations and citations omitted).

     Defendant's contention that the indictment fails to allege essential elements of mail fraud are without merit and should be denied. To the contrary, the indictment addresses all four elements in the mail fraud counts and gives defendant sufficient notice of that with which he is charged.

(1)     Indictment Alleges the Essential Elements of Mail Fraud

In order for a jury to find defendant guilty of this crime, the government must prove each of the following essential elements beyond a reasonable doubt for a conviction:

One:     The defendant knowingly devised or knowingly participated in a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations or promises;

Two:     The pretenses, representations or promises were material, that is it would reasonably influence a person to part with money or property;

Three:  The defendant did so with the intent to defraud; and

Four:    In advancing, or furthering, or carrying out this scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations or promises, the defendant used the mails or caused the mails to be used.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, (5th Ed.  2000) § 47.03.

In essence, the offense of mail fraud  demands  proof of a scheme to defraud which is furthered by the mails.  The government need show only that defendant "caused" the mailing by acting "with knowledge that the use of the mails follow in the ordinary course of business, or where such use can reasonably be foreseen, even though not actually intended."  Pereira v. United States, 347 U.S. 1, 8-9 (1954).

To sustain a conviction the government must prove the existence of a scheme; it is not required, however, to prove all details or all instances of allegedly illicit conduct.  See, e.g., United States v. Stull, 743 F.2d 439, 442 n.2 (6th Cir. 1984) ("It is well established that proof of every allegation is not required in order to convict; the government need only prove that the scheme to defraud existed."), cert. denied, 470 U.S. 1062 (1985).  "The Government need not allege the subordinate evidentiary facts by which it intends to prove the 'in furtherance' element of the crime

8

charged, and an indictment setting out the mailings charged and alleging that they were in

furtherance of the scheme should not be dismissed as insufficient on its face unless there is no

conceivable evidence that the Government could produce at trial to substantiate its 'in furtherance'

allegation." United States v. Castor, 558 F.2d 379, 385 (7th Cir. 1977), cert. denied, 434 U.S. 1010

(1978). In Castor, the court observed:

> The question is not whether the indictment particularly alleges sufficient facts from
> which a jury could find that the mailings charged were in furtherance of the scheme,
> but rather whether the Government conceivably could produce evidence at trial
> showing that the designated mailings were for the purposes of executing the scheme.
> United States v. Sampson, 371 U.S. 75, 76 (1962). The resolution of the question of
> whether the mailings alleged were in furtherance of the scheme must await trial
> "unless it so convincingly appears on the face of the indictment that as a matter of
> law there need be no necessity for such delay." United States v. Feinberg, 50 F. Supp.
> 976, 977 (E.D.N.Y. 1943), aff'd, 140 F.2d 592 (2nd Cir. 1944), cert. denied, 322 U.S.
> 726 (1944).
>
> Id. at 384-85.

Furthermore, the government is "not required to prove the details of a scheme; it is, however,

required to prove beyond a reasonable doubt . . . that the defendant . . . willfully and knowingly

devised a scheme or artifice to defraud . . . ." United States v. Jordan, 626 F.2d 928, 930 (D.C. Cir.

1980) (quoting with approval the trial court's instruction on § 1341). "It is the scheme to defraud

and not actual fraud that is required." United States v. Reid, 533 F.2d 1255, 1264 (D.C. Cir. 1976).

See also, United States v. Diggs, 613 F.2d 988, 997 (D.C. Cir. 1979), cert. denied, 446 U.S. 982

(1980) ("Because only 'a scheme to defraud' and not actual fraud is required, proof of fraudulent

intent is critical.").

The scheme itself "'need not be pleaded with all the certainty in respect of time, place, and

circumstance requisite in charging the mailing of the letter or other matter.'" United States v. Azad,

809 F.2d 291, 295 (6th Cir. 1986) (quoting Curtis, 506 F.2d at 990), cert. denied, 481 U.S. 1004 (1987).  Moreover, a scheme to defraud may consist of numerous elements, no particular one of which need be proved if there is sufficient overall proof that the scheme exists.  United States v. Amrep Corp., 560 F.2d 539, 546 (2d Cir. 1977) , cert. denied, 434 U.S. 1015 (1978).

The government must also prove that the pretenses, representations or promises were material.  Neder v. United States, 527 U.S. 1, 16 (1997).  "A false statement is material if it has 'a natural tendency to influence, or [is] capable of influencing, the decision making body to which it was addressed.'"  Id. at 16 quoting, United States v. Gaudin, 515 U.S. 506, 509 (1995).

In this case, the indictment does more than merely plead the statutory language.  It explicitly sets forth the alleged scheme to defraud in plain and logical terms.  See Indictment at ¶¶ 1-24. Specifically, the mail fraud counts, Counts One through Five, charge the gist of the scheme: to obtain money through false pretenses.  It describes the nature of such false pretenses as the altering of checks written on Islamic Center checking accounts by defendant.  The indictment also informs defendant that it was part of the scheme that, without authorization, defendant obtained and negotiated checks belonging to the Center that were payable to employees or contractors of the Center.  The indictment also makes clear that these checks and the altered checks were deposited into bank accounts defendant controlled, including Blue Line Travel, Inc., and Zaal, Inc.  Furthermore, the indictment details how defendant caused the mail to be used in furtherance of the scheme.  Thus, the indictment in this case addresses all four elements in mail fraud counts of the indictment and is sufficient on its face.

b.      Indictment Adequately Informs Defendant of Mail Fraud Charges

Defendant also claims that the mail fraud charges do not adequately notify him of the charges against him.  Def's Motion at 22-23 (Dkt.  No.  20).   Defendant's argument is without merit and must fail.

The government incorporates here the discussion from above regarding the elements of mail fraud and how the indictment appropriately alleges the elements of that statute.  See discussion in Section A.1.a. above.  The eleven-page indictment in this case gives defendant, consistent with Fed.R.Crim.P. 7(c), "a plain, concise and definite written statement of the essential facts constituting the offense charged."  In addition, the indictment sufficiently "apprise[s] the accused of the particular offense with which he is charged."  United States v. Conlon, 628 F.2d 150, 155 (D.C. Cir. 1980) (court of appeals reversed district court dismissal of count charging conflict of interest violation).

The language in the indictment addresses all four elements of mail fraud and each mail fraud count gives an approximate time and place of the offense.  The indictment is sufficiently specific and detailed (coupled with the documentary evidence provided to defendant) to permit him to prepare a defense.  Accordingly, defendant has been appropriately notified of the charges against him and his motion should be denied.

c.      Mail Fraud Counts are not Duplicitous

Defendant also attacks the indictment on grounds that the mail fraud counts are duplicitous. Defendant argues that each mail fraud count contains more than one mailing and various allegations of schemes and means.  Def's Motion at 24 (Dkt. No. 20).  Defendant further contends that because the indictment is duplicitous it may (1) fail to inform defendant of the charges he faces; (2) expose defendant to multiple prosecutions for the same offense; (3) prejudice defendant during evidentiary

rulings at trial; and, (4) subject defendant to conviction by less than a unanimous verdict. Def's Motion at 24-26 (Dkt. No. 20).   The government has already addressed the aforementioned items (1) and (2).   See Sections A.1.a. and A.1.b., above.   These and defendant's remaining arguments are without merit and should be denied.

As noted by defendant, it is well settled that duplicity in criminal pleading is the joinder of two or more separate and distinct offenses in the same count in an indictment or information, not the charging of a single offense involving a multiplicity of ways and means of action and procedure. United States v. Mangieri, 694 F.2d 1270, 1281 (D.C. Cir.1982).   In this case, the offense charged in each mail fraud count of this indictment was the devising of a scheme to defraud, and for obtaining money or property by means of false and fraudulent pretenses, representations, and promises, and of using the mails for the purpose of executing the scheme or attempting so to do.   As stated earlier, the indictment sufficiently alleges each element of mail fraud.   Each of the five mail fraud counts specifically identifies a separate and distinct mailing in furtherance of the scheme.[2]   The scheme, as set forth in the indictment, involved a number of ways and means of action and procedure, but it was a single scheme.   Setting out the numerous ways and means of action and procedure included in the scheme for its accomplishment does not render the indictment duplicitous.  United States v. Crummer, 151 F.2d 958, 963-964 (10th Cir.  1945), cert.  denied, 327 U.S. 785 (1946).  This method of charging is entirely consistent with Rule 7 of the Federal Rules of Criminal

---

[2]         As defendant concedes in his motion at page 25, each mailing in furtherance of a scheme to defraud constitutes a separate offense under 18 U.S.C. § 1341.  Badders v. United States  240 U.S. 391, 394 (1916); United States v. Aldridge, 484 F.2d 655, 660 (Cir. 7th 1973), cert. denied, 415 U.S. 921 (1974).  Each of the Counts One through Five alleges a separate mailing on a separate date. Accordingly, there is no multiplicity.  Even if there were, such a defect is not sufficient to challenge the legality of an indictment but should be raised on appeal or by post- conviction motion.  United States v. Overbay, supra, 444 F.Supp. at 258-259(3).

Procedure, which states that, in an indictment, "[a] count may allege that ... the defendant committed [the offense] by one or more specified means," see Fed.R.Crim.P. 7(c)(1), and therefore the indictment is not duplicitous.

Defendant's additional allegation, that the mail fraud counts expose him to potential prejudice as a result of evidentiary rulings at trial, is being tied together with the factual proof in this case. Hence, it is premature to address this issue until the evidence is presented at trial. Likewise, defendant's arguments that the mail fraud counts, as alleged, may subject him to conviction by less than a unanimous verdict will have to wait until the presentation of the evidence at trial and will be decided using the appropriate jury instructions which will likely include a unanimity instruction. See United States v. Mangieri, 694 F.2d 1270, 1281 (D.C. Cir.1982).

d.      Victim in Mail Fraud Counts is a Matter of Evidentiary Proof

Defendant also asserts that the indictment "fails to allege a scheme to obtain money or property from the one who was deceived." Def's Motion at 23 (Dkt. No. 20). In support of his position, defendant argues that the money held in the Islamic Center special account "belonged" to the Director. Id. Defendant further argues that because the scheme alleged in the indictment was to defraud the Center, the mail fraud counts, which pertain only to the Islamic Center special account, must be dismissed. Defendant is incorrect and his motion must be denied.

Defendant erroneously claims that the indictment fails to allege a scheme to obtain money or property from the one who was deceived. Id. As noted above, this is inaccurate as the indictment sufficiently alleges each essential element of mail fraud including the scheme to defraud. Indictment at ¶ 1-24. Furthermore, the indictment specifically identifies the bank account defendant claims the Director owns as an account that the Center owned and maintained. Indictment at ¶ 7. The

sufficiency of the government's factual proof of defendant's scheme and artifice to defraud the Center including to whom the money in the Islamic Center special account belonged are for the Court and the jury to determine after the government has presented its evidence at trial. Thus, defendant's arguments regarding this issue are without merit and his motion to dismiss the mail fraud counts must be denied.

**B.     The Government Should Not be Required to Provide a Bill of Particulars**

Defendant has moved this Court for an order compelling the government to file a bill of particulars. In his motion, defendant argues that because the United States has drafted the indictment "in such a manner that Mr. Darui is unable intelligently to defend himself against its allegations." Def.'s Bill at 3 (Dkt. No. 19). Without citing a single case to support his position, defendant has requested that the government provide specific facts relating to the respective counts in the indictment, including inter alia, specifically identifying: (1) the checks and invoices the government may rely upon at trial; (2) the basis for the amount obtained as a result of the fraudulent scheme executed by defendant; and (3), the bank accounts on which the stolen checks were written. Def.'s Bill at 4-6 (Dkt. No. 19). As outlined herein, the indictment is sufficiently specific and detailed to permit defendant to prepare a defense. In addition to the detailed facts set forth in the indictment, the government has provided defendant with extensive discovery in this case. Hence, defendant's motion for a bill of particulars should be denied.

1.     Legal Standard

Under the clearly established law of this Circuit, a motion for a bill of particulars raises a single issue: whether the defendant can understand the charges and can adequately prepare a defense. United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987). The purpose of a bill of

14

particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." Id.; see also Fed. R. Crim. Pro. Rule 7(d); United States v. Esquivel, 755 F. Supp. 434, 436 (D.D.C. 1990). "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial." Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968); see also United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990) ("[a]cquisition of evidentiary detail is not a function of a bill of particulars"); United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975) (bill of particulars is not intended as a vehicle for "wholesale discovery of the Government's evidence"), cert. denied, 423 U.S. 858 (1975); Edelin, 128 F. Supp. 2d at 36 (quoting Torres); United States v. Whitehorn, 710 F. Supp. 803, 821 (D.D.C.1989), overruled on other grounds by United States v. Rosenberg, 888 F.2d 1406 (D.C. Cir. 1989) ("It is not the function of a bill of particulars to provide detailed disclosure of the government's evidence"); United States v. Ramirez, 54 F. Supp. 2d 25, 29 (D.D.C. 1999) ("[a] bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's theories of evidence. It properly includes clarification of the indictment, not the government's proof of its case"). Nor is it designed to force the government to reveal a theory of its case that the defendant could then use to limit the government's presentation of its case at trial. Torres, 901 F.2d at 234; United States v. Burgin, 621 F.2d 1352 (5th Cir.), cert. denied, 449 U.S. 1015 (1980). The defendant's constitutional right underlying a bill of particulars is "to know the offense with which he is charged, not to know the details of how it will be proved." United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982).

2.    Defendant is Not Entitled to a Bill of Particulars

In the instant case, the indictment is in accord with the requirements of Fed. R. Crim. P. 7(c). The indictment describes the criminal activities of defendant in detail.  In addition, the indictment defines defendant's role in the charged conspiracies in a manner sufficient to avoid surprise and permit defendant to prepare a defense.

This objective has been more than met by the detail of the speaking indictment and by the voluminous discovery provided to date to defense counsel.  It is important to point out that to date the government has already provided significant discovery to defendant in the form of thousands of pages of documents, including scanned versions of the documents seized by members of the Federal Bureau of Investigation during the execution of search warrants and hundreds of pages of banking documents.  In addition, the government has provided the defense access to all documents it has obtained in connection with this matter and either copied or provided defendant with scanned images of the specific documents he identified and deemed significant.  Furthermore, the government will be providing additional discovery in the near future.  This additional discovery will include CD-ROM diskettes containing the scanned images of all documents the government has obtained in connection with this case and an index the government had prepared for its own use in order to track what is on each disc.  These documents are categorized (i.e., the government's bates index indicates form where the document was obtained hence, how it likely intends to use the document at trial) and such identification will provide defendant with ample information to allow him to prepare a defense. It is a simple matter for defendant to have the images on each CD-ROM printed onto paper which will result in a stack of documents with a numbering system that relates to the index the government provided.  Moreover, the government has met and discussed this case with defense counsel on

16

several occasions.  Finally, although not required to do so by statute, the government has offered to

provide witness interviews and Jencks Act material at least two weeks prior to trial.

        As stated above, defendant will be provided with an index which sets forth the origin of the

documents that are in his possession as well as a speaking indictment to guide his review of them.

The government has no duty to identify documents in support of each count of the indictment or turn

over trial notebooks to defense and defendant has cited no authority saying it does.[3]  In short, the

government has timely complied and will continue to comply with the statutory requirements of

Rule 16.

        Given the significant amount of information that has already been shared with counsel,

defendant cannot show his entitlement to a bill of particulars.  See, e.g., Butler, 822 F.2d at 1193

(where the indictment is sufficiently specific or if the requested information is available in some

other form, a bill of particulars is not required); Glecier, 923 F.2d at 502 (demand for a bill of

particulars was denied where indictment and government's pretrial disclosures provided defendants

with sufficient information concerning the charges against them); United States v. Marrero, 904 F.2d

251, 258 (5th Cir.) ("when the information requested is provided in some other form, no bill of

particulars is required"), cert. denied, 498 U.S. 1000 (1990); United States v. Cisneros, 26 F. Supp.

---

        [3] Defendant's Bill of Particulars is no more than a request for the government to produce
discovery and documents in specific categories set forth in his motion for a Bill of Particulars.
This exact technique was rejected by the late Judge Harold H. Greene in the United States v.
Poindexter, 727 F. Supp. 1470 (D.D.C. 1989).  In Poindexter, the court noted that the demand for
identification of each document "according to the specific request to which it is responsive would
be extremely and unnecessarily burdensome . . . [and that] the burden would be compounded by
the fact that many of the categories are overlapping . . . [the] proposed identification scheme
would require the government to produce the same document many times in accordance with
each request or to attempt to mark it with each of the different categories to which it is
responsive."  Id. at 1485.

2d 24, 55-56 (D.D.C. 1998) ("Where a defendant has enough information to understand the charges alleged in the indictment against him and to conduct his own investigation of those charges, the government should not be required to prepare a bill of particulars").

Indeed, the government also has no duty to divulge the precise manner in which the crimes alleged in the indictment were committed,[4] the theory of its case,[5] or the "when, where and how" of matters not charged in the indictment.[6]    In short, the Court should deny the instant motion for bill of particulars since its requests "go to the Government's proof rather than to a clarification of the indictment." United States v. Smith, 341 F. Supp. 687, 690 (N.D. Ga. 1972).  Given the sufficiency of the detailed indictment and the government's significant voluntary disclosure of information to defendant, his motion for a bill of particulars should be denied.  United States v. Panza, 750 F.2d 1141,  (Cir. 2nd 1984) (defendants charged with mail fraud in connection with scheme to defraud insurers were not entitled to bill of particulars, where elements of mail fraud scheme were described in detail in indictment, where each mail fraud count in indictment spelled out conduct of defendants in furtherance of scheme, where each defendant was furnished by way of discovery insurance files mentioned in indictment and additional pertinent documents, and where prosecutor met with defense counsel shortly after filing of indictment to explain government's contentions regarding basis of

---

[4] United States v. Andrews, 381 F.2d 377, 377-78 (2d Cir. 1967); United States v. Leonelli, 428 F. Supp. 880, 882 (S.D.N.Y. 1977).

[5] United States v. Buckner, 610 F.2d 570, 574 (9th Cir. 1979).

[6] United States v. Armocida, 515 F.2d at 54; see also United States v. Poe, 81 F.3d 152 (4th Cir. 1996) (no abuse of discretion in denying a bill of particulars to provide the exact time of day and the precise location that the offense occurred); United States v. Biaggi, 675 F. Supp. 790, 809 (S.D.N.Y. 1987) (defendants not entitled to bill of particulars in which the government would, among other things, specifically state each alleged date, time, person present, place, and nature of conversation concerning the crime).

alleged frauds and offered to provide defendants with copies of all relevant documents).

## II.  <u>CONCLUSION</u>

For the reasons set forth above, the government respectfully requests that the Court deny

defendant's motions.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar No. 498610


/ s /

_____
Ronald W.  Sharpe
D.C.  Bar No. 434575
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-9460
ronald.sharpe@usdoj.gov

19

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-149 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **FARZAD DARUI,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

_____

## ORDER

After consideration of defendant's motions for a bill of particulars (Dkt. No. 19), and to dismiss counts one through five of the indictment (Dkt. No. 20), the government's omnibus opposition thereto, and the entire record herein, it is this _____ day of _____, 2007, hereby,

ORDERED, that defendant's motions for a bill of particulars (Dkt. No. 19), and to dismiss counts one through five of the indictment (Dkt. No. 20) are hereby DENIED.


_____          _____
DATE                                                        ROYCE C. LAMBERTH
                                                                  U.S. DISTRICT COURT JUDGE