UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00149-RCL |
| ) | |
| FARZAD DARUI, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FARZAD DARUI'S REPLY BRIEF
IN SUPPORT OF MOTION FOR A BILL OF PARTICULARS**

Defendant Farzad Darui, by counsel, offers the following reply to the government's opposition to his motion for a bill of particulars.

PRELIMINARY STATEMENT

In its opposition to defendant's request for a bill of particulars in this curious and wide-ranging fraud prosecution, the government offers the Court the following false premise: if it would not be an abuse of discretion to deny a bill of particulars, the request should automatically be denied.

Instead, Farzad Darui asks the Court to focus on the following question: is it fair to a man faced with loss of liberty to have his counsel (and their experts) blindly guess at which of the "thousands of pages of documents" or "hundreds of pages of banking documents" constitute the checks he is accused of altering, when the government, to avoid surprise at trial and a possible request for recess for an expert analysis, can simply identify the documents at issue in a bill of particulars? The question answers itself. Surely, at this point in its year-long investigation, it should be easy for the government to do so. To confound further this case is the crucial lack of evidence by the government: there are no original cancelled checks and the

sample copies provided by the government appear exactly the same, but for the payees.[1] [App. A].

1. *A document dump is no substitute for a bill of particulars.*

"'Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided, and the Court should grant such motions when 'necessary to prevent unfair surprise at trial.'" *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) (quoting *United States v. Espy*, 989 F. Supp. 17, 34 (D.D.C. 1997), *aff'd in part and rev'd in part on other grounds*, 145 F.3d 1369 (D.C. Cir. 1998)); accord *United States v. Hsia*, 24 F. Supp. 2d 14, 30 (D.D.C. 1998). A bill of particulars is warranted when the requested information is necessary to allow a defendant to understand the charges against him, to prepare a defense, and to protect against retrial on the same charges. *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).

After at least a year of investigation, the government presumably knows which checks it contends were altered. As a matter of fairness, it should be required to put that information in writing. *See, e.g., United States v. Sampson*, 448 F.Supp.2d 692 (E.D. Va. 2006) (requiring government in perjury prosecution to identify in bill of particulars "which specific documents were fraudulent, and what was allegedly fraudulent about the documents at issue") (citing *United States v. Bortnovsky*, 820 F.2d 572, 575 (2d Cir. 1987) (reversing mail fraud, RICO, and conspiracy convictions for failing to require bill of particulars where "[g]overnment did not fulfill its obligation merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified"). *See also Trie*, 21 F. Supp. 2d

---

[1] Darui contends any check he cashed was originally made out to Blue Line or Zaal and that any other check with the same amount, number, and date—but different payee—is the result of alteration by Khouj or the Saudi Embassy. It appears that copies of these bogus altered checks were provided by the Saudi Embassy in a form different from how Darui prepared finance information for Khouj to provide the Embassy.

at 21 (rejecting open file discovery as a substitute for adequate particulars: "Not only does [such a] position presume that the defendant knows what the government alleges that he did and with whom he dealt and therefore has all the information he needs, a premise inconsistent with the presumption of innocence, but it smacks of gamesmanship."); *United States v. DeGroote*, 122 F.R.D. 131, 143 (W.D.N.Y. 1988) (stating that "[w]hile the practice of voluntary discovery is to be encouraged . . . it may not substitute for straightforward identification in a bill of essential matters that the defendant needs to avoid surprise at trial, to interpose a plea of double jeopardy, and to know 'with sufficient particularity the nature of the charges against him.'") (citation omitted).

Indeed, Federal Rule of Criminal Procedure 7(f) was amended in 1966, by eliminating a required showing of cause for a bill, an amendment "designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Fed. R. Crim. P. 7, Notes of Advisory Committee on 1966 Amendments. In the view of at least one court, the amendment has contributed to "a desirable decline in the 'sporting theory' of criminal justice." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971).

Moreover, "[s]ince [a] defendant is presumed innocent . . . it cannot be assumed that he knows the particulars sought . . . ." *United States v. Tucker*, 262 F. Supp. 305, 307 (S.D.N.Y. 1966). And doubts as to whether a bill should issue should be resolved in favor of a defendant. *See United States v. Rogers*, 617 F. Supp. 1024, 1027-28 (D. Colo. 1985) (stating that "[i]f the competing interests of the defense and the government are closely balanced, the interests of the defendant in disclosure must prevail"); *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971) ("In the grey areas, the doubt must be resolved in favor of disclosure and the conflicting

concerns must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense.").

In *Trie*, the Court rejected the government's claim that the defendant could determine for himself the requested information, stating that a defendant "should not have to waste precious pre-trial preparation time guessing which statements he has to defend against or which contributors may be witnesses against him at trial when the government knows precisely the statements on which it intends to rely and can easily provide the information." *Trie*, 21 F. Supp. 2d at 21.

Darui merely requests a reasonable foundation for mounting a defense. Nothing spectacular or even vaguely acrobatic. Indeed, the homework for providing a bill is presumably already done. The Islamic Center initially hired Williams & Connolly, one of the premier litigation firms in the world, to file suit against Darui based on the conclusions of its forensic accountant. And the government appears to have coordinated with Williams & Connolly on this matter. One suspects that Williams & Connolly has shared its conclusions with the government. At this point, a detailed listing of the specific checks at issue is not too much to request. At the very least, it would be a sound exercise of the Court's discretion.

## CONCLUSION

Darui seeks a fighting chance to clear his name. Nothing more, nothing less. Accordingly, his request for a bill of particulars should be granted.

FARZAD DARUI

By: /s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant


By: /s/ Aaron S. Book
Aaron S. Book (DC Bar # 490815)
Steven T. Webster (admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
Counsel for Defendant

<u>CERTIFICATE OF SERVICE</u>

  I certify that on September 4, 2007, a true copy of the foregoing was served electronically on the following:

Ronald Wesley Sharpe
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, D.C. 20530

<u>/s/ Victoria Toensing</u>
Victoria Toensing

# APPENDIX A

**Travelers Property Casualty**
A Member of Travelers Group

MPENSATION
ID
BILITY POLICY

QUOTE PROFILE
-01 )

POLI   1)   0.   C
             0.   ◊
             3,089.00  +
        2)   3,967.00  +
        3)   3,967.00  +       11347-DC
             11,023.00 *

INSURER: THE TRAVELERS INDEMNITY COMPANY
INSURED'S NAME: ISLAMIC CENTER (THE)
EXP. MOD. EFFECTIVE DATE: 10-01-01

| CLASSIFICATION | CODE | PRE E ...ATED TOTAL ANNUAL REMUNERATION | RATES PER $100 OF REMUNERATION | ESTIMATED ANNUAL PREMIUM |
|---|---|---|---|---|

LOCATION 001 01

FEIN 530205928 ENTITY CD 001
STATE UNEMPLOYMENT IDENTIFIER:
ISLAMIC CENTER (THE)

2551 MASS AVENUE, NW
WASHINGTON, DC 20008

SCHOOL: PROFESSIONAL EMPLOYEES

---

DR. ABDULLAH M. KHOUJ     (06-94)
SPECIAL FOR ISLAMIC CENTER
2551 MASS. AVE. N.W.
WASHINGTON, DC 20008

77217
15-120/540 DC
0855

DATE  AUGUST 15, 2001

PAY TO THE ORDER OF  TRAVELER     $ 3089.00

THREE THOUSAND EIGHTY NINE AND NO/100 DOLLARS _____ DOLLARS

WHEN HELD TO LIGHT, IF CIRCULAR WATERMARKS ARE NOT PRESENT, DO NOT CASH. SEE BACK FOR ADDITIONAL SECURITY FEATURES.

**Bank of America**
ACH R/T 054001204
                                                         Private Bank

FOR TKT-6SKUB

⑆077217⑆ ⑈054001204⑈ 00201072272 6⑈

---

TOTAL PREMIUM SUBJECT TO EXPERIENCE MODIFICATION  $    11023

```
Amount:        $3,089.00                 Sequence Number:   3110700925
Account:       2010722726                Capture Date:      08/20/2001
Bank Number:   05400120                  Check Number:      77217
```

DR. ABDULLAH M. KHOUJ     06-94                                              77217
SPECIAL FOR ISLAMIC CENTER                                                   15-120/540 DC
2551 MASS. AVE. N.W.                                                         0855
WASHINGTON, DC 20008

DATE AUGUST 15, 2001

PAY TO THE
ORDER OF ___ BLT TRAVEL SERVICE CORPORATION ___    $ 3089.00

THREE THOUSAND EIGHTY NINE AND NO/100 DOLLARS ___ DOLLARS

Bank of America.                                           Private Bank
ACH R/T 054001204

For TKT-6SKUB

⑈077217⑈ ⑆054001204⑆ 002010722726⑈          ⑆0000308900⑆

FOR DEPOSIT ONLY

Confidential Pursuant to Fed.R.Crim.P. 6(e)                BOA -01699

USBOA2726-01451