UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>v.                                    )  Crim. No. 1:07-cr-00149-RCL<br>)<br>FARZAD DARUI,              )<br>)<br>Defendant.                  ) | |

**DEFENDANT FARZAD DARUI'S MOTION IN LIMINE REGARDING EVIDENCE OF CHECKS WHERE MAILS NOT ALLEGED TO FURTHER DESCRIBED SCHEME**

Defendant Farzad Darui, by counsel, moves this Court for an order directing the government not to seek to admit evidence of allegedly fraudulent checks if the mails were not used in furtherance of the fraud. The grounds for this motion follow:

**FACTUAL BASIS**

Mr. Darui has been indicted on five counts of mail fraud.[1] The indictment alleges that Mr. Darui engaged in this alleged criminal activity "from at least October 2000, to in or about January 2006." *Id.*, ¶ 11. The scheme alleged is that Darui "obtained numerous checks from The Islamic Center of Washington, D.C., by developing a scheme by which he would write and issue, or cause to be written, signed and issued, or falsely altered checks written on the Center's various bank accounts or checks belonging to the Center which he used for his personal enrichment." *Id.*, ¶ 12.

According to the indictment, "[i]n approximately February 2002, the mailing information for the Islamic Center Special Account was changed from the Center to a United States Post Office box in Washington, D.C." *Id.*, ¶ 19 (Emphasis added). There is no allegation in the indictment that the mailing information for the Islamic Center's five accounts was changed.

---

[1] Indictment, Counts One through Five.

**LEGAL ARGUMENT**

*The mailings described in Counts One through Five are only from the "Special Account," not the other accounts.  Therefore, the only check evidence admissible for mail fraud must be related to the Special Account.*

Use of the mails to further a scheme to defraud is an element of mail fraud.  *Parr v. United States*, 363 U.S. 370, 390 (1960) (holding that only if the mailings were "a part of the execution of the fraud" or were "incident to an essential part of the scheme" do they fall within the proscriptions of the federal mail fraud statute) (internal quotation omitted).  Although the mailings need not be an *essential part* of the scheme to qualify, they must be "*incident* to an essential part of the scheme."  *Schmuck v. United States*, 489 U.S. 705, 710-11 (1989) (citation omitted) (emphasis added).

The government claims that Darui surreptitiously rented a Post Office Box to conceal his activities.  However, the government alleges that Darui caused Bank of America to mail monthly account statements for *only* the "Special Account."[2]  ¶ 19-22, 24.  *A fortiori*, use of a Post Office Box could further *only* a scheme to defraud as to the "Special Account" and none other.  Such mailings have nothing to do with an alleged scheme to steal from any other accounts, or to convert and forge "checks payable to employees or contractors of the Center."  ¶ 17.  The indictment concedes as much:

> ¶19:  "In approximately February 2002, the mailing information *for the Islamic Center special account* was changed."
>
> ¶21:  "It was further part of the scheme and artifice that to conceal his diversion of *the Center's funds withdrawn from the Islamic Center special account*."
>
> ¶22:  "It was further part of the scheme and artifice that to conceal his diversion of *the Center's funds withdrawn from the Islamic Center special account* ."
>
> ¶24:  "On or about each of the approximate dates listed below, in the District of Columbia and elsewhere, defendant FARZAD DARUI, *for the purpose of executing the above-described scheme* and artifice and attempting to do so,

---

[2] Darui refutes this allegation but argues that even if true, there is no allegation any other account was changed.

      knowingly caused the following items to be delivered by mail by the United States Postal Service according to the directions thereon."

(Emphasis added).

      On the face of the indictment, the mailings at issue could only have furthered a scheme to defraud whoever is the owner of the "Special Account." Therefore, mailings as to any other account could not have been "a part of the execution of the fraud" or "incident to an essential part of the scheme." The Court should prohibit the government from using evidence from any account other than the Special Account, the only account where the Post Office Box is alleged to have been used to further a scheme.

      WHEREFORE, Defendant Farzad Darui moves this Court to grant the Motion in Limine.

FARZAD DARUI

By: /s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant


By: /s/ Aaron S. Book
Aaron S. Book (DC Bar # 490815)
Steven T. Webster (admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
Counsel for Defendant

CERTIFICATE OF SERVICE

    I certify that on December 20, 2007, a true copy of the foregoing was served electronically on the following:

                                    Ronald Wesley Sharpe
                                    U.S. ATTORNEY'S OFFICE
                                    555 Fourth Street, NW
                                    Washington, DC 20530


                                    /s/ Victoria Toensing
                                  Victoria Toensing

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) Crim. No. 1:07-cr-00149-RCL |
| | ) |
| FARZAD DARUI, | ) |
| | ) |
| Defendant. | ) |

**ORDER RE:**
**DEFENDANT FARZAD DARUI'S MOTION**
**IN LIMINE REGARDING EVIDENCE OF CHECKS WHERE**
**MAILS NOT ALLEGED TO FURTHER DESCRIBED SCHEME**

THIS CAUSE came to be heard on Defendant's Motion In Limine and

Defendant's Memorandum of Law in Support thereof, and good cause having been

shown, it is this _____ day of _____ 2007, hereby

**ORDERED** that defendant Darui's Motion is granted; and it is further

**ORDERED**, that the government not seek to admit evidence of allegedly fraudulent checks if the mails were not used in furtherance of the fraud.

_____
Royce C. Lamberth, U.S. District Judge

WE ASK FOR THIS:

By: /s/ Victoria Toensing

Victoria Toensing  (DC Bar # 304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)

By: /s/ Aaron S. Book

Aaron S. Book  (DC Bar # 490815)
Steven T. Webster (to be admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)

CERTIFICATE OF SERVICE

I certify that on December 20, 2007, a true copy of the foregoing was served electronically on the following:

Ronald Wesley Sharpe
U.S. ATTORNEY'S OFFICE
555 Fourth Street, NW
Washington, DC 20530

/s/ Victoria Toensing
Victoria Toensing