UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Crim. No. 1:07-cr-00149-RCL |
| | ) | |
| FARZAD DARUI, | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT FARZAD DARUI'S MOTION FOR A CONTINUANCE

Defendant Farzad Darui, by counsel, moves this Court for a continuance of trial for at least 60 days to dates convenient to the Court.  The grounds for this motion are as follows:

1.     Mr. Darui has been indicted on five counts of mail fraud, (*see* Indictment, Counts One through Five), one count of interstate transportation of stolen property, (*see id.*, Count Six), and one count of theft in the first degree in violation of D.C. Code § 3211(b)(2), (*see id.*, Count Seven).  The indictment alleges that Mr. Darui engaged in this alleged criminal activity "from at least October 2000, to in or about January 2006," approximately a six year period.  *See id.*, ¶ 11.

2.     Mr. Darui was initially arrested in Virginia on October 13, 2006, on a warrant issued pursuant to a criminal complaint.

3.     The prior day, October 12, 2006, the government executed search warrants at Darui's home and at his businesses, seizing computers and over 120,000 pages of documents.

4.     An indictment was returned on or about June 8, 2007.

5.     As a follow-up to various conversations with the government, defense counsel issued a formal detailed discovery request on July 13, 2007.  The request included materials discoverable under Rule 16 and also requested notice pursuant to Rule 12(b)(4)(B) of the government's intent to use evidence that may be subject to a motion to suppress.

## 404(b) Notice Was Late and Cursory

6.    The request also sought the following: "Any and all evidence you may offer under FRE 404(b).  Once again, early, detailed notice is necessary to have time to review such evidence, assess its significance, and prepare motions and briefs to exclude such evidence within any deadlines that the Court may set."  The government's notice of 404(b) evidence was ultimately provided on December 17, 2007, over five months later, less than a month before trial, and three days before the deadline for filing motions in limine.  The notice provided little useful detail.  On December 19, 2007, the government agreed to provide more detail, but to date has not done so.

## Inexcusable 14-Month Delay Providing Search Documents and Defendant's Statement

7.    In mid-October, 2007, the government provided, in Disc 7, discovery in electronic format containing approximately 95,000 documents, which defense counsel provided to a vendor to be formatted.  However, on December 18, 2007, at the close of business, the government provided a new Disc, labeled 7-R, containing approximately 120,000 documents, which were intermingled such that the entire disc had to be re-formatted.  To date, the re-formatting is not complete and the vendor estimates the earliest completion to be Friday, January 4, 2008.  These documents were seized over 14 months ago.

8.    Also provided on December 17, less than one month before trial, was Disc 9 containing approximately 5,000 pages of new documents in electronic format.

9.    The government also provided during the week of December 17 a statement made by Darui on October 12, 2006, to one of the FBI agents executing the search warrants.  This discovery came less than one month before trial and over 14 months after the statement was made.

**Approximately 500 Pages of *Jencks* Material Was Provided On December 27, 2007**

10.     On July 13, 2007, as a follow-up to various conversations with the government, defense counsel issued a formal detailed discovery request.  The letter included a request for *Jencks* materials:

> Regarding Jencks, we request such materials be produced with other discovery for two reasons.  First, given the complexity of the case and the voluminous documents, early disclosure would eliminate disputes and delays associated with later disclosure, which I am certain the Court will appreciate.  Second, this is clearly not a situation where witness safety is a concern to the government.

The government instead waited until this week to produce *Jencks* and only then because the defense agreed to certain evidentiary stipulations.

**Inexcusably Late Disclosure of *Brady* Material**

11.     Further, due process requires that the government disclose evidence favorable to the accused.  *United States v. Agurs,* 427 U.S. 97 (1976); *Brady v. Maryland,* 373 U.S. 83 (1963).  This constitutional requirement of candor encompasses information that bears upon the credibility of witnesses, i.e., evidence of impeachment.  *See e.g., U.S. v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio v. United States*, 405 U.S. 150 (1972); *Napue v. Illinois*, 360 U.S. 264 (1972); *United States v. Five Persons*, 472 F. Supp. 64, 67 (D.N.J. 1979) ("[A]side from outright exculpatory items, it is difficult to imagine information more material to the preparation of the defense than credibility items for critical or major government witnesses.").  As stated by the Supreme Court in *Napue*:

> The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend.

360 U.S. at 269.

Further, disclosure of Brady material "must be made at such time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case . . . ."  *U.S.*

*v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976).  A heightened importance of early disclosure is attached to information that will require defense investigation or more extensive defense preparation.  *See U.S. v. Starusko*, 729 F.2d 256, 261 (3d Cir. 1984).  Moreover, ABA Standards unambiguously call for early disclosure.  *See Standards for Criminal Justice*, 11-2.1(), 11-2.2(A) (2d Ed. 1980) (disclosure of Brady material "as soon as practicable following the filing of charges"); *Standards for Criminal Justice*, 3-3.11(A) (2d ed. 1980) (disclosure at "earliest feasible opportunity").  Thus, the clear weight of authority urges the earliest disclosure of material by the government.  Unfortunately, that has not happened in this case despite a direct request.

In the July 13, 2007 letter, Darui's counsel also specifically requested the following:

> Concerning *Brady* and *Giglio*, we request such materials be produced immediately in order that we may adequately investigate the issues and prepare for trial, without regard to whether such materials might also constitute Jencks. *See Safavian*, 233 F.R.D. at 16 (stating that "Brady always trumps both Jencks and Rule 16") (listing cases); *United States v. Hsia*, 24 F.Supp.2d 14, 29 (1998). If you disagree with this request for immediate disclosure, please advise me as soon as possible so we may present the issue to the Court.

Despite this direct request, the government produced on Thursday, December 27, the *Jencks* materials described above *that include previously undisclosed exculpatory evidence consistent with Darui's defense*.  Thus, in addition to all of the other tasks that the government has belatedly put on Darui's to-do list, Darui's counsel must now evaluate and investigate this *Brady* material, which is central to his defense.

12.     For example, the government disclosed statements made by Khouj that the Special Account was opened as an "individual account under his own name" as well as statements from a Bank of America representative confirming that the Special Account was an "individual account."  This is directly contrary to the government's proffer at the hearing on the

-4-

Motion to Dismiss that Khouj would testify that the Special Account was a business account owned by the Center, not him.

13.     Under the circumstances, Darui should be given additional time to investigate, research, and prepare for trial.

14.     A trial judge has broad discretion in ruling on a motion for a continuance.  *United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990).  In making this decision, a trial judge may consider a number of factors.  *United States v. Burton*, 584 F.2d 485, 490-91 (D.C. Cir. 1978). These include

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.

*Id.*

15.     In light of the complexity of the charges against Darui, the large amount of evidence recently turned over to defense by the government and the technological constraints the defense bears in sorting through this evidence (not to mention the *Brady* issues), the need for a continuance is strong.  This need is not counterbalanced by any inconvenience to the court, potential witnesses or the government.

16.     A proposed order has been filed with this motion.

WHEREFORE, Defendant Farzad Darui moves this Court to grant the relief requested.

FARZAD DARUI

By: /s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant

By: /s/ Aaron S. Book
Aaron S. Book (DC Bar # 490815)
Steven T. Webster (admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
Counsel for Defendant

-6-

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on December 28, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald Sharpe, Esq.
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

<div style="margin-left: 50%;">

/s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant

</div>

-7-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Crim. No. 1:07-cr-00149-RCL |
| | ) | |
| FARZAD DARUI, | ) | |
| | ) | |
| Defendant. | ) | |


**ORDER RE:**
**DEFENDANT FARZAD DARUI'S MOTION FOR A CONTINUANCE**


THIS CAUSE came to be heard on Defendant's Motion For A Continuance and

Defendant's Memorandum of Law in Support thereof, and good cause having been

shown, it is this _____ day of _____ 200_, hereby


**ORDERED** that defendant Darui's Motion is granted and his trial is continued until

_____.


_____
Royce C. Lamberth, U.S. District Judge

WE ASK FOR THIS:


By:_____/s/ Victoria Toensing_____

     Victoria Toensing  (DC Bar # 304980)
     Joseph diGenova
     Brady Toensing
     diGENOVA & TOENSING, LLP
     1776 K Street, N.W., Suite 737
     Washington, D.C. 20006
     (202) 289-7701
     (202) 289-7706 (fax)




By:_____/s/ Aaron S. Book_____

     Aaron S. Book  (DC Bar # 490815)
     Steven T. Webster (to be admitted *pro hac vice*)
     WEBSTER BOOK LLP
     1 North King Street
     Leesburg, Virginia 20176
     703-779-8229
     703-991-9178 (fax)


## CERTIFICATE OF SERVICE

     I certify that on December 28, 2007, a true copy of the foregoing was served electronically on the following:

     Ronald Wesley Sharpe
     U.S. ATTORNEY'S OFFICE
     555 Fourth Street, NW
     Washington, DC 20530


     _/s/ Victoria Toensing_____
     Victoria Toensing