UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 07-149 (RCL) |
| | : | |
| **FARZAD DARUI** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

GOVERNMENT'S RESPONSE TO DEFENDANT
FARZAD DARUI'S MOTION FOR A CONTINUANCE

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby responds to defendant Farzad Darui's motion to continue the trial date. As discussed below, the government defers to the Court but requests that if the Court is inclined to grant the defendant's motion, it do so as soon as possible so as to reduce government overtime costs, witness costs and inconvenience to the parties.

1. On December 28, 2007, the defendant filed its motion for a continuance of the January trial date and requested at least 60 days as convenient to the Court. As discussed herein, the government disputes a number of the claims made by the defendant in his motion and maintains its position that it will be ready for trial on January 14, 2008. However, the government defers to the Court on the issue of whether to continue the trial because of the problems the defendant has encountered in reviewing the electronic discovery.

I.   The Government's 404(b) Notice, Jencks Production
     and Alleged Brady Production are No Bases to Continue the Trial

2. Contrary to the defendant's contentions, the government's notice of 404(b) evidence was neither late nor cursory. Notice of 404(b) evidence was provided to the defense on December 17, 2007, more than three weeks before trial and, referred to information that had

already been provided in discovery. The government has also provided more detail of 404(b) and direct evidence in a letter to defense dated December 30, 2007 (see Attachment 1). This notice, more than two weeks in advance of trial, does not require any significant investigation by the defendant and does not prejudice him.

    3. Similarly, the government's <u>early</u> production of <u>Jencks</u> materials on December 27, 2007, is no basis for a continuance. The defendant had no right to expect pretrial production of Jencks materials under Rule 26.2, and it should only assist the defendant's trial preparations.

    4. Importantly, the government has not violated its <u>Brady</u> obligations. In its motion to continue, the defendant claims that the government's December 27th, <u>Jencks</u> production contained 'previously undisclosed exculpatory evidence consistent with the defendant's defense.' Standing alone, there is nothing exculpatory about the statements identified by the defense, as it has never been disputed that the funds held in the Special Account at the Bank of America were in an account in the name and social security number of the Director of the Islamic Center, Dr. Khouj. Even assuming, <u>arguendo</u>, that somehow these statements could be considered <u>Brady</u> materials, it has been timely produced to the defendant.

    II.    <u>The Government Defers to the Court on Other Matters</u>

    5. The government concedes that a number of documents were produced to the defendant prior to the last hearing (since that date, minor additional discovery has also been provided to the defendant). Insofar as the defendant needs additional time to examine these materials, the government defers to the Court. However, the government notes that the vast majority of

the discovery was previously made available and examined by members of the defense team on several occasions.

                                      Respectfully submitted,

                                      JEFFREY A. TAYLOR
                                      UNITED STATES ATTORNEY

By:                /s/_____
      Tejpal S. Chawla, D.C. Bar No. 464012
      Ronald W. Sharpe, D.C. Bar. No. 434575
      Assistant United States Attorneys
      555 4th Street, NW
      Room 5233
      Washington, D.C. 20530
      (202) 353-2442 (Chawla)
      (202) 353-9460 (Sharpe)

ATTACHMENT 1



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D C. 20530*

December 29, 2007

**VIA FACSIMILE AND US MAIL**

Victoria Toensing
diGenova & Toensing, L.L.P.
1776 K Street, N.W.
Suite 737
Washington, D.C. 20006

Aaron S. Book
Steven T. Webster
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176

Re:  United States v. Farzad Darui, Cr. No. 07-149 (RCL)

Dear Counsel:

**FRE 404(b) Evidence:**  In our letter to you dated December 17, 2007, the government provided notice that it may seek to introduce materials and information in its case-in-chief or in rebuttal pursuant to F.R.E. 404(b).  During a December 19th telephone conference with your co-counsel, Aaron S. Book and Steven T. Webster, the government agreed to provide additional detail regarding these 404(b) matters which it has listed below:

**Item 1**     The altered checks including copies of checks the defense provided to the government during a meeting at the United States Attorney's on January 25, 2007. These checks appear to indicate unauthorized transfers of funds between Islamic Center accounts.

These checks include the following Islamic Center Special Account checks which were provided to the defense as early as November 2006:

| Check # | Dated | Amount | Original Payee | Altered Payee |
|---|---|---|---|---|
| 77122 | June 30, 2001 | $789.00 | CB Lucas Co. | The Islamic Center Bookstore |
| 78901 | January 31, 2004 | $2500.00 | CNA | The Islamic Center Administrative Acct. |
| 79226 | August 31, 2004 | $4876.52 | Pepco | The Islamic Center Charity Account |
| 79299 | October 15, 2004 | $2394.00 | Web Graphics | The Islamic Center Charity Account |
| 79328 | October 31, 2004 | $1383.34 | Pepco | The Islamic Center Charity Account |
| 79329 | October 31, 2004 | $3048.71 | Washington Gas | The Islamic Center Charity Account |
| 79348 | November 15, 2004 | $893.00 | S. Freedman & Sons, Inc. | The Islamic Center Administrative Acct. |

The government may present these checks at trial to demonstrate one of the methods employed by defendant to perpetuate the fraudulent scheme to obtain money from the Islamic Center.

**Item 2**  Testimony that defendant removed bags of shredded documents from his office prior to leaving the country in August 2006.

The government may present testimony at trial that in August 2006, the defendant ordered an Islamic Center employee to remove an excessive amount of shredded documents from his former office located at the Islamic Center. The government understands that the amount of shredded documents removed by defendant in question was four bags which was significantly greater that the amount of shredded material he normally produced.

**Item 3**  Checks and other materials evidencing the substitution of entity names in the payee line of altered checks that were not derivatives of Blue Line Travel, Inc., and Zaal, Inc. These other entity names are mentioned in several of the affidavits in support of various search warrants. Copies of these affidavits were provided to you under cover of our letter dated June 28, 2007.

As you are aware, the government intends to introduce checks that have been altered allegedly by your client. The affidavits that were provided to you in June 2007, made it clear that Blue Line Travel, Inc., Zaal, Inc., and derivatives of these entity names were not the only names of payees allegedly substituted by your client on the altered checks. Each of the affidavits provides a list of the various entity names used on the altered checks defined as the "Zaal entities" and the "Blue Line entities." For your convenience, we have repeated each below:

"Zaal entities"

(1) Zaal Corporation; (2) Zaal Incorporated; (3) Zaal Management Corporation; (4) Zaal Management Incorporated; (5) Zaal Property Management, Inc. (6) Zaal Service Inc.; (7) Zaal, Inc.; (8) Zaal Inc. Management Incorporated; and, (9) Zaal, Incorporated.

"Blue Line entities"

(1) B.L.T. Incorporated; (2) B.L.T. LLC.; (3) B.L.T. Service Corporation; (4) B.L.T. Services Corporation; (5) B.L.T. Services, Inc.; (6) BLT Co. Inc.; (7) BLT Corporation; (8) BLT Inc.; (9) BLT Incorporated; (10) BLT Service, L.L.C.; (11) BLT Services Corporation; (12) BLT Travel Service Corporation; (13) BLT Travel Services, Inc.; (14) BLT, Inc.; (15) Blue Line Inc.; (16) Blue Line Incorporated; (17) Blue Line Services, Inc.; (18) Blue Line Travel; (19) Blue Line Travel Corporation; (20) Blue Line Travel Inc.; (21) Blue Line Travel Incorporated; (22) Blue Line Travel Services; (23) Blue Line Travel, Inc.; (24) Blue Line Travel, Incorporated; (25) Travel Service Inc.; (26) Travel Services Corporation; (27) Travel Services Incorporated; and (28) Washington Travel Service.

Other Evidence:

In addition, the government is providing notice of matters that the government may seek to introduce in its case-in-chief or in rebuttal. The government is providing this notice to be conservative as we believe most of this evidence is direct and probative evidence of the charged conduct (and thus, outside the parameters of FRE 404(b)). In addition, we believe you are already aware of this conduct based upon the allegations in the indictment, prior discovery and discussions with counsel.

A) This evidence includes proof that defendant destroyed, falsely altered, mutilated, concealed, covered up, falsified and/or made a false entry in Islamic Center records, documents or other tangible object with the intent to impede, obstruct or influence the investigation or proper administration of official Islamic Center business. Evidence of the defendant's conduct includes the following:

    (1) the defendant's destruction or removal of original, negotiated Special Account checks returned from the Bank of America to the Islamic Center;

    (2)    the defendant's theft and removal of Islamic Center files from the premises of the Islamic Center without authorization. These files include vendor invoices and Special Account expenditure reports that had been sent from the Islamic Center to the Saudi Arabian Embassy. The records at issue were removed from Blue Line Travel during the execution of the search warrant;

    (3)    the defendant's false statements to the Islamic Center's accountants (Ayala and Associates) as to the availability of original, returned checks of the Bank of America and the expenditures of the Islamic Center; and,

    (4)    the defendant's false statements to Dr. Khouj relating to the Islamic Center's finances and bills.

B)    The defendant handled all mail addressed to the Islamic Center, and that he opened the personal mail of Islamic Center employee(s) without authorization on at least one occasion.

    Please contact us if you have any questions or need additional information.

        Sincerely yours,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY

By:    _____
        TEJPAL S. CHAWLA
        RONALD W. SHARPE
        Assistant United States Attorneys
        (202) 353-2442 (Chawla)
        (202) 353-9460 (Sharpe)