**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 07-149 (RCL)** |
| | : | |
| v. | : | |
| | : | |
| **FARZAD DARUI** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS**

Pursuant to this Court's Order and Rule 24(a), the United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests the Court to include the following questions in its examination of prospective jurors. The Court is requested to pursue more detailed questioning if a particular juror's answer reveals that further inquiry is appropriate and, in such instance, to conclude with an inquiry as to whether the particular fact or circumstance would influence the juror in favor of or against either the Government or the defendant.

**A.    Introduction**

1. This is a criminal case. The defendant, FARZAD DARUI, has been charged with the commission of federal and local crimes in the District of Columbia in an Indictment returned by a grand jury sitting in this district. The Indictment in this case charges the defendant with engaging in a scheme to defraud a religious institution, the Islamic Center of Washington, D.C., by taking over $400,000 in checks and money from the Islamic Center and depositing them into two separate bank accounts in the names of Blue Line Travel, Inc. and Zaal, Inc., both of which were controlled by the defendant. The Indictment also alleges that the defendant owned and controlled Blue Line Travel, Inc., a travel agency, and Zaal, Inc., an investment and management services company, both of which are incorporated in the state of Virginia. The Indictment alleges that the

defendant perpetrated his scheme to defraud by forging endorsements on the checks and by altering the payee line of the checks after they were signed by the authorized signator. The Indictment charges the defendant with the substantive crimes of mail fraud, the interstate transportation of stolen property, and first degree theft. The Indictment also seeks criminal forfeiture from the defendant for the assets allegedly taken during the fraud scheme. Does any juror have any personal knowledge of the charges in the Indictment in this case?

    2. Have you read or heard about anything about this case in the media or the news that would cause you to feel that you cannot decide the fact issues of this case fairly and impartially?

    **B.**    **Nature of the Charges**

    3. During the trial you will hear evidence regarding alleged fraud against a religious institution, that being the Islamic Center of Washington, D.C. Does the fact that the alleged fraud in this case was committed against a mosque, or against a religious institution generally, make it more or less difficult for any of you to render a fair verdict?

    4. Have you, or any close friend, or members of your family, currently or previously been involved or affiliated with a church, temple or religious institution that has lost money or property due to allegations of fraud, theft, or mismanagement?

    **C.**    **Knowledge of the Trial Participants**

    5. The Government is represented by Assistant United States Attorneys Tejpal S. Chawla and Ronald W. Sharpe. The Defense is represented by Aaron S. Book, Esq., Victoria Toensing, Esq., and Stephen T. Webster, Esq. None of the attorneys are affiliated with, or members of, the Islamic Center, Blue Line Travel, Inc. or Zaal Inc. Witnesses that may be called by the government are: [***The Government will provide its list of potential witnesses to the Court before***

*trial].* Witnesses that may be called by the defense are: [***The Defense will provide its list of potential witnesses to the Court before trial].*** Do you know any of the attorneys in the case, myself [the judge], the witnesses in this case, or ever visited of conducted business with the Islamic Center of Washington, D.C., Blue Line Travel, Inc., or Zaal, Inc.?

      6.  Are you, a close friend, or members of your family employed by, or work with, any of the following entities.

          Aetna Health Insurance (based in Connecticut)
          Ayala & Associates (accountants, based in Virginia)
          Bank of America (based in North Carolina)
          BFI Waste Services (trash hauling, based in Virginia)
          CNA Insurance (based in Illinois)
          Chantilly Printing and Graphics Company (based in Virginia)
          C.B. Lucas Company (air conditioning contractor, based in Virginia)
          D.C. Water and Sewer Authority – DC WASA– (based in D.C.)
          S. Freedman & Sons, Inc. (Paper, maintenance and restaurant supplies, based in Maryland)
          Gaithersburg Cooling Company (air conditioning contractor, based in Maryland)
          George Washington University Health Plan (insurance, based in D.C.)
          ISI Security Inc. (based in Maryland)
          J.P. Flanagan Corporation (insurance brokerage, purchased by Hub International in 2001, based in Illinois)
          Loyal Restroom Services (restroom supplies, based in Virginia)
          Paul E. Pennoyer & Associates (insurance broker, based in Maryland)
          PEPCO (based in Maryland)
          RJH Air Conditioning and Refrigeration Service, Inc. (based in D.C.)
          Travelers Insurance (based in Florida)
          Washington Gas (based in D.C.)
          Web Graphics (based in Virginia)
          World Composition Services (graphics & language company, based in Virginia)

Do not respond with a yes to this question if your only interaction with any of these companies is merely as a utility subscriber to DC WASA, PEPCO, or Washington Gas.

      7. Are you, or any close friend or members of your family currently or previously associated with, or employed by, the Islamic Center of Washington, D.C., Blue Line Travel, Inc.

or Zaal, Inc.?

**D.** **Relationship with the Government**

8. Do any of you know, or have any association – professional, business, or social, direct or indirect - with any member of the staff of the United States Attorney's Office for the District of Columbia, or the Federal Bureau of Investigation?

9. Do you have any bias, prejudice or other strong feelings for or against law enforcement, the United States Attorney's Office, or the Federal Bureau of Investigation?

10. Have you, or any of members of your family, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States, any officer, department, agency, or employee of the United States, the Internal Revenue Service, the Federal Bureau of Investigation, or had any interest in any such legal action or dispute or its verdict?

11. Have you ever been a witness or a complainant in any criminal case (for the government or the defense), state or federal?

12. Have you, any close friend, or members of your family ever been the subject of any investigation or accusation by any grand jury, federal or state, or by any Congressional committee?

13. Some of the witnesses in this case will include law enforcement personnel from the Federal Bureau of Investigation. If selected as a juror in this case, you will be instructed to evaluate the testimony of an F.B.I. agent or any other law enforcement personnel in the same way you evaluate the testimony of any other witness – not giving the officer's testimony either more or less weight merely because he or she is a law enforcement officer. Would you be able to follow that instruction?

**E.     Individual Questions for Each Juror**

14. The government respectfully requests that the Court ask each juror to state or provide the parties with the following information:

    a.    the juror's occupation;

    b.    the name of the juror's employer;

    c.    the period of employment with that employer

    d.    the nature of the juror's work;

    e.    the information in (a)-(d) with respect to the juror's spouse or significant other; and

    f.    the educational background of each juror, including the highest degree obtained.

15. Have you ever held a leadership position in a religious organization?

16. Have you ever been a treasurer or accountant of a non-profit organization?

17. Have you personally been involved in a dispute related to a non-profit organization's finances?

18. Are you, or any close friend, or members of your family, currently or previously associated with any non-governmental organization that is involved in advocacy relating to Middle Eastern affairs?

19. Have you, any members of your family, or any close friends ever attended law school, taken paralegal course work, participated in a clinical program involving criminal law issues, or received any other type of legal training?

20. Have **you**, any members of **your family**, or any **close friends** ever been employed by,

5

or made any application for employment with, any local, state, or federal law enforcement or private security agency, including, but not limited to, the F.B.I., the U.S. Attorney's office, a state or local prosecutor's office, the Internal Revenue Service, the Drug Enforcement Administration, Central Intelligence Agency, National Security Agency, Department of Justice, Department of Corrections, Military Police, Bureau of Prisons, U.S. Marshall's Service, a Parole or Probation Office, or any local or state police or sheriff's department, U.S. Secret Service, Federal Protection Service, U.S. Capitol Police or the US Park Police?

21. Have **you**, any members of **your family**, or any **close friends** ever been employed by, or made any application for employment with, any organization or firm involved in criminal defense work, including, but not limited to being an attorney or paralegal in a criminal defense law firm, a Public Defender's office, a legal clinic service for criminal defendants, or a non-profit organization involving criminal law issues?

22. Are you, any of members of your family, or any close friends currently employed, or ever have been previously employed by, or involved with, any non-profit organization that advocates on criminal justice issues (including, but not limited to the Fraternal Order of Police, the American Civil Liberties Union, the Federalist Society, or Mother's Against Drunk Driving (M.A.D.D.))?

23. Have **you**, any members of **your family**, or any **close friends** ever: (a) been accused of a crime; (b) been arrested and/or convicted of a crime; (c) been a victim of crime; or (d) been a witness to crime?

**F.     General Questions for the Panel**

24. Do you use a hearing aid or have any problems or difficulty hearing?

25. A significant part of the evidence in this case will involve documents and materials that will be presented in electronic format on television screens and monitors. Do you have any problems or difficulty with your eyesight, including, but not limited to, any issues you may have with reading documents shown on an electronic monitor?

26. Do you have any difficulty reading or understanding English?

27. Some of the witnesses in this case will speaking in foreign languages and their testimony will be translated for you by the Court's interpreter. If you speak another language, you would have to accept the Court interpreter's translation of what the witnesses in this case said, even if it differed from your own understanding of the foreign language. Would you be able to follow this instruction, and pay attention to, and follow, testimony presented in this fashion?

28. One of the witnesses in this case will likely be an imam, or Islamic religious leader. If selected as a juror in this case, you will be instructed to evaluate the testimony of this individual in the same way you evaluate the testimony of any other witness – not giving the person's testimony either more or less weight merely because he or she is a religious leader. Do you feel that you could not decide fairly and impartially a case involving the testimony of an imam?

29. Are you currently taking any medication that makes you drowsy or would otherwise make it difficult for you to focus on the evidence and follow the trial?

30. Do you have any medication condition that would make it difficult for you to sit as a juror?

31. Prior to today, have you asked to be excused from this jury panel?

32. Do you have any moral, religious, or ethical beliefs that prevent you from sitting in

judgment of another person?

33. Some of the witnesses in this case will be Muslim and/or originating from countries in Africa or the Middle East, including Senegal and the Kingdom of Saudi Arabia. Will any person's race, gender, nationality or religion affect your ability to be a fair and impartial juror in this case?

34. This case may receive media attention. It is important that this case be decided solely on the evidence presented in the courtroom and not on the basis of information obtained outside the courtroom. I will be advising you periodically that you must avoid reading about the case in the newspapers or listening to any radio or television reports about the case, and that you must avoid discussing this case with friends or family during the course of the trial. Would these requirements pose any difficulty for any of you?

35. In this case, you will likely hear evidence that foreign countries, such as the Kingdom of Saudi Arabia, make charitable contributions to the Islamic Center of Washington, D.C. so that it can carry out its day to day religious and charitable operations. Would the mere fact that the a foreign country provides such monetary support affect your ability to be fair to both the government and the defendant?

## G. Function of the Court and Jury

36. The function of the jury is to decide questions of fact. As a juror, you are the sole judge of the facts and nothing the Court or the attorneys say or do may intrude in any way on your role as the exclusive fact finder. However, when it comes to the law, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your ideas of what the law is or what you may think the law should be. At the conclusion of this case, your job will be to

determine whether or not the defendant is guilty as charged in the Indictment. Do you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

37. If, during the course of jury deliberations, a fellow juror should suggest that you disregard the law or the evidence, and decide the case on other grounds, would you, as a juror, be able to reject the suggestion and abide by your oath to this Court to decide the case solely on the evidence and law as the Court has instructed you to do, without regard to sympathy, bias, or prejudice?

38. Can you accept the proposition that the question of punishment is for the Court alone to decide and that any possible punishment that the defendant may receive must not enter into your deliberations as to whether the defendant on trial here is guilty?

39. It may not be a particularly pleasant duty to find another individual guilty of committing a crime. Do you feel that even if the evidence established a defendant's guilt beyond a reasonable doubt, that you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

40. The trial in this case may last approximately two weeks, but could run longer. The jury will generally sit Monday through Friday from 9:30 a.m. to 5:00 p.m. If selected as a juror is there any other reason why you would be unable to serve?

### H. Requested Instruction following Impaneling of the Jury

41. From this point until you retire to deliberate your judgement, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. This rule about not discussing the case with others includes discussions even with members of your

family or friends. If at any time during the course of this trial, any person attempts to communicate with you, either verbally or in writing about this case, whether it be in or out of this Courthouse, you should immediately report this attempt to me. In this regard, let me explain to you that the attorneys in this case are not supposed to speak to you, even to offer a friendly greeting, and have been directed not to do so. So if you should see any of them outside this Courtroom they will, and should, ignore you. Please do not think they are trying to be rude or discourteous. They will only be acting properly by doing so.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney
        for the District of Columbia

By:        _____/s/_____
        TEJPAL S. CHAWLA
        D.C. Bar No. 464012
        RONALD W. SHARPE
        D.C. Bar No. 434575
        Assistant U.S. Attorneys
        555 4th Street, N.W.
        Washington, D.C.  20530
        (202) 353-2442 (Chawla)
        (202) 353-9460 (Sharpe)