# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | |
| **v.** | : | **Criminal No. 07-149 (RCL)** |
| | : | |
| | : | |
| **FARZAD DARUI** | : | |
| | : | |
| **Defendant** | : | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, respectfully requests that the Court give the instructions set forth herein. In

addition, the government submits a proposed verdict form for the forfeiture allegation.

Respectfully submitted,
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____/s/_____
Tejpal S. Chawla, D.C. Bar No. 464012
Ronald W. Sharpe, D.C. Bar. No. 434575
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-2442 (Chawla)
(202) 353-9460 (Sharpe)

## STANDARD JURY INSTRUCTIONS

The following instructions are drawn from the Bar Association of the District of Columbia's  Criminal Jury Instructions (4th ed. rev. 2004 (04/07 Supplement)) (The Red Book).

### Preliminary Instructions Before (or During) Trial

1.01   Instruction to Defendant on Bond at Beginning of Trial
1.02A  Preliminary Instruction When Note taking Is Permitted
1.03   Preliminary Instruction Before Trial, including elements of offenses (see below), and, if applicable, 1.02, 1.20 and 1.21
1.04   Stipulations of fact; stipulation of testimony;
1.05   Cautionary Instruction Prior to First Recess
1.07   Question Not Evidence
1.08   Expert Testimony
1.16   Cautionary Instruction on Publicity
1.10   Evaluation of Prior Inconsistent Statement of a Witness (If Applicable)
1.11   Evaluation of Prior Consistent Statement of a Witness (If Applicable)
1.12   Impeachment by Conviction of a Crime (If Applicable)
1.14   Impeachment of Defendant – Statements (If Applicable)
1.21   Preliminary Instruction Where Identity of Alternates Is Not Disclosed
1.22   A Juror's Recognition of A Witness or Other Party Connected to the Case

### General Instructions - At End of Trial

2.01   Function of Court
2.02   Function of Jury
2.03   Jury's Recollection Controls
2.04   Evidence in the Case
2.05   Statements of Counsel
2.06   Indictment not Evidence
2.07   Inadmissible and Stricken Evidence (If Applicable)
2.08   Burden of Proof – Presumption of Innocence
2.10   Direct and Circumstantial Evidence
2.11   Credibility of Witnesses
2.13   Number of Witnesses
2.14   Nature of the Charges Not to be Considered
2.27   Right of Defendant Not to Testify (If Applicable)
2.28   Defendant as Witness (If Applicable)
2.29   False or Inconsistent Statement by Defendant (If Applicable)
2.31   Effect of Refusal of Witness to Answer Proper Question (If Applicable)
2.48   Statements of the Defendant – Substantive Evidence (If Applicable)
2.49   Defendant's Statements – Corroboration (If Applicable)
2.52   Multiple Counts - Single Defendant

2

**Evaluation of Other Evidence**

2.26    Police Officer's Testimony (Law Enforcement Officer's Testimony)
2.42    Character or Reputation of Defendant (If Applicable)
2.43    Cross-examination of Character Witness (If Applicable)
2.52    Multiple Counts - One Defendant
3.02    Proof of State of Mind
3.07    "On or About" – Proof of
4.05    Willfully Causing an Act to be Done

**Closing Remarks**

2.71    Election of Foreperson
2.72    Unanimity (First Paragraph)
2.73    Exhibits During Deliberations
2.74    Possible Punishment Not Relevant
2.75    Communications Between Court and Jury During Deliberations
2.76    Furnishing the Jury With a Copy of the Instructions
2.77    Use of Verdict Forms – Special Verdict Form for Forfeiture Allegation (see instruction)

## **OTHER JURY INSTRUCTIONS**

Preliminary and General

1. Passage of time
2. Preparation of a witness
3. Summary witness testimony
4. The Government as a Party
5. Self-Authenticating Documents
6. Inferences
7. Charts and summaries
8. Declarations
9. Redactions
10. Reasonable Doubt

Substantive

11. Mail Fraud.  The Nature of the Offense Charged
12. Mail Fraud.  The Statute Defining the Offense Charged
13. Mail Fraud.  The Essential Elements of the Offense Charged
14. Mail Fraud.  First Element – Scheme or Artifice to Defraud and False or Fraudulent Pretenses – Defined
15. Mail Fraud.  Second Element – Material Fact – Defined
16. Mail Fraud.  Third Element – Intent to Defraud – Defined
17. Mail Fraud.  Fourth Element – Use of the Mails – Defined

18. Interstate Transportation of Stolen Property.  The Nature of the Offense Charged
19. Interstate Transportation of Stolen Property.  The Statute Defining the Offense Charged
20. Interstate Transportation of Stolen Property.  The Essential Elements of the Offense Charged
21. Interstate Transportation of Stolen Property.  First Element – Stolen – Defined
22. Interstate Transportation of Stolen Property.  Second Element – Value – Defined
23. Interstate Transportation of Stolen Property.  Third Element – Interstate Commerce – Defined
24. Interstate Transportation of Stolen Property.  Unanimity

25. Theft in the First Degree.
26. Theft in the First Degree.  The Nature of the Offense Charged
27. Theft in the First Degree.  The Statute Defining the Offense Charged
28. Theft in the First Degree.  The Essential Elements of the Offense Charged
29. Theft in the First Degree.  First Element – Property of Another – Defined
30. Theft in the First Degree.  Second Element – Wrongfully Obtained or Used the Property and Deprived Another of the Property – Defined
31. Theft in the First Degree.  Third Element – Value – Defined
32. Proof of State of Mind

4

33.    Proof of Value
34.    Inference from Possession of Recently Stolen Property
35.    Aiding and Abetting (If Applicable)

<u>Forfeiture</u>

36.    Forfeiture instruction number 1
37.    Forfeiture instruction number 2
38.    Forfeiture instruction number 3
39.    Forfeiture instruction number 4
40.    Forfeiture instruction number 5
41.    Forfeiture instruction number 6
42.    Forfeiture instruction number 7

43.    Proposed Special Verdict Form Regarding the Forfeiture of Assets

## **OTHER JURY INSTRUCTIONS**

### **Passage of Time**

The passage of time since the date of the offenses charged in the Indictment is of no concern to you and should not enter into or influence your deliberations in any way. The law requires you to render your verdict based only on the evidence presented in this trial.

**Preparation of Witnesses (if applicable)**

You have heard testimony about witnesses meeting with attorneys and/or investigators before they testified.  You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial and that, in fact, a prosecutor or defense attorney may have a duty to interview witnesses before trial.[1]

---

[1] *See* Seventh Circuit Pattern Criminal Jury Instruction 1.07 (1999).

## Summary Witness Testimony

The testimony of Federal Bureau of Investigation Special Agent Michael McGillicuddy, which in part summarizes the relationship of bank records and the evidence recovered as part of this investigation as well as other evidence, has been received for the sole purpose of explaining facts disclosed by records, other documents, and testimony admitted as evidence in the case. His summary testimony is not, in and of itself, proof of any facts. His summary testimony is provided only as a matter of convenience. If, and to the extent that, this summary testimony does not correctly reflect the facts shown by the evidence you have heard in this case, then you should disregard this summary testimony entirely.[2]

---

[2] *United States v. Lemire*, 720 F.2d 1327, 1348 &  n.32 (D.C. Cir. 1983).

## The Government as a Party

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality. The case is important to the defendant, who is charged with serious crimes. Equally, it is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. The fact that the prosecution is being brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.[3]

---

[3] Adapted from 1 Leonard B. Sand et al., Modern Federal Jury Instructions - Criminal Instr. 2-5 (Matthew Bender).

## **Self-Authenticating Documents**

You are advised that certain documents and records were admitted into evidence in this case without the need for a witness to testify in court concerning how they were created or maintained. Such records are called "self-authenticating." You are instructed that the authenticity of these documents has been established. The weight that you give to any such materials is a matter for the jury.[4]

---

[4] Fed. R. Evid. 902; 18 U.S.C. **§** 3505.

## Inferences

During the trial, you have heard the attorneys use the term "inference" and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact. An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or a conclusion that you the jury are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw from facts that you find to be proven, such reasonable inferences as would be justified in light of your experience. Here again, let me remind you that whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.[5]

---

[5] 1 Leonard B. Sand et al., Modern Federal Jury Instructions - Criminal Instr. 6-1 (Matthew Bender).

## **Charts and Summaries**[6]

      Certain charts or summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case.  These charts or summaries are used for your convenience.  These charts and summaries are not themselves evidence or proof of any facts.  You should determine the facts from the evidence.

      Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence.  You should give them only such weight as you think the underlying evidence deserves.

---

[6]  Fifth Circuit Pattern Jury Instructions (Criminal Cases) 1.43 and 1.44 (2001);  *United States v. Lemire*, 720 F.2d 1327, 1348 & n.32 (D.C. Cir. 1983).  *United States v. Weaver*, 281 F.3d 228 (D.C. Cir. 2002).

**<u>Declarations</u>** (if applicable)

Instead of requiring that a custodian of records testify at trial in order to have records admitted into evidence, the law allows records to be submitted by way of declaration by a custodian. You may consider a declaration by a custodian in the same way you would consider testimony actually given in court.

**<u>Redactions</u>** (if warranted)

You may notice that some documents have been redacted, that is, the documents have pages removed or portions are covered by whiteout.  For instance, portions of Government's/Defense Exhibit # _____ have been removed and portions of Government's/Defense Exhibit # _____ have been  covered.  These redactions were undertaken after consultation with counsel and based upon the rules of evidence.  You should consider the evidence in the form it has been submitted to you.  You should not speculate on the portions which have been redacted or the reasons that the portions have been redacted.

## **Reasonable Doubt**

As I have said many times, the government has the burden of proving the defendant guilty beyond a reasonable doubt.  Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt.  There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.  The government is not required to establish guilt beyond all doubt, or to a mathematical certainty or a scientific certainty.  If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty.  If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.[7]

---

[7] This instruction is based on Instruction 21, Definition of Reasonable Doubt, from Pattern Criminal Jury Instructions, and was approved by the Court of Appeals in *United States v. Taylor*, 997 F.2d 1551, 1555-56 (D.C. Cir. 1993).  We understand that Judges Roberts and Robertson have used this instruction in United States v. Bailey, 99-164 (RWR), and United States v. Haire, 00-426(JR), respectively.

**Mail Fraud**
**The Nature of the Offense Charged[8]**
**(18 U.S.C. § 1341)**

Counts One through Five of the Indictment charge that from about October 2000 through on or about January 2006, in the District of Columbia and elsewhere, the defendant knowingly devised a scheme or plan to defraud and thereafter used the United States mails in order to, in some fashion, advance or further the scheme to defraud.

The defendant has entered a plea of not guilty to this allegation in the Indictment.

The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of using the mails to further a scheme or plan to obtain money or property by means of false or fraudulent pretenses representations, or promises as charged in Counts One through Five of the Indictment beyond a reasonable doubt.

---

[8] O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u> (5th Ed. 2000) § 47.01.

## **Mail Fraud**
## **The Statute Defining the Offense Charged**[9]

Section 1341 of Title 18 of the United States Code provides, in part, that:

Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises,  … and for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository   for mail matter, any matter or thing whatever to be sent or delivered by the Postal   Service or takes or receives therefrom … or knowingly causes to be delivered by        mail according to the direction thereon …

shall be guilty of an offense against the United States.

---

[9]  O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u> (5th Ed. 2000) § 47.02.

**Mail Fraud**
**The Essential Elements of the Offense Charged**[10]

In order to sustain its burden of proof for the crime of using the mails to further a scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises as charged in Counts One through Five of the Indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

One:  the defendant knowingly devised or knowingly participated in a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises;

Two:  the pretenses, representations, or promises were material, that is it would reasonably influence a person to part with money or property;

Three:  the defendant did so with the intent to defraud; and

Four:  in advancing, or furthering, or carrying out this scheme to defraud or obtain money or property by means of false or fraudulent pretenses, representations, or promises, the defendant used the mails or caused the mails to be used.

---

[10]  O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u> (5th Ed. 2000) § 47.03.

**Mail Fraud**
**First Element – Scheme or Artifice to Defraud and**
**False or Fraudulent Pretenses – Defined**

The phrase "scheme to defraud" means any deliberate plan of action or course of conduct by which someone intends to deceive or to cheat another out of money or property.

"Fraud" is a general term embracing all the various means by which human ingenuity can devise and which are resorted to by an individual to gain advantage over another by false representations, suggestions, suppression of the truth, or deliberate disregard for the truth. Thus, a "scheme to defraud" is a plan to deprive another of money or property by trick or deception. The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial.[11]  No misrepresentation of fact is required if the scheme is reasonably calculated to deceive persons of ordinary prudence.[12]

It is not necessary that the Government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme; or that the material transmitted by mail was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mails was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the defendant did the actual mailing.  What must be proved beyond a reasonable doubt is that the defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud as alleged in the Indictment, and that the use of the mails was in furtherance of the scheme because the defendant either mailed or caused something to be mailed in an attempt to execute or carry out the scheme.

A statement or representation is "false or fraudulent" if it relates to a material fact and is known to be untrue or made with reckless indifference as to its truth or falsity, provided it was made with intent to defraud.  A representation may be "false" when it constitutes a half truth, or effectively conceals a material fact.[13]

The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.[14]

---

[11]    2 Leonard B. Sand et al., Modern Federal Jury Instructions - Criminal Instr. 44-4 (Matthew Bender).

[12]  *United States v. McNeive*, 536 F.2d 1245, 1249 n. 10 (8th Cir. 1976)

[13]  O'Malley, Grenig, Lee, Federal Jury Practice and Instructions (5th Ed. 2000) § 47.03; *United States v. Sun-Diamond Growers, Inc.*, 138 F.3d 961 (D.C. Cir. 1998); *United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997); Eleventh Circuit Pattern Jury Instructions § 50.1 (2003 ed.); 29 U.S.C. § 501(a).

[14]  2 Leonard B. Sand et al., Modern Federal Jury Instructions - Criminal Instr. 44-4 (Matthew Bender).

**Mail Fraud**
**Second Element – Material Fact – Defined**

A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction.  A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to whom or to which it is addressed.  A false or fraudulent statement, representation or promise can be material even if the decision maker did not actually rely on the statement, or even if the decision maker actually knew or should have known that the statement was false.[15]

---

[15]  Eleventh Circuit Pattern Jury Instructions § 50.1 (2003 ed.).

**Mail Fraud**
**Third Element – Intent to Defraud – Defined**

To act with an "intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.

An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.[16]

That the defendant acted knowingly may be proven by evidence of deliberate ignorance, but deliberate ignorance does not establish the he acted with the intention or purpose to deceive or to cheat.

The Government need not prove that the defendant intended to defraud any particular person, so long as it proves that he intended to defraud any person.[17]  The Government need not prove that the intended victims were actually harmed, only that such harm was contemplated.[18] Nor must it show that the victim of the scheme was pure of heart or without fault.[19]

---

[16]  O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 47.14 (5th Ed. 2004) (modified); *United States v. Mellen*, 393 F.3d 175, 184 (D.C. Cir. 2004).

[17]  From Red Book Instruction 4.41.

[18]  Language from *United States v. Gabriel*, 125 F.3d 89, 96-97 (2nd Cir. 1997).

[19]  *Unites States v. Camuti*, 78 F.3d 738, 742 (1st Cir. 1996).

**Mail Fraud**
**Fourth Element – Use of the Mails – Defined**

The fourth element of mail fraud requires the use of the United States mails. The government is not required to prove that the defendant actually mailed anything or that the defendant even intended that the mails would be used to further, or to advance, or to carry out the scheme to defraud. The government must prove beyond a reasonable doubt, however, that the mails were, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. The government must also prove that the use of the mails would follow in the ordinary course of business or events or that the use of the mails by someone was reasonably foreseeable.

It is not necessary for the government to prove that the item which was mailed was false or fraudulent or contained any false or fraudulent statement, representation or promise, or contained any request for money or thing of value.

Each use of the mails to advance, further or carry out the scheme or plan to defraud may be a separate violation of the mail fraud statute.

With respect to the use of the mails, the government must establish beyond a reasonable doubt the particular mailings charged in the Indictment.[20]

---

[20] O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u> (5th ed. 2000) § 47.15.

**Interstate Transportation of Stolen Property**
**Nature of Offense Charged[21]**
**(18 U.S.C. § 2314)**

Count Six of the indictment charges that on or about October 2000, to in or about January 2006, in the District of Columbia, the defendant FARZAD DARUI, did willfully and knowingly transport, transmit and transfer, in interstate commerce, that is, between the District of Columbia and the Commonwealth of Virginia, securities of the value of $5,000 or more, that is, checks having a combined value of $8,716.48, knowing that these goods were stolen.

The defendant has entered a plea of not guilty to this allegation in the Indictment.

The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of interstate transportation of stolen property as charged in Count Six of the Indictment beyond a reasonable doubt.

---

[21] O'Malley, Grenig, Lee, Federal Jury Practice and Instructions (5th ed. 2000) § 59.07.

## Interstate Transportation of Stolen Property
## The Statute Defining the Offense Charged[22]

Section 2314 (first paragraph) of Title 18 of the United States Code provides, in part, that:

Whoever transports . . .  in interstate . . . commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, . . .

shall be guilty of an offense against the United States.

---

[22]   O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u> (5th ed. 2000) § 59.08.

**Interstate Transportation of Stolen Property**
**Essential Elements of the Offense Charged**[23]

In order to sustain its burden of proof for the crime of transporting a security of the value of $5,000 or more, that is, two stolen checks having a combined value of $8,716.48, in interstate commerce as charged in Count Six of the indictment, the government must prove the following four (4) essential elements beyond a reasonable doubt:

One:  The property described in Count Six of the Indictment was stolen;

Two:  The stolen property had a total value of at least $5,000.00;

Third:  After the property was stolen, the defendant, FARZAD DARUI transported it, or caused it to be transported, from one state to another state; and

Fourth:  At the time that the defendant transported the property, or caused the property to be transported, he knew that it had been stolen.

---

[23]  O'Malley, Grenig, Lee, <u>Federal Jury Practice and Instructions</u> (5th ed. 2000) § 59.09.

**Interstate Transportation of Stolen Property**
**First Element – Stolen – Defined**

The term "stolen" means acquired or kept dishonestly and includes any form of taking from another without that person's consent with the intention of depriving that person of the rights and benefits of possession or ownership permanently or temporarily.[24]

---

[24]  O'Malley, Grenig, Lee, Federal Jury Practice and Instructions (5th ed. 2000) § 59.13.

**Interstate Transportation of Stolen Property**
**Second Element – Value – Defined**

In determining the value of the property, you may look at the face or par value of the property, or its market value – that is, the amount of money the property could be sold for in the open market.  You should consider the aggregate, or total, value of all the property referred to in Count Six of the indictment.  If you find that the value of the property referred to in Count Six of the indictment is less than $5,000, then you must find the defendant not guilty of that count.

It does not matter if you find the defendant actually received less than $5,000 for the goods, wares, or merchandise, or if the securities, or checks in this case, were non-negotiable – that is, they could not be redeemed or traded.  If the evidence shows, and you find beyond a reasonable doubt that the property's total face, par or market value was $5,000, then this element of the offense is satisfied.[25]

---

[25]  3 Leonard B. Sand et al., Modern Federal Jury Instructions - Criminal Instr. 54-29 (Matthew Bender) (modified).

## Interstate Transportation of Stolen Property
## Third Element – Interstate Commerce – Defined

The term "interstate commerce" means includes any movement or transportation of goods, wares, merchandise, securities or money from one state into another state, the District of Columbia, and any commonwealth, territory, or possession of the United States.[26]

If you find that the property was stolen in one state or the District of Columbia and was in the defendant's possession in a different state or the District of Columbia, then you may – but need not – infer that the property has traveled in interstate commerce.[27]

The defendant need not have intended or known of the property's transport in interstate commerce.  Nor is it required that the defendant actually have physically transported the property across state lines.  The government satisfies its burden of proving transportation in interstate commerce if it proves beyond a reasonable doubt that the defendant willfully caused the property's transport across state lines, or performed a substantial step in furtherance of its journey.  For example, if the government shows that the defendant cashed a stolen check at an out-state bank and the check was then mailed across state lines to the original bank in accordance with normal banking practices, then you may find the defendant caused the transportation of stolen property in interstate commerce.[28]

---

[26] Pattern Jury Instructions of the District Judges Association of Eleventh Circuit, Offense Instruction No. 68.1 (1997).  *See United States v. Turner*, 871 F.2d 1574, 1578-1579 (11th Cir.1989).

[27]  3 Leonard B. Sand et al., Modern Federal Jury Instructions - Criminal Instr. 54-26 (Matthew Bender).

[28]  Id.

## Interstate Transportation of Stolen Property
## Unanimity

The verdict must represent the considered judgment of each juror.  In order to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

Defendant has been charged with one count of interstate transportation of stolen property. There has been evidence of more than one act or incident upon which a conviction on this count may be based.  The government has alleged that defendant unlawfully transported checks belonging to the Islamic Center of Washington, D.C., (the "Center") from the District of Columbia, to the Commonwealth of Virginia on two different occasions.  Specifically, the government alleges that defendant did so on or about each of the following dates and in the following amounts:  $4,516.48 on April 20, 2003; and October 31, 2003.   You may find defendant guilty on this count if the government proves beyond a reasonable doubt that defendant committed all or any one of these acts so long as the aggregate of the monies transported from the District of Columbia, to the Commonwealth of Virginia have a value of $5,000 or more.  However, in order to return a guilty verdict on this count, all jurors must unanimously agree as to the specific acts or incidents.   In other words, you must all agree that between on or about April 20, 2003, and October 31, 2003, defendant committed the crime of interstate transportation of stolen property by unlawfully transporting, transmitting and transferring in interstate commerce, from the District of Columbia, to the Commonwealth of Virginia checks belonging to the Center of a value in the aggregate of $5,000 or more.[29]

---

[29]  Red Book Instruction 2.72 (modified).

### **Theft in the First Degree**
### **The Nature of the Offense Charged**
### **(D.C. Code §§ 22-3211(b)(2), 22-3212(a))**

Count Seven of the indictment charges that on or about October 2000, until in or about January 2006, in a continuing course of conduct, in the District of Columbia, defendant FARZAD DARUI wrongfully obtained over $430,000 in monies from the Islamic Center of Washington, D.C., with the intent to appropriate the property to his own use or to the use of third persons.

The defendant has entered a plea of not guilty to this allegation in the Indictment.

The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of theft in the first degree as charged in Count Seven of the Indictment beyond a reasonable doubt.

## **Theft in the First Degree**
## **The Statute Defining the Offense Charged**

Sections 3211(b)(2) and 3212(a) of Title 22 of the District of Columbia Code, provide in part that:

A person commits the offense of theft in the first degree if that person wrongfully obtains or uses the property of another valued at $250 or more with intent:

(1)     to deprive the other of a right to the property or a benefit of the property; or

(2)     to appropriate the property to his or her own use or to the use of a third person.

## Theft in the First Degree
## Essential Elements of the Offense Charged[30]

In order to sustain its burden of proof for the crime of theft in the first degree as charged in Count Six of the indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One: The defendant wrongfully obtained the property of another;

Two: At the time the defendant obtained the property, he specifically intended either to deprive the owner or person in lawful possession of the property of a right to the property or a benefit of the property or to take or make use of the property for himself or for another person, without authority or right; and

Three: When the defendant obtained the property, it had a value of $250 or more.

---

[30] Red Book Instruction 4.38 C.

**Theft in the First Degree**
**First Element – Property of Another – Defined**

The phrase "property of another" means anything of value owned by someone other than the defendant. Property of another means any property in which a government or a person other than the defendant has an interest. It must be an interest the defendant is not privileged to interfere with or infringe upon without consent, regardless of whether he also had an interest in the property.[31]

To prove that property was "property of another" the government need only prove that the owner was someone other than the defendant.[32]

---

[31] Red Book Instruction 3.09.

[32] Comment, Red Book Instruction 4.38. *See, Carmon v. United States*, 498 A.2d 580, 582-83 and n. 4 (D.C. 1985).

### Theft in the First Degree
### Second Element – Wrongfully Obtained or Used the Property
### and Deprive Another of the Property – Defined[33]

To establish the second element of the offense, the government must prove beyond a reasonable doubt one, or both, of the following things. (1) It must prove that when the defendant wrongfully obtained the property, he had the specific intent to deprive the owner or person in lawful possession of the property of the property or the benefit of the property.  Or (2), it must prove that the defendant had the specific intent to take or make use of the property for his own use or the use of a third person, and without authority or right.  The government must prove one state of mind or the other, or both.

---

[33]  Red Book Instruction 4.38 C.

**Theft in the First Degree**
**Third Element – Value – Defined**

To establish the third element of the offense, the government must prove beyond a reasonable doubt that the property had a value of $250 or more at the time the defendant obtained it.[34]


       Insert Proof of Value, Red Book Instruction 3.05 (include fourth bracketed paragraph, with the exception of the last sentence).

       Insert Proof of State of Mind, Red Book Instruction 3.02.

---

[34]  Red Book Instruction 4.38 C.

**[Use only if defendant is found guilty of any one of
the mail fraud counts in the Indictment (Counts 1-5)]**

## PROPOSED FORFEITURE INSTRUCTION NO. 1
(Jury's duty regarding forfeiture)

Ladies and Gentlemen of the Jury, in view of your verdict that the defendant is guilty of Count[s] [  ], you have one more task to perform before you are discharged.[35]

Under federal law, any person who is convicted of a mail fraud scheme is required to forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violation, whether or not that property has been or can be seized by the government.[36]  Thus, the government is entitled to a personal money judgment against the defendant for an amount equal to the value of the property that constitutes, or is derived from proceeds traceable to the mail fraud scheme.[37]

With respect to the conviction of a mail fraud, you must now consider what verdict to render on the question whether there is a nexus, that is a connection, between property that the government asserts constitutes, or is derived from, proceeds traceable to the mail fraud scheme of which you have already found the defendant guilty.

I instruct you, however, that your previous finding that the defendant is guilty of mail fraud is final, conclusive, and binding.  Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any such violation.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdicts regarding forfeiture.

---

[35]  Fed.R.Crim.P. 32.2(b)(1) ("As soon as practicable after a verdict or finding of guilty. . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court [or jury] must determine what property is subject to forfeiture under the applicable statute.")

[36]  28 U.S.C. § 2461(c) ("If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure"); 18 U.S.C. § 981(a)(1)(C) ("The following property is subject to forfeiture to the United States–(C) section. . .[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."); 18 U.S.C. § 1956(c)(7)(A) ("The term "specified unlawful activity" means–(A) section "any act or activity constituting an offense listed in section 1961(1) of this title. . ."); "[A] violation of section 1341 (relating to mail fraud)" is an offense listed in 18 U.S.C. § 1961(1).

[37]  Fed.R.Crim.P. 32.2(b)(1) ("If the government seeks a personal money judgment, the court [or jury] must determine the amount of money that the defendant will be ordered to pay.")

**PROPOSED FORFEITURE INSTRUCTION NO. 2**
(Government's burden of proof regarding forfeiture)

However, my previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do **not** apply to your deliberations and verdicts regarding forfeiture. In deliberating and deciding your verdict[s] regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that the property it seeks to forfeit, in connection with the mail fraud conviction(s) of which you have found the defendant guilty, constitutes, or is derived from, proceeds traceable to the violation(s) of mail fraud. The government is **not** required to prove this beyond a reasonable doubt.

I instruct you that, in order for the government to establish by a preponderance of the evidence that property constitutes, or is derived from proceeds traceable to mail fraud, or is derived from proceeds traceable to mail fraud, it must prove that it is more likely than not that the property is proceeds traceable to the violation(s) or is derived from proceeds traceable to the violation(s). In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds belief that the property constitutes or is derived from proceeds traceable to the mail fraud violation(s).[38]

---

[38] *Libretti v. United States*, 116 S.Ct. 356, 363 (1995) (criminal forfeiture is part of the sentence; it is not a substantive element of the offense); *United States v. DeFries*, 129 F.3d 1293, 1312 (D.C. Cir. 1997) (in light of *Libretti*, burden of proof in RICO case is preponderance of the evidence); *United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), *cert. denied*, 120 S.Ct. 986 (2000) (preponderance standard applies to § 982 forfeitures).

**18 U.S.C. § 982**
*United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), *cert. denied*, 120 S.Ct. 986 (2000) (§ 982 - preponderance); *United States v. Myers*, 21 F.3d 826, 829 (8th Cir. 1994), *cert. denied*, 115 S.Ct. 742 (1995) (§ 982 and § 853 - preponderance); *United States v. Rutgard*, 116 F.3d 1270, 1293 (9th Cir. 1997) (§ 982 - preponderance).

## PROPOSED FORFEITURE INSTRUCTION NO. 3
(Jury may consider trial evidence)

While deliberating, you may consider any evidence offered by the parties at any time during the trial.[39]

---

[39] *United States v. Merold*, 2002 WL 1853644 (11th Cir. 2002) (Table) (jury may rely on evidence admitted in the guilt phase of the trial); *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998), *cert. denied*, 120 S.Ct. 986 (2000) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations").

## PROPOSED FORFEITURE INSTRUCTION NO. 4
### (Money judgment)

Under federal law, any person who is convicted of mail fraud is required to forfeit to the United States any property, real or personal, which constitutes, or is derived from proceeds traceable to the violation, whether or not that property has been or can be seized by the government.  Thus, the government is entitled to a personal money judgment against the defendant for an amount equal to the value of the property that constitutes, or is derived from, proceeds traceable to the violation of mail fraud.[40]

The government requests a money judgment regarding the Forfeiture Allegation in the Indictment.  It is your duty to determine whether it is more likely than not that the amount that the government asserts is equal to property constituting, or derived from, proceeds traceable to the violation of mail fraud.

---

[40] Fed.R.Crim.P. 32.2(b)(1) ("If the government seeks a personal money judgment, the court [or jury] must determine the amount of money that the defendant will be ordered to pay.")

**Money Judgment**

*United States v. Corrado*, 227 F.3d 543, 558 (6th Cir. 2000) (RICO - district court ordered to enter a money judgment against the defendants jointly and severally for amount obtained directly or indirectly from RICO conspiracy). *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000), *cert. denied*, 121 S.Ct. 1095 (2001) (§ 982 - a forfeiture may include a money judgment for the amount of money involved in the money laundering offense; the money judgment acts as a lien against the defendant personally for the duration of his prison term and beyond).  *United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999), *cert. denied*, 120 S.Ct. 1559 (2000) (§ 853 - criminal forfeiture may take several forms: in personam money judgment for amount of proceeds obtained by defendant, directly forfeitable property, and substitute assets); *United States v. Ginsburg*, 773 F.2d 798, 801-02 (7th Cir. 1985), *cert. denied*, 106 S.Ct.1186 (1986) (RICO - criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity, regardless of whether the specific dollars received from that activity are still in his possession).

**PROPOSED FORFEITURE INSTRUCTION NO. 5**
(Duty not to consider certain issues that court will decide)

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the Court to decide.  You should **not** consider what might happen to the property in determining whether the property is subject to forfeiture.  In this connection, you should disregard any claims that other persons may have to the property.  The interests that other persons may have in the property will be taken into account by the Court at a later time.  Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the Court at a later time.

You are also **not** to consider whether the property is presently available.  That matter also will be considered solely by the Court in imposing sentence.

Your sole concern now is to determine whether property constitutes or is derived from proceeds traceable to the mail fraud violation which you have found the defendant committed.

**PROPOSED FORFEITURE INSTRUCTION NO. 6:**
(Special Verdict Form)

A Special Verdict Form lists $434,911.21 as a money judgment which the government asserts constitutes or is derived from proceeds traceable to each violation(s).

You may answer by simply putting an "X" or a check mark in the space provided next to the words "Yes" or "No." If you do not unanimously agree on this amount, there is a follow-up question which you must answer. You must then determine what amount, if any, should be forfeited and write that amount in the space provided. The foreperson must then sign and date the Special Verdict Form.

You will see that the Special Verdict Form asks you to consider separately whether certain properties and/or sums of money are subject to forfeiture on more than one basis. Even if you find that any given sum of money is, in fact, subject to forfeiture for more than one reason, that does not mean that the government will receive the forfeited sum(s) of money twice. It is important, however, that you indicate on the Special Verdict Form all bases on which you find any given sum of money subject to forfeiture. Any issue of double-counting will be considered by the Court in imposing sentence.

**PROPOSED FORFEITURE INSTRUCTION NO. 7**
(Unanimous verdict)[41]

You must reach a unanimous verdict as to each question on the Special Verdict Form.

Everyone must agree to any "YES" or "NO" answer or any amount you enter on a Special Verdict Form.

---

[41]    Fed.R.Crim.P. 32.2(b)(1) (court or jury shall "determine whether the government has established the requisite nexus between the property and the offense"); *United States v. Sokolow*, 91 F.3d 396, 414-415 (3d Cir. 1996), *cert. denied*, 117 S.Ct. 960 (1997) (jury must determine only if there was nexus between property and offense); *United States v. Sokolow*, 91 F.3d 396, 414-15 (3d Cir. 1996), cert denied, 117 S.Ct. 960 (1997) (jury must determine only if there was nexus between property and offense).

**Proposed Special Verdict Form Regarding the Forfeiture of Assets**

**SPECIAL VERDICT**

We, the jury, return the following special verdict:

**COUNT ONE**

      We, the jury, unanimously find, by a preponderance of the evidence, that $434,911.21 represents the sum of money equal to the remaining amount of money constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the mail fraud scheme charged in Count One.

      YES       _____

      NO       _____

      Only if you answer "NO" above, fill in the statement below with the amount you find.

      We, the jury, unanimously find, by a preponderance of the evidence, that $_____ represents the sum of money equal to the remaining amount of money constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the mail fraud scheme charged in Count One.

**COUNT TWO**

      We, the jury, unanimously find, by a preponderance of the evidence, that $434,911.21 represents the sum of money equal to the remaining amount of money constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the mail fraud scheme charged in Count Two.

      YES       _____

      NO       _____

      Only if you answer "NO" above, fill in the statement below with the amount you find.

      We, the jury, unanimously find, by a preponderance of the evidence, that $_____ represents the sum of money equal to the remaining amount of money constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the mail fraud scheme charged in Count Two.

43

**COUNT THREE**

We, the jury, unanimously find, by a preponderance of the evidence, that $434,911.21 represents the sum of money equal to the remaining amount of money constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the mail fraud scheme charged in Count Three.

YES        _____

NO         _____

Only if you answer "NO" above, fill in the statement below with the amount you find.

We, the jury, unanimously find, by a preponderance of the evidence, that $_____ represents the sum of money equal to the remaining amount of money constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the mail fraud scheme charged in Count Three.

**COUNT FOUR**

We, the jury, unanimously find, by a preponderance of the evidence, that $434,911.21 represents the sum of money equal to the remaining amount of money constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the mail fraud scheme charged in Count Four.

YES        _____

NO         _____

Only if you answer "NO" above, fill in the statement below with the amount you find.

We, the jury, unanimously find, by a preponderance of the evidence, that $_____ represents the sum of money equal to the remaining amount of money constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the mail fraud scheme charged in Count Four.

**<u>COUNT FIVE</u>**

We, the jury, unanimously find, by a preponderance of the evidence, that $434,911.21 represents the sum of money equal to the remaining amount of money constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the mail fraud scheme charged in Count Five.

YES     _____

NO      _____

Only if you answer "NO" above, fill in the statement below with the amount you find.

We, the jury, unanimously find, by a preponderance of the evidence, that $_____ represents the sum of money equal to the remaining amount of money constituting, or derived from, proceeds that the defendant obtained, directly or indirectly, as a result of the mail fraud scheme charged in Count Five.

Foreperson sign and date the completed verdict form.

_____
Foreperson

Date: _____