UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00149-RCL |
| ) | |
| FARZAD DARUI, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT FARZAD DARUI'S PROPOSED VOIR DIRE

Defendant Farzad Darui, by counsel, submits the following proposed voir dire.  He also reserves the right to submit follow-up questions pursuant to Federal Rule of Criminal Procedure 24(a)(2).

### JUROR IDENTITY AND BACKGROUND

1. The defense requests that the Court inquire into the following background information concerning each prospective juror, and ask such follow-up questions as the Court does in its usual practice:

(a) name;

(b) address;

(c) place of birth;

(d) native language;

(e) level of education;

(f) present occupation;

(g) length of time in current job;

(h) employer;

(i) other employment over the past five years;

(j) marital status; and

(k) number and age(s) of children.

2. Does any member of the jury panel support radical Islamism?

3. Does any member of the jury panel believe that Saudi Arabia promotes radical Islamism?

4. Please raise your hand if you agree with the following statements:

a. A witness who lies to a government agent during an investigation is also likely to lie to a jury.

b. A government agent who lies to the Court is also likely to lie to a jury.

c. The government should not call a witness to testify who has lied during an investigation or during court proceedings.

5. Have you applied for a job or been employed by any local, state, or federal law enforcement authorities or any private security agencies? Law enforcement authorities would include: the Metropolitan Police Department, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Internal Revenue Service, the Capitol Police, the Park Police, the Bureau of Prisons, any Parole or Probation Office, the Federal Protective Service, any investigative divisions of a federal agency, any prosecutors' offices, or the Department of Justice.

[For anyone who answers yes, the defense requests that the Court make follow-up inquiries to determine whether the prospective juror was hired, what position they held or sought, and by which law enforcement authority.]

6. Have any members of your family or any close friends been employed by any local, state, or federal law enforcement authorities or any private security agencies? Law enforcement authorities would include: the Metropolitan Police Department, the Federal Bureau of Investigation, the Drug Enforcement Administration, the Internal Revenue Service, the Capitol Police, the Park Police, the Bureau of Prisons, any Parole or Probation Office, the Federal

-3-

Protective Service, any investigative divisions of a federal agency, any prosecutors' offices, or the Department of Justice.

[For anyone who answers yes, the defense requests that the Court make follow-up inquiries to determine who applied or was so employed, what position they held or sought, and at which law enforcement authority.]

7. Have you attended law school, taken a paralegal course, participated in a clinical program involving criminal law issues or received any type of legal training?

[For anyone who answers yes, the defense requests that the Court make follow-up inquiries to determine what type of training the prospective juror received.]

8. Have any members of your immediate family or close friends attended law school, taken a paralegal course, participated in a clinical program involving criminal law issues or received any type of legal training?

[For anyone who answers yes, the defense requests that the Court make follow-up inquiries to determine what type of training was received and the prospective juror's relationship to the person who received it.]

9. Have you had any education, special training, work experience or any familiarity with any of the following fields?

a. Journalism, media, or communications;

b. Psychology;

c. Psychiatry;

d. Private investigations;

e. Radical Islamist theology.

[For anyone who answers yes, the defense requests that the Court inquire as to the nature and extent of the experience the prospective juror has had.]

10. Have any members of your immediate family or close friends had any education, special training, work experience, or any familiarity with the fields I just mentioned?

[For anyone who answers yes, the defense requests that the Court inquire as to the prospective juror's relationship to the individual and the nature and extent of the experience that friend or family member has had.]

11. Do you know anyone who works in law enforcement, including the FBI, the United States Attorney's Office, any local police forces, or any local prosecutor's office?

[For anyone who answers yes, the defense requests that the Court make follow-up inquiries as to the details of that person's employment and relationship with the prospective juror.]

12. Have you had any dealings with any person in the FBI, the CIA, the Department of Justice, any United States Attorney's Office, any police department, or any district attorney's office?

[For anyone who answers yes, the defense requests that the Court inquire as to the nature of those dealings and whether they would affect the prospective juror's ability to be impartial in this case.]

13. Have you been employed by, or applied for a job with, any intelligence agency, such as the CIA, the National Security Agency, or the Defense Intelligence Agency?

[For anyone who answers yes, the defense requests that the Court inquire as to whether the prospective juror sought employment or worked with the intelligence agency, which agency

they were employed by or sought employment with, and the type of position the prospective juror held or applied for.]

14. Have any of your family members or close friends been employed by any intelligence agency, such as the CIA, the National Security Agency, or the Defense Intelligence Agency?

[For anyone who answers yes, the defense requests that the Court inquire as to the juror's relationship to the person who was so employed, which agency they worked for, and the type of position that person held.]

15. Have you, or any family members or close friends, been employed in a position with any law enforcement agency in which you, your relative, or your friend needed to work undercover?

[For anyone who answers yes, the defense requests that the Court inquire about the identity of the person who worked undercover, the agency that employed that person, and the type of position that person held.]

16. Have you ever served in the United States military (including the military reserves, National Guard or ROTC)?

[For anyone who answers yes, the defense requests that the Court inquire as to what branch, the highest rank achieved, the place of service, the dates of service, and the circumstances of discharge.]

17. Have any of your relatives or close friends served in the military?

[For anyone who answers yes, the defense requests that the Court inquire as to the prospective juror's relationship to the person and the dates and location of service.]

18. Do you now hold or have you previously held a leadership position in any organizations, charities, volunteer groups, professional organizations, religious, environmental, or other organized groups?

If yes: Please explain which group(s), and describe any positions you held.

19. Have you supported any organizations through donating money or volunteering your time or services?

If yes: Please explain which organization(s), and your involvement.

20. What newspapers, magazines, or journals do you like to read on a regular basis?

21. What types of T.V. programs do you regularly like to watch (*e.g.*, the news, sports, talk shows, legal dramas, movies, comedies, other).

22. What *one* source do you get *most* of your news from?

23. Do you have a web site, a blog, or a space on internet social networking sites such as Facebook or My Space?

a. If yes: Which ones?

24. Do you ever listen to talk radio shows, watch political commentary on TV, or visit any political blog sites on the internet?

a. If yes: Which ones?

25. How do you spend your spare time (*e.g.*, reading, hobbies, travel, etc.)?

26. Is there any personal, professional, or medical reason that would distract you or otherwise make it difficult for you to sit on this jury?

<u>JUROR'S PREVIOUS EXPERIENCE WITH JURY SERVICE & LITIGATION</u>

27. Have you ever served on a grand jury?

If yes: Was there anything about that experience that left you disappointed or dissatisfied with our justice system?

28. Have you ever served on a trial jury?
If yes:

a. Was it for a criminal or civil matter?

b. Did the jury reach a verdict?

c. What was the verdict?

d. Were you satisfied with the outcome(s) in the case(s)?

e. Was there anything about your jury experience that left you disappointed or dissatisfied with our justice system?

29. Have you ever served as a jury foreperson?

a. If yes: How many times?

29A. Other than a traffic ticket, have you ever been arrested for, charged with, or convicted of a crime?

[For anyone who answered yes, the defense requests that the Court inquire as to the nature of the arrest or charges, whether they resulted in a conviction, and how long ago the incident occurred.]

30. Excluding divorce, have you, or any member of your immediate family, ever been involved in a lawsuit or any legal action in any way?

[For anyone who answered yes, the defense requests that the Court inquire as to the identity of the person involved in the suit and whether that person was a plaintiff, defendant, trial witness or deponent.]

31. Have you, or any close relative or friend, ever been the victim of or witness to a crime?

[For anyone who answered yes, the defense requests that the Court inquire about the identity of the person who was a victim or witness, the circumstances of the crime, how law

enforcement handled it, and whether the person who committed the crime was apprehended or convicted.]

## KNOWLEDGE OF THE PARTICIPANTS

33.     Are you acquainted with or do you know any other persons called for jury duty in this case?

34.     Do you know or have you had any dealings with Farzad Darui or his immediate family?

35.     Mr. Darui is represented by Victoria Toensing and Joseph diGenova of the law firm of diGenova Toensing LLP and by Aaron Book and Steven Webster of the law firm of Webster Book LLP.  Do you know, or have you had any dealings, directly or indirectly, with any of these attorneys or their law firms?

36.     The Government is represented by Ronald Sharpe and Tejpal Chawla.  Do you know, or have you had any dealings, directly or indirectly, with any of the attorneys for the Government or with any relatives or friends of the attorneys for the Government?

37.     Do you know, or have you had any dealings, directly or indirectly, with any of the following individuals, who may be witnesses in this case or may be referred to in this trial:

[A witness list will be provided closer to trial].

[If the answer is "yes" with respect to any of the above individuals, the defense requests that the Court inquire further about the nature of the prospective juror's knowledge or affiliation.]

38.     Would your impression or opinion of any of the people or entities just listed affect your ability to act as a fair and impartial juror in this case?

## PRE-TRIAL EXPOSURE TO THE FACTS OF THIS CASE

39. As I explained to you earlier, Mr. Darui is accused of taking money from the Islamic Center without authorization. Mr. Darui has pled not guilty denies these charges. Have you read, seen or heard anything about the investigation?

If yes, the defendant requests that the Court further question the juror outside the presence of the other jurors in the following manner:

a. From which sources?

b. What do you remember learning about the case?

c. How closely have you followed the case?

d. Have you formed an opinion of Mr. Darui?

e. Would you be able to put aside what you have learned about the case and come to a decision based only on the evidence that is presented at trial?

f. Is there anything you have learned about the case that would prevent you from being a fair and impartial juror?

## OTHER QUESTIONS

40. What are the qualities you have that would make you a good juror in this case?

41. I will instruct you that the defendant in this case is presumed innocent. When you hear that, what does it mean to you?

42. Would you, as a juror, give law enforcement officers testifying as witnesses in this case more or less credibility than other witnesses in the case solely because of the fact they are law enforcement officers?

43. Are you the kind of person who makes a decision quickly, or are you the kind of person who takes time to make a decision?

For those who say that they make a decision quickly:

a.	This trial will last approximately two to three weeks. Can you keep an open mind during this time and listen to all the evidence before making a decision?

b.	If yes: What makes you think you can do that?

44.	When you feel you are correct, will you still listen to the arguments of others who do not agree with you?

a.	If yes: Are you sometimes persuaded to change your position?

45.	Do you generally pay attention to criminal cases that are covered in the media?

a.	If yes: What cases have you followed?

46.	If you sit as a juror in this case, I will instruct you to avoid exposure to any media coverage or discussion about the case outside of the courtroom or even to internet sources like Google and other search engines. Would you find it difficult to obey such an instruction?

47.	Is there any juror who feels, based upon all that he or she has seen and heard in this voir dire, that he or she cannot be fair and impartial in this case?

48.	Is there *anything*, no matter how small, that you would like to bring to the Court's attention that might affect your ability to be a fair and impartial juror in this case and treat both sides equally?

-11-

FARZAD DARUI

By: /s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant


By: /s/ Aaron S. Book
Aaron S. Book (DC Bar # 490815)
Steven T. Webster (admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
Counsel for Defendant


CERTIFICATE OF SERVICE

I hereby certify that on January 4, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald W. Sharpe, Esq.
Tejpal S. Chawla, Esq.
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

/s/ Aaron S. Book
Aaron S. Book