UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on November 3, 2006

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO.  07-CR-0149-01(RCL) |
| | : | |
| | : | MAGISTRATE NO. 06-MJ-434 |
| | : | |
| v. | : | |
| | : | VIOLATIONS: |
| | : | |
| | : | 18 U.S.C. § 1341 (Mail Fraud) |
| FARZAD DARUI, | : | 18 U.S.C. § 2314 (Interstate |
| | : | Transportation of Stolen Property) |
| Defendant. | : | 18 U.S.C.  § 1957 (Money Laundering) |
| | : | 18 U.S.C. § 2 (Causing an Act to be Done) |
| | : | 22 D.C. Code §§ 3211(b)(2), 3212(a) |
| | : | (First Degree Theft) |
| | : | 18 U.S.C. § 981(a)(1)(C) and |
| | : | 28 U.S.C. § 2461(c) (Criminal Forfeiture) |
| | : | |

SUPERSEDING INDICTMENT

The Grand Jury charges that:

COUNTS ONE THROUGH FIVE
(MAIL FRAUD)

Introduction

At all times material to this Superseding Indictment:

1.  The Islamic Center of Washington, D.C. (the "Center") was dedicated in 1957 and is the first mosque to be built in America's national capital.  The Center serves as a regular place of worship for thousands of Washington area Muslims, including many from the diplomatic

community. In addition, the Center provides charitable services for the Washington community, including free Islamic study classes, Arabic and Qur'anic language classes and counseling services. The Center is located at 2551 Massachusetts Avenue, N.W., Washington, D.C.

2. Defendant, FARZAD DARUI ("DARUI") was employed by the Center as the business manager from 1994 until August 2006. As business manager, defendant FARZAD DARUI was responsible for supervising and maintaining internal systems for accounts payable, accounts receivable, payroll, general ledger and financial reports and cash control. In addition, defendant FARZAD DARUI's duties included monitoring bank balances and financial statements, supervising audits and tax reports and preparing preliminary budgets. Defendant FARZAD DARUI's official duties also included manually preparing checks for payment of venders employed by the Center. Defendant FARZAD DARUI was terminated from his position in August 2006, after it was learned that he had stolen hundreds of thousands of dollars from the Center.

3. In addition to his employment at the Center, defendant FARZAD DARUI was the Resident Agent, Chief Executive Officer and Director of Zaal, Inc., an investment and management services company located in Falls Church, Virginia. The address on record at the State Corporation Commission for the Commonwealth of Virginia ("State Corporation Commission") of Zaal, Inc., is the same as that of defendant FARZAD DARUI's personal residence. That is, 3433 Malbrook Drive, Falls Church, Virginia.

4. Defendant FARZAD DARUI was also the Resident Agent and President of Blue Line Travel, Inc., a travel agency. The address on record at the State Corporation Commission of Blue Line Travel, Inc., is 5613 Leesburg Pike, Suite 21, Falls Church, Virginia.

5. On August 13, 2001, defendant FARZAD DARUI opened a checking account at United

Bank in Arlington, Virginia in the name of Zaal, Inc., and listed the address of Zaal, Inc., as 3433 Malbrook Drive, Falls Church, Virginia (account number XXXX-4295, hereinafter "Zaal checking account"). Defendant FARZAD DARUI was the only authorized signatory for the Zaal checking account.

6. Defendant FARZAD DARUI also maintained a checking account on behalf of Blue Line Travel, Inc., at First Union/Wachovia Bank (account number XXXXXXXX5132, hereinafter "Blue Line checking account"). Defendant FARZAD DARUI along with his wife, Josefine Darui, were the only signatories for the Blue Line checking account.

### The Center's Bank Accounts

7. The Center owned and maintained the following bank accounts related to its operations:

    a. Bank of America account number XXXXXXXX2726 was an operating account established to segregate charitable funds donated by the Royal Embassy of the Kingdom of Saudi Arabia (the "Royal Embassy") for the benefit of the Center into a separate account (hereinafter, "Islamic Center special account"). Funds from this account were used to pay the Center's legitimate operational expenses, including business expenses, payroll, general maintenance costs, insurance and utilities.

    b. Bank of America account number XXXXXXXX5929 was an operating account established to pay the Center's legitimate administrative expenses (hereinafter, "Islamic Center administrative account").

    c. Bank of America account number XXXXXXXX4037 was an account established to receive charitable and other contributions from various donors (hereinafter, "Islamic Center charity account").

8. Dr. Abdullah M. Khouj, the Director of the Center, (the "Director") was the only authorized signatory for the Islamic Center special account.

9. Without the authorization or approval of the Director or anyone else at the Center, defendant FARZAD DARUI, added himself as an authorized signatory to the bank accounts maintained by the Center at Bank of America including the Islamic Center administrative account and the Islamic Center charity account.

10. It was the policy and practice of the Center that only the Director authorized payments and signed checks written on the Islamic Center administrative account and the Islamic Center charity account.

## The Scheme and Artifice to Defraud

11. Between from at least October 2000, to in or about January 2006, in the District of Columbia and elsewhere, defendant FARZAD DARUI, did knowingly devise, participate in and execute a scheme and artifice to defraud the Islamic Center of Washington, D.C., and to obtain money and property belonging to the Islamic Center of Washington, D.C., by means of false and fraudulent pretenses, representations and promises.

## Manner and Means

12. From in or about October 2000, to in or about January 2006, defendant FARZAD DARUI, without authorization, obtained numerous checks from the Islamic Center of Washington, D.C., by developing a scheme by which he would write and issue, or cause to be written, signed and issued, or falsely alter checks written on the Center's various bank accounts or checks belonging to the Center which he used for his personal enrichment.

13. As the business manager for the Center, defendant FARZAD DARUI received mail and

gathered invoices received from various vendors and creditors of the Center. After doing so, defendant FARZAD DARUI prepared checks on various Islamic Center bank accounts that were made payable to the respective vendors and creditors. Defendant FARZAD DARUI then took the checks and the corresponding invoices to the Director for approval of payment. When payment of the various invoices was approved, the Director would sign the checks. Thereafter, copies of the invoices and the associated original checks would be made. It was defendant FARZAD DARUI's responsibility to ensure that the original checks were mailed, via the United States Postal Service, to the appropriate vendor or creditor.

14. In response to a request by the Center for financial assistance, the Royal Embassy agreed to donate money to the Center by way of semi-monthly checks to reimburse the Center's legitimate operating costs. Defendant FARZAD DARUI prepared semi-monthly expense reports, which included payroll records, copies of the checks written on the Islamic Center special account and the invoices associated with the checks, and sent these semi-monthly expense reports to the Royal Embassy located at 601 New Hampshire Avenue, N.W., in Washington, D.C. The Royal Embassy relied upon the accuracy of the information in these expense reports as the basis for the amount of money it would donate in its semi-monthly monetary donations to the Center. The checks donated by the Royal Embassy included checks that were issued to the Islamic Center special account and were deposited by the Center into the Islamic Center special account. From at least October 2000 through December 2002, the Royal Embassy donated money by check to the Center in the amount of the Center's semi-monthly expense reports on the representation that the Center's expense reports accurately identified the operating expenses of the Center. From January 2003 onward, the Royal Embassy donated money to the Center in predetermined amounts every month, and continued to

insist on receiving accurate semi-monthly expense reports.

15. It was part of the fraudulent scheme and artifice that instead of sending payments to the Center's vendors and creditors, defendant FARZAD DARUI gained control of funds belonging to the Center by altering the payee line of Center checks that had been endorsed by the Director and written on the Islamic Center special account and the Islamic Center administrative account.

16. It was further part of the scheme and artifice that defendant FARZAD DARUI substituted the original named payee with various versions of the names of Blue Line Travel, Inc., Zaal, Inc., and other businesses which he controlled and for which he was an authorized signatory.

17. It was further part of the scheme and artifice that defendant FARZAD DARUI negotiated the altered checks and deposited funds stolen from the Center directly into either the Zaal checking account or into the Blue Line checking account.

18. It was further a part of the scheme and artifice that defendant FARZAD DARUI caused the Director to sign fictitious payroll checks, written on the Islamic Center special account, the Islamic Center administrative account, and Islamic Center charity account, for Center employees or contractors that were not due, then obtained these fictitious checks without authority from the Center or the named payee on the checks, negotiated and deposited the checks directly into either the Zaal checking account or into the Blue Line checking account.

19. It was further part of the scheme and artifice that defendant FARZAD DARUI presented to the Director altered and fictitious invoices of various vendors of the Center. These altered and fictitious invoices were used by defendant FARZAD DARUI to induce the Director to authorize payments and sign checks on behalf of the Center. After obtaining the Director's signature on these checks, defendant FARZAD DARUI altered the original checks and either embezzled the checks,

by depositing them into bank accounts that he controlled in the aforementioned manner, or deposited the checks in other Center accounts to conceal and perpetuate his fraudulent scheme.

20. It was further part of the scheme and artifice that defendant FARZAD DARUI included copies of altered and fictitious invoices with the semi-monthly expense reports that were submitted to the Royal Embassy to induce it to continue making donations to the Islamic Center special account in amounts greater than what otherwise would have been authorized. Because defendant FARZAD DARUI fraudulently caused these semi-monthly expense reports to include fictitious costs, the reports falsely inflated and over-stated the true expenditures of the Center. Between October 2000 and December 2002, defendant FARZAD DARUI's use of altered and fictitious invoices, and other fictitious costs, to falsely inflate the semi-monthly expense reports, caused the Royal Embassy to donate tens of thousands of dollars to the Center that it otherwise would not have donated.

21. Throughout the scheme, defendant FARZAD DARUI submitted duplicate invoices and checks to the Director who endorsed the duplicate checks without realizing the payment was a duplicate check for an invoice that supposedly had been paid. Defendant FARZAD DARUI embezzled either the original endorsed check or the duplicate endorsed check in the aforementioned manner and sent the remaining endorsed check to the appropriate creditor or vendor thereby enabling defendant FARZAD DARUI to carry out and conceal his embezzlement of the Center's funds.

22. In approximately February 2002, the mailing information for the Islamic Center special account was changed from the Center to a United States Post Office box in Washington, D.C. This change of address was unknown and unauthorized by the Director.

23. It was further part of the scheme and artifice that to conceal the fact that defendant FARZAD DARUI was altering the Center's checks and depositing the proceeds of the checks into

bank accounts he controlled, defendant FARZAD DARUI rented a United States Post Office box in Washington, D.C., in the name of the Islamic Center without the knowledge or consent of the Director or anyone else at the Center (hereinafter, "P.O. Box 53188").

24. It was further part of the scheme and artifice that to conceal his diversion of the Center's funds withdrawn from the Islamic Center special account, on the application for P.O. Box 53188, defendant FARZAD DARUI listed the address of the Islamic Center as that of his personal residence, that is, 3433 Malbrook Drive, Falls Church, Virginia.

25. It was further part of the scheme and artifice that to conceal his diversion of the Center's funds withdrawn from the Islamic Center special account, defendant FARZAD DARUI caused Bank of America to mail, via the United States Postal Service, monthly statements and original processed and negotiated checks for that account to P.O. Box 53188.

26. It was further part of the scheme and artifice that defendant FARZAD DARUI deposited the Center's checks directly into his Zaal checking account or into his Blue Line checking account. During the course of the scheme from on or about October 2000 to on or about January 2006, defendant FARZAD DARUI stole in excess of $430,000 from the Center by depositing over 200 Islamic Center checks into either the Zaal checking account or into the Blue Line checking account including but not limited to the following checks:

|   | **Check Dated** | **Check # / Account** | **Original Payee** | **Payee on Cleared Check** | **Amount** |
|---|---|---|---|---|---|
| 1 | 08/15/2001 | 77217 / Islamic Center special account | Traveler | BLT Travel Service Corporation | $3,089.00 |
| 2 | 09/25/2001 | 3835 / Islamic Center charity account | Aston James | Aston James | $601.00 |
| 3 | 09/30/2001 | 77318 / Islamic Center special account | Alio Seck | Alio Seck | $435.00 |
| 4 | 11/15/2001 | 77399 / Islamic Center special account | Chantily Printing Co. | B.L.T. Services Co. | $1,409.24 |
| 5 | 02/15/2002 | 77622 / Islamic Center special account | Travelers | Blue Line Travel Corporation | $3,348.00 |
| 6 | 07/01/2002 | 77892 / Islamic Center special account | CNA | BLT, Corporation | $3,518.50 |
| 7 | 10/30/2002 | 78106 / Islamic Center special account | DCWASA | Zaal, Incorporated. | $5,846.69 |
| 8 | 11/30/2002 | 78164 / Islamic Center special account | Bank of America | Zaal, Incorporated | $2,668.80 |
| 9 | 01/31/2003 | 78268 / Islamic Center special account | CNA | Blue Line Travel, Inc. | $6,006.35 |
| 10 | 04/15/2003 | 78415 / Islamic Center special account | CNA | BLT Incorporated | $6,617.93 |
| 11 | 04/30/2003 | 78436 / Islamic Center special account | Washington Gas | B.L.T. Services Inc. | $4,516.48 |

| | Check Dated | Check # / Account | Original Payee | Payee on Cleared Check | Amount |
|---|---|---|---|---|---|
| 12 | 05/15/2003 | 78458 / Islamic Center special account | R.J.H. | Zaal, Incorporated | $1,739.60 |
| 13 | 06/14/2003 | 78511 / Islamic Center special account | Ayala and Associates | Zaal, Incorporated | $2,257.00 |
| 14 | 06/14/2003 | 78522 / Islamic Center special account | Minardo M. Miyakee | Minardo M. Miyakee | $750.00 |
| 15 | 10/31/2003 | 78736 / Islamic Center special account | Travelers | Blue Line Incorporated | $4,200.00 |
| 16 | 03/15/2004 | 78955 / Islamic Center special account | CNA | B.L.T. Incorporated | $5,200.00 |
| 17 | 04/15/2004 | 79002 / Islamic Center special account | CNA | B.L.T. Incorporated | $4,600.00 |
| 18 | 05/31/2004 | 79076 / Islamic Center special account | Pepco | Zaal, Incorporated | $3,604.66 |
| 19 | 06/15/2004 | 79108 / Islamic Center special account | Minardo M. Miyakee | Minardo M. Miyakee | $750.00 |
| 20 | 10/15/2005 | 9051 / Islamic Center administrative account | Travelers AMD | Blue Line Travelers Incorporated | $4,976.00 |

27. It was further part of the scheme and artifice that defendant FARZAD DARUI, without the authorization or approval of the Director or the Center, attempted to avoid investigation and detection of his scheme and artifice by stealing, altering, mutilating, removing and concealing evidence of the fraud and Islamic Center financial records and files, including: original, negotiated

checks returned by the Bank of America to the Center and P.O. Box 53188; original check stubs; original invoices; altered and fictitious invoices; financial statements prepared by the Center's accountants; and semi-monthly expense reports. For example, after the Center placed defendant FARZAD DARUI on administrative leave and initiated an investigation into his handling of the Center's finances and accounting, the United States recovered from the offices of Blue Line Travel, Inc., in the Commonwealth of Virginia, numerous records belonging to the Islamic Center, including semi-monthly expense reports, original check stubs, financial statements prepared by the Center's accountants, and numerous invoices directed to the Center, some of which defendant FARZAD DARUI had altered and presented to the Director and the Royal Embassy.

28. On or about each of the approximate dates listed below, in the District of Columbia and elsewhere, defendant FARZAD DARUI, for the purpose of executing the above-described scheme and artifice and attempting to do so, knowingly caused the following items to be delivered by mail by the United States Postal Service according to the directions thereon.

| Count | Approx. Date | Item | Mailed From | Mailed To |
| --- | --- | --- | --- | --- |
| 1 | 10-10-02 | Islamic Center special account monthly statement for the period 09-11-02 through 10-10-02 | Bank of America P.O. Box 25118 Tampa, FL 33622-5118 | Dr. Abdullah M Khouj Special for Islamic Ctr C/O Islamic Ctr P.O. Box 53188 Washington, D.C. 20009-9188 |
| 2 | 05-09-03 | Islamic Center special account monthly statement for the period 04-11-03 through 05-09-03 | Bank of America P.O. Box 25118 Tampa, FL 33622-5118 | Dr. Abdullah M Khouj Special for Islamic Ctr C/O Islamic Ctr P.O. Box 53188 Washington, D.C. 20009-9188 |

| Count | Approx. Date | Item | Mailed From | Mailed To |
|---|---|---|---|---|
| 3 | 11-06-03 | Islamic Center special account monthly statement for the period 10-11-03 through 11-06-03 | Bank of America P.O. Box 25118 Tampa, FL 33622-5118 | Dr. Abdullah M Khouj Special for Islamic Ctr C/O Islamic Ctr P.O. Box 53188 Washington, D.C. 20009-9188 |
| 4 | 03-11-04 | Islamic Center special account monthly statement for the period 02-07-04 through 03-11-04 | Bank of America P.O. Box 25118 Tampa, FL 33622-5118 | Dr. Abdullah M Khouj Special for Islamic Ctr C/O Islamic Ctr P.O. Box 53188 Washington, D.C. 20009-9188 |
| 5 | 07-12-04 | Islamic Center special account monthly statement for the period 06-11-04 through 07-12-04 | Bank of America P.O. Box 25118 Tampa, FL 33622-5118 | Dr. Abdullah M Khouj Special for Islamic Ctr C/O Islamic Ctr P.O. Box 53188 Washington, D.C. 20009-9188 |

**(Mail Fraud and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1341 and 2)**

## COUNT SIX
### (INTERSTATE TRANSPORTATION OF STOLEN PROPERTY)

29. Paragraphs 1 through 27 of the Superseding Indictment are incorporated herein by reference.

30. From in or about October 2000, to in or about January 2006, in the District of Columbia, defendant FARZAD DARUI, did willfully and knowingly transport, transmit and transfer, in interstate commerce, that is, between the District of Columbia and the Commonwealth of Virginia, a security of the value of $5,000 or more, that is, checks as enumerated below having a combined value of $8,716.48, well knowing the same to have been stolen:

| Count | Check Dated | Check # / Original Payee | Inserted Payee | Amount |
|---|---|---|---|---|
| 6 | 04/30/2003 | 78436 / Washington Gas | B.L.T. Services Inc. | $4,516.48 |
|   | 10/31/2003 | 78736 / Travelers | Blue Line Incorporated | $4,200.00 |

**(Interstate Transportation of Stolen Property and Causing an Act to be Done,
in violation of 18 United States Code, Sections 2314 and 2)**

**COUNT SEVEN
(INTERSTATE TRANSPORTATION OF STOLEN PROPERTY)**

31.  Paragraphs 1 through 27 of the Superseding Indictment are incorporated herein by reference.

32.  From in or about October 2000, to in or about January 2006, in the District of Columbia, defendant FARZAD DARUI, did willfully and knowingly transport, transmit and transfer, in interstate commerce, that is, between the District of Columbia and the Commonwealth of Virginia, a security of the value of $5,000 or more, that is, a check as enumerated below having a value of $6,006.35, well knowing the same to have been stolen:

| Count | Check Dated | Check # / Original Payee | Inserted Payee | Amount |
|---|---|---|---|---|
| 7 | 01/31/2003 | 78268 / CNA | Blue Line Travel, Inc. | $6,006.35 |

**(Interstate Transportation of Stolen Property and Causing an Act to be Done,
in violation of 18 United States Code, Sections 2314 and 2)**

**COUNT EIGHT
(MONEY LAUNDERING)**

33.  Paragraphs 1 through 27 of the Superseding Indictment are incorporated herein by reference.

34.  On or about May 27, 2004, in the District of Columbia and elsewhere, defendant

FARZAD DARUI, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal and transfer of funds by check number 6258 dated May 27, 2004, written on the Blue Line checking account and payable to American Express account number XXXX-XXXXXX-22008 in the amount of $14,353.35, such property having been proceeds derived from a specified unlawful activity, that is Mail Fraud, in violation of United States Code Section 1341, as further described in Counts 1 through 5 of this Superseding Indictment, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

**(Money Laundering and Causing an Act to be Done,
in violation of 18 United States Code, Sections 1957 and 2)**

**COUNT NINE
(THEFT IN THE FIRST DEGREE)**

35. Paragraphs 1 through 27 of the Superseding Indictment are incorporated herein by reference.

36. From between in or about October 2000, until in or about January 2006, in a continuing course of conduct, in the District of Columbia, defendant FARZAD DARUI wrongfully obtained over $430,000 in monies and property from the Islamic Center of Washington, D.C., which included tens of thousands of dollars of monies fraudulently obtained from the Royal Embassy through the defendant FARZAD DARUI's compilation and presentation of intentionally false and inflated semi-monthly expense reports, with the intent to appropriate the property to his own use or to the use of third persons.

**(Theft in the First Degree, in violation of Title 22,
District of Columbia Code, Sections 3211(b)(2) and 3212(a))**

**FORFEITURE ALLEGATION**

1.	The violations alleged in Counts 1 through 5 of this Superseding Indictment are realleged and incorporated by reference herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) as incorporated by Title 28, United States Code, Section 2461.

2.	Upon conviction of one or more of the offenses alleged in Counts 1 through 5 of this Superseding Indictment, defendant FARZAD DARUI shall forfeit to the United States pursuant to Title18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c), any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s), including but not limited to the following:

>	MONEY JUDGMENT – $435,103.26, which represents a sum of money equal to an amount of proceeds obtained as a result of the defendant's mail fraud scheme, in violation of Title 18, United States Code, Section 1341.

By virtue of the offenses charged in Counts 1 through 5 of this Superseding Indictment, any and all interest that the defendant has in the property constituting, or derived from, proceeds obtained directly or indirectly, as a result of such offenses is vested in the United States and hereby forfeited to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) (as incorporated by Title 28, United States Code, Section 2461(c)).

3.	If any of the above-described forfeitable property, as a result of any act or omission

of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. Section 853(p) as incorporated by 28 U.S.C. Section 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

> **(Criminal Forfeiture, pursuant to Title 28, United States Code, Section 2461(c) (incorporating Title 18, United States Code, Section 981(a)(1)(C) and Title 21, United States Code, Section 853), and Fed. R. Crim. P. 32.2)**

A TRUE BILL

FOREPERSON

ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA