UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00149-RCL |
| ) | |
| FARZAD DARUI, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FARZAD DARUI'S MOTION TO DISMISS, OR IN
THE ALTERNATIVE, MOTION IN LIMINE TO PRECLUDE ANY
EVIDENCE OR TESTIMONY FROM ANY REPRESENTATIVE
OF THE ROYAL EMBASSY OF SAUDI ARABIA**

Defendant Farzad Darui, by counsel, moves this Court to dismiss the indictment, or in the alternative, order that the government shall not admit any evidence from and testimony by any employee, agent, or representative of the Royal Embassy of Saudi Arabia unless Darui has available for testifying all relevant employees of that Embassy who are necessary for the defense. The grounds for this motion are set forth with particularity in the brief in support.

FARZAD DARUI

By: /s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant

By: /s/ Aaron S. Book
Aaron S. Book (DC Bar # 490815)
Steven T. Webster (admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00149-RCL |
| ) | |
| FARZAD DARUI, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FARZAD DARUI'S BRIEF IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION IN LIMINE TO PRECLUDE ANY EVIDENCE OR TESTIMONY FROM ANY <u>REPRESENTATIVE OF THE ROYAL EMBASSY OF SAUDI ARABIA</u>**

Farzad Darui's inability to utilize his right to compulsory process to compel representatives of the Royal Embassy of Saudi Arabia to testify and produce documents violates fundamental constitutional rights and mandates dismissal of this case. In the alternative, the government should be precluded from presenting at trial any evidence from employees, agents, or representatives of the Royal Embassy of Saudi Arabia.

**STATEMENT OF FACTS**

On June 8, 2007, the government charged Farzad Darui with five counts of mail fraud, one count of interstate transportation of stolen property, and one count of theft. The Islamic Center was named as the victim of the alleged scheme.[1] By superseding indictment, on February 28, 2008, the government expanded its theory of the named victim for the fraud counts. While retaining The Center as victim, the new indictment

---

[1] "…Darui, did knowingly devise, participate in and execute a scheme and artifice to defraud the Islamic Center of Washington, D.C. and to obtain money and property belonging to the…Center…by means of false and fraudulent pretenses, representations and promises." Indictment ¶11.

asserts that "the Royal Embassy agreed to donate money to the Center by way of semi-monthly checks to reimburse the Center's legitimate operating costs." *Id*. ¶14.

The superseding indictment also states that Darui sent records of the semi-monthly reports to the Embassy, which "relied" on their accuracy to determine the amount of money it would donate to The Center. After January 2003, the indictment asserts, the Embassy donated money to The Center "in predetermined amounts every month, and continued to insist on receiving accurate semi-monthly expense reports." *Id.*

Darui does not know which or how many witnesses the government intends to call from the Saudi Embassy.[2] However, by injecting into the case Saudi Arabian Embassy accounting procedures, what financial records it received from Darui ***and in what form*** (an issue critical to Darui's defense), the intent of its personnel regarding the amount of money sent to the Special Account, and its rules regarding Special Account spending, the government has put at issue the need for Darui to subpoena records and to subpoena and examine witnesses with personal knowledge of such matters.

The government's evidence of alteration of vendors' checks is quite limited. The only documentary evidence the government has as its basis for charging Darui with altering vendor checks are <u>copies</u> of what are claimed to be the "original" vendor checks, which partially cover what are claimed to be supporting invoices, all of which the government obtained from the Saudi Embassy. Thus, the witnesses the government calls from the Saudi Embassy must be able to answer a broad array of questions from personal knowledge, such as the following:

---

[2] The sole 302 of a Saudi employee reflects a limited knowledge of the Embassy's finances and procedures as they relate to this case.

2

- Were there rules or restrictions regarding the spending from the Special Account;

- Who received the semi-monthly financial documents from The Center;

- What form were the documents in when first received by The Center;

- Who scrutinized the semi-monthly financial documents;

- Who determined the validity of the invoices and what were the procedures;

- Who decided whether payment should have been made to a specific vendor;

- Who copied the semi-monthly financial documents the Embassy provided to the government;

- The names of every person who worked on The Center's bi-monthly reports;

- Who covered the invoices with checks during the copying;

- Who decided the salary paid to Khouj from 1984 to December 2002;

- Who decided the salary paid to Khouj from January 2003 to December 2006;

- What was the source of the salary paid to Khouj;

- When and in what form was The Center Board's request for financial assistance;

- What is the origin of the annual half-million dollars to The Center; and

- Why did the Saudis give the annual half-million dollars directly to Abdullah M. Khouj and not to The Center?

Without the benefit of compulsory process to procure documentary evidence and witnesses on these and other issues, Darui will be unconstitutionally hamstrung in defending himself.

The Vienna Convention on Diplomatic Relations art. 31 (VCDR) states: "A diplomatic agent is not obligated to give evidence as a witness." Similarly, "members of the administrative and technical staff of the mission . . . shall, if they are not nationals of

3

or permanently resident in the receiving State, enjoy" the same judicial process immunity. VCDR art. 37(2).

Although Darui does not have access to the national status of all the Saudi Embassy diplomats and employees with relevant knowledge (because, of course, he does not know the identity of the putative witnesses), he must assume that all of them are protected from judicial process under these provisions.

## ARGUMENT

### THE RIGHT TO COMPULSORY PROCESS IS SO FUNDAMENTAL TO DUE PROCESS THAT FAILURE TO PROVIDE IT IS REVERSIBLE ERROR

A fundamental element of due process is:

> [t]he right to offer the testimony of witnesses, and to compel their attendance, if necessary . . . . [It] is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense.

*Washington v. Texas,* 388 U.S. 14, 19 (1967).

"Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973). "The right to compulsory process was included in the Bill of Rights in reaction to the notorious common-law rule that in cases of treason or felony the accused was not allowed to introduce witnesses in his defense at all." *Washington*, 388 U.S. at 19, *citing* 3 Joseph Story, *Commentaries on the Constitution of the United States,* § 1786-88 (1st ed. 1833). Our constitutional framers "felt it necessary specifically to provide that defendants in

4

criminal cases should be provided the means of obtaining witnesses so that their own evidence, as well as the prosecution's might be evaluated by the jury." *Id*.

The Sixth Amendment "guarantees [a defendant] 'compulsory process for obtaining witnesses in his favor.'" *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982) (*citing* U.S. CONST. Amend. VI). If the testimony of a witness is determined to be material and favorable to the defense, the defendant has a right to have that testimony presented to the jury. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987) (remanding to the trial court for review of a file to determine if it contained information material to the defense that may have changed the outcome of the trial); *United States v. Cruz-Jiminez*, 977 F.2d 95, 105 (3rd Cir. 1992) (reversing and remanding to the district court to determine whether the testimony of a specific witness would be material and favorable to the defense).

Consistent with these bedrock constitutional principles, this Court previously recognized that the right to present a defense is a "fundamental element of due process of law," when it refused certain prosecution requests, stating that the government was "attempting to both prosecute the defendant and restrict his ability to use information that he feels is necessary to defend himself against the prosecution." *United States v. Rezaq*, 899 F. Supp. 697, 708 (D.D.C. 1995). Darui is being similarly whipsawed.

Although *Rezaq* was a national security case where the government was attempting to control classified information, this Court's observation applies equally to this case, where the government bases its theory of the case on evidence in the hands of a foreign embassy, fully aware that Darui is unable to subpoena foreign nationals.

5

In short, it is impossible for Darui to procure witnesses and documents necessary for his defense, while the government is free to present its evidence through presumably cooperative Saudi Embassy officials. "The Vienna Convention on Diplomatic Relations, to which the United States is a party, provides that diplomats of the sending state generally are immune from criminal and civil process of the receiving state [and] that they are 'not obliged to give evidence as a witness.'" *In re Grand Jury Proceedings*, 817 F.2d 1108, 1111 (4th Cir. 1987), *citing* VCDR art. 31, Apr. 18, 1961, 23 U.S.T 3227, 500 U.N.T.S. 95. That same protection applies to Embassy employees who are not U.S. persons. VCDR art. 37(2).

By injecting Saudi intent and accounting procedures into the superseding indictment, the government must call witnesses from the Embassy to prove the newly asserted factual allegations. But the government should not be able to have as a witness the employee or employees who best fit its theory, when Darui is prevented from subpoenaing persons and documents in support of his defense.

Unless the government can guarantee Darui can subpoena and have testify the Embassy employees relevant to his defense, as well as issue Rule 17(c) subpoenas for relevant, admissible evidence, the indictment should be dismissed. In the alternative, the government should not be permitted to admit any evidence from or testimony by any employee, agent, or representative of the Saudi Embassy.

Conclusion

For the reasons stated above, and for any reasons that may be stated in a reply brief, or in open court, Darui requests that the motion be granted.

FARZAD DARUI
By Counsel


By:   /S/ Aaron S. Book
    Aaron S. Book (DC Bar No. 490815)
    Steven T. Webster (admitted *pro hac vice*)
    Webster Book LLP
    1 North King Street
    Leesburg, Virginia 20176
    703-779-8229
    703-991-9178 (fax)
    abook@websterbook.com

    Victoria Toensing
    Joseph diGenova
    Brady Toensing
    diGenova & Toensing, LLP
    1776 K Street, N.W., Suite 737
    Washington, D.C. 20006
    (202) 289-7701
    (202) 289-7706
    *Counsel for Defendant Farzad Darui*

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald W. Sharpe, Esquire
Tejpal S. Chawla, Esquire
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530



      /S/ Aaron S. Book
Aaron S. Book

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) Crim. No. 1:07-cr-00149-RCL |
| | ) |
| FARZAD DARUI, | ) |
| | ) |
| Defendant. | ) |

**ORDER RE:**
**DEFENDANT FARZAD DARUI'S MOTION TO DISMISS,**
**OR IN THE ALTERNATIVE, MOTION IN LIMINE TO PRECLUDE**
**ANY EVIDENCE OR TESTIMONY FROM ANY REPRESENTATIVE**
<u>**OF THE ROYAL EMBASSY OF SAUDI ARABIA**</u>

THIS CAUSE came to be heard on Defendant's Motion and Defendant's Brief in Support thereof, and good cause having been shown, it is this _____ day of _____ 2008, hereby

**ORDERED** that defendant Darui's Motion is granted.

_____
Royce C. Lamberth, U.S. District Judge