UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>   v.                          )   Crim. No. 1:07-cr-00149-RCL<br>)<br>FARZAD DARUI,        )<br>)<br>   Defendant.         ) | |

**DEFENDANT'S MOTION TO DISMISS FORFEITURE**
**ALLEGATION OF THE SUPERSEDING INDICTMENT**

Defendant, by counsel, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B), moves to dismiss the forfeiture allegation of the Superseding Indictment. The grounds for this motion are set forth with particularity in the accompanying brief in support.

                                                          FARZAD DARUI
                                                          By Counsel

\_\_\_\_\_/S/ Aaron S. Book_____
Aaron S. Book (DC Bar No. 490815)
Steven T. Webster (admitted *pro hac vice*)
Webster Book LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
abook@websterbook.com

Victoria Toensing
Joseph diGenova
Brady Toensing
diGenova & Toensing, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706
*Counsel for Defendant Farzad Darui*

2

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald Sharpe, Esquire
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

Robert P. Watkins, Esquire
Williams & Connolly LLP
725 Twelfth Street NW
Washington, D.C. 20005-5901


      /S/ Aaron S. Book
Aaron S. Book (DC Bar No. 490815)
Steven T. Webster (admitted *pro hac vice*)
Webster Book LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
abook@websterbook.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) Crim. No. 1:07-cr-00149-RCL |
| | ) |
| FARZAD DARUI, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION
TO DISMISS FORFEITURE ALLEGATION OF THE SUPERSEDING INDICTMENT**

Defendant, by counsel, states as follows in support of his motion to dismiss the forfeiture allegation contained in the Superseding Indictment:

Introduction

On February 28, 2008, the grand jury returned a superseding indictment (the "Indictment") against Farzad Darui. The Indictment contains a forfeiture allegation under 28 U.S.C. § 2461(c) that relates solely to the mail fraud counts (Counts 1 through 5). *See* Indictment, p. 15 ("Upon conviction of one or more of the [mail fraud] offenses contained in Counts 1 through 5 of this Superseding Indictment, defendant . . . shall forfeit . . . any property constituting or derived from proceeds . . . as a result of the said violation(s). . . ."). The government seeks a money judgment in the amount of $435,103.26 against Darui as well as forfeiture of property derived from and traceable to any proceeds of the alleged mail fraud.

As a threshold matter, it is important to distinguish between two different judicial concepts: forfeitable assets and money judgments. On one hand, forfeitable assets constitute money or property directly traceable to the proceeds of crimes. On the other hand, a money judgment, usually a civil remedy, can reach assets that are not in any way traceable to proceeds of crimes. Money judgments in the criminal context, as in the civil context, can be satisfied by

collection proceedings including garnishment of future wages.  Congress envisioned and codified specific scenarios in which the government may seize assets pursuant to the forfeiture statutes and when it is permitted to obtain a money judgment against a defendant to satisfy a debt.  None of the scenarios apply here.

The forfeiture allegation containing a request for a money judgment must be dismissed for three reasons.  First, there is no general authority for the Court to order criminal forfeiture under 28 U.S.C. § 2461(c).  Second, the alleged mail fraud did not "affect a financial institution."  Third, there is no statutory authority to enter a money judgment in a prosecution for mail fraud.[1]

## ARGUMENT

1. ***This Court has explicitly rejected the argument that 28 U.S.C. § 2461(c) provides general authority for the Court to order criminal forfeiture for mail fraud.***

The Indictment tethers the forfeiture allegation to Counts 1 through 5 alleging mail fraud as follows:

> Upon conviction of one or more of the offenses alleged in Counts 1 through 5 . . . defendant FARZAD DARUI shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) . . . any property constituting or derived from proceeds obtained directly or indirectly as a result of the said violation(s) . . . .

Indictment, p. 15.

In *United States v. Day*, 416 F. Supp. 2d 79 (D.D.C. 2006), The government argued that 28 U.S.C. § 2461(c), as well as 18 U.S.C. §§ 981 and 982 provided the Court with general

---

[1] 28 U.S.C. § 2461(c) was amended in 2006; however, because the conduct alleged in the Indictment preceded the amendment, and because criminal forfeiture is deemed to be part of the sentence imposed in a criminal case (*see Libretti v. United States*, 516 U.S. 29, 38-39 (1995) (holding that forfeiture is an element of the sentence in a criminal case)), application of the 2006 amendments to Darui would violate the *Ex Post Facto* Clause of the United States Constitution. *See Collins v. Youngblood*, 497 U.S. 37, 42 (1990) (holding that the *Ex Post Facto* Clause prohibits retroactive application of a law that increases the punishment for a crime that an individual has already committed).

authority to order forfeiture for mail fraud. The Court disagreed, holding that the government was not entitled to seek criminal forfeiture for mail and wire fraud convictions. In *Day*, the defendant was convicted of various mail fraud charges and moved to dismiss the forfeiture allegation relating to those charges. The defendant also argued the government was not entitled to a money judgment to recoup the proceeds of the mail fraud. The Court agreed, holding that the government was not entitled under the statutes to seek criminal forfeiture for mail fraud, and there was no independent statutory authority permitting a money judgment for the offense.

The Court reasoned that § 2461(c), which is the basis for the government's forfeiture allegation against Darui, does not enable the Court to order criminal forfeiture for mail fraud even where a civil forfeiture is otherwise authorized. The Court carefully scrutinized the forfeiture statutes and provided the following analysis:

> According to the government, 28 U.S.C. § 2461(c) requires the Court to order criminal forfeiture where a civil forfeiture is authorized, and Section 981(a)(1)(C) in turn supplies the necessary authorization in this case. Section 981(a)(1)(C) provides for civil forfeiture of any real or personal property that "constitutes or is derived from proceeds traceable to" an offense constituting "specified unlawful activity," as that term is defined in 18 U.S.C. § 1956(c)(7). Section 1956(c)(7) defines "specified unlawful activity" as, among other things, "any act or activity constituting an offense listed in section 1961(1) [of Title 18]." Section 1961(1) is part of the RICO statute, and it provides, among other things, that mail and wire fraud are offenses for the purposes RICO. The government argues that this statutory scheme requires the Court to order Mr. Day to forfeit the proceeds of his mail and wire fraud convictions.
>
> The Court disagrees. The plain language of 28 U.S.C. § 2461(c) permits the government to seek criminal forfeiture of the property of a convicted person that would be subject to civil forfeiture, provided that "no specific statutory provision is made for criminal forfeiture upon conviction." Here, 18 U.S.C. § 982(a)(2)(A) is just such a specific statutory provision, authorizing criminal forfeiture upon conviction of mail and wire fraud. By its terms, therefore, Section 2461(c) does not authorize criminal forfeiture of mail and wire fraud proceeds.

*Day*, 416 F. Supp. 2d at 86.

The reasoning of *Day* is sound and applies to the facts here.

2. *Criminal forfeiture is an appropriate remedy only when the mail fraud "affects a financial institution." The Indictment alleges no effect whatsoever on a financial institution.*

Even under the specific statutory framework that provides a criminal forfeiture remedy for mail fraud, the conduct described in the Indictment fails to meet the standard. Section 982(a)(2) of the U.S. Code provides as follows:

> (2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
>
> > (A) section 215, 656, 657, 1005, 1006, 1007, 1014, 1341, 1343, or 1344 of this title, *affecting a financial institution* . . . .
>
> shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

18 U.S.C. § 982(a)(2) (emphasis added). The forfeiture allegation must be dismissed because the conduct alleged did not "affect a financial institution."

The term "affecting a financial institution" requires an allegation and proof that the financial institution was affected in an *adverse* manner, rather than merely used as an instrumentality of the crime. *See United States v. Ubakanma*, 215 F.3d 421, 426 (4th Cir. 2000) (holding enhanced sentencing guidelines for wire fraud applied only if "the [financial] institution itself were victimized by the fraud, as opposed to the scheme's mere utilization of the financial institution in the transfer of funds"); *United States v. Johnson*, 130 F.3d 1352, 1355 (9th Cir. 1997) (holding enhanced sentencing guideline applicable where embezzlement adversely affected a bank by causing it legal expenses and by damaging its reputation, its employees' morale, and its customer relations); *United States v. Schinnell*, 80 F.3d 1064, 1070 (5th Cir. 1996) (holding same where forgery "realistically exposed [bank] to substantial potential liability"); *United States v. Mizrachi*, 48 F.3d 651, 656 (2d Cir. 1995) (requiring victimization of

4

the financial institution in order to constitute "affecting"); *United States v. Esterman*, 135 F. Supp. 2d 917, 920 (N.D. Ill. 2001) (holding criminal forfeiture unavailable under § 982(a)(2)(A) where financial institution was merely conduit for transfer of funds).

The Indictment charges only that Darui utilized a financial institution to conceal his fraud in the following manner: he changed the mailing address of the Bank of America statements from The Islamic Center to a Post Office Box that allegedly only Darui could access. *See* Indictment ¶¶ 22 – 25. The Indictment does not allege, because it cannot, that Bank of America was harmed or victimized in any way as a result of the alleged fraud. Bank of America simply mailed bank statements to an address – something it would have done in the regular course of business absent any alleged fraud. As such, Bank of America cannot be construed as a "victim" of the fraud, to have been harmed in any way because of it, or, most importantly, to have been "affected" by it. *See, e.g., Esterman*, 135 F. Supp. at 920 (holding that "'affecting' means 'having an impact on,' and that in turn requires a showing of either an unfavorable or favorable impact from the wire fraud (with the latter of course being an extraordinary possibility)"). As a result, even if the government had alleged it, the Indictment could not meet the standard of § 982(a)(2)(A), and the forfeiture allegation must be dismissed.

 3. *The Government is not entitled to a personal "Money Judgment" against Darui.*

Even if the mail fraud offenses warranted forfeiture of Darui's property or any "substitute property" representing the directly traceable proceeds of the fraud, the statutes do not provide any basis whatsoever for the award of a money judgment in conjunction with such forfeiture. As *Day* held, "[n]otably absent from the applicable statutory framework [regarding mail fraud], however, is a provision expressly authorizing money judgments." *Day*, 416 F. Supp. 2d at 88.

In so ruling, the Court expressly rejected the government's argument that case law of other jurisdictions provides such authority. The Court stated:

> To begin with, the Court finds no such authority emanating from the inherent nature of criminal forfeitures.
>
> \*        \*        \*
>
> The Court also finds unpersuasive the numerous cases on which the government relies where courts appear to have authorized forfeiture money judgments outside the RICO context. None of the non-RICO cases on which the government relies meaningfully consider the propriety of entering money judgments, as the defendants in those cases appear not to have challenged the practice.

*Id*. at 89. Because the government has no statutory basis to seek a money judgment in relation to the forfeiture allegation, that component of the forfeiture allegation must be dismissed as well.

## Conclusion

For the reasons stated above, and for those reasons that may be stated in any reply memorandum or in open court, Farzad Darui requests that the Court dismiss the forfeiture allegation.

                              FARZAD DARUI
                              By Counsel

     /S/ Aaron S. Book
Aaron S. Book (DC Bar No. 490815)
Steven T. Webster (admitted *pro hac vice*)
Webster Book LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
abook@websterbook.com

Victoria Toensing
Joseph diGenova
Brady Toensing
diGenova & Toensing, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706
*Counsel for Defendant Farzad Darui*

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald Sharpe, Esquire
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

Robert P. Watkins, Esquire
Williams & Connolly LLP
725 Twelfth Street NW
Washington, D.C.  20005-5901


   /S/ Aaron S. Book
Aaron S. Book (DC Bar No. 490815)
Steven T. Webster (admitted *pro hac vice*)
Webster Book LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
abook@websterbook.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>v. )<br>)<br>FARZAD DARUI, )<br>)<br>Defendant. ) | Crim. No. 1:07-cr-00149-RCL |

## **ORDER**

THIS CAUSE came to be heard on Defendant's motion to dismiss the forfeiture allegation of the Superseding Indictment.

IT APPEARING that the motion should be granted;

IT IS ORDERED that the motion is GRANTED and that the forfeiture allegation is dismissed with prejudice.

Entered this _____ day of _____ , 2008.

_____
Royce C. Lamberth, Judge