UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>    v. )<br>)<br>FARZAD DARUI, )<br>)<br>    Defendant. ) | Crim. No. 1:07-cr-00149-RCL |

### DEFENDANT FARZAD DARUI'S MOTION TO DISMISS
### COUNT EIGHT OF THE INDICTMENT FOR LACK OF VENUE

Defendant Farzad Darui, by counsel, moves this Court pursuant to Art. III § 2 of the United States Constitution, the Sixth Amendment, Federal Rule of Criminal Procedure 18, and 18 U.S.C. § 1956 to dismiss Count Eight of the Indictment for lack of venue. The grounds for this motion are set forth with particularity in the brief in support.

                                              FARZAD DARUI
                                              By Counsel

_____/S/ Aaron S. Book_____
Aaron S. Book (DC Bar No. 490815)
Steven T. Webster (admitted *pro hac vice*)
Webster Book LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
abook@websterbook.com

Victoria Toensing
Joseph diGenova
Brady Toensing
diGenova & Toensing, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706
*Counsel for Defendant Farzad Darui*

1

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald Sharpe, Esquire
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

Robert P. Watkins, Esquire
Williams & Connolly LLP
725 Twelfth Street NW
Washington, D.C. 20005-5901


      /S/ Aaron S. Book
Aaron S. Book (DC Bar No. 490815)
Steven T. Webster (admitted *pro hac vice*)
Webster Book LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
abook@websterbook.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) Crim. No. 1:07-cr-00149-RCL |
| | ) |
| FARZAD DARUI, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT FARZAD DARUI'S BRIEF IN SUPPORT OF MOTION
TO DISMISS COUNT EIGHT OF THE INDICTMENT FOR LACK OF VENUE**

Defendant Farzad Darui, by counsel, submits the following authorities in support of his motion to dismiss Count Eight of the Indictment for lack of venue. Put simply, venue is not proper in this judicial district.

PRELIMINARY STATEMENT

Mr. Darui is charged by superseding indictment with five counts of mail fraud, (Counts One through Five), two counts of interstate transportation of stolen property, (Counts Six and Seven), one count of money laundering (Count Eight), and one count of theft in the first degree (Count Nine). The money laundering count alleges a violation of 18 U.S.C. section 1957, which provides as follows:

> Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

18 U.S.C. §1957(a).

Among the "circumstances set forth in subsection (d)" is that the offense occurs in the United States. Subsection (f) of section 1957, in turn, defines the terms used in subsection (a):

> As used in this section—
>
> (1) the term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary

>instrument (as defined in section 1956(c)(5) of this title) by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title, but such term does not include any transaction necessary to preserve a person's right to representation as guaranteed by the sixth amendment to the Constitution;
>
>(2) the term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense; and
>
>(3) the term "specified unlawful activity" has the meaning given that term in section 1956 of this title.

18 U.S.C. §1957(f). "Specified unlawful activity" is defined to include mail fraud. *See* 18 U.S.C. §1956(c)(7)(A).

>Count Eight alleges in pertinent part:
>
>On or about May 27, 2004, in the District of Columbia and elsewhere, defendant FARZAD DARUI, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal and transfer of funds by check number 6258 dated May 27, 2004, written on the Blue Line checking account and payable to American Express . . . in the amount of $14,353.35 . . . .

Indictment, ¶ 34.

>Proper venue for a section 1957 violation is set forth in 18 U.S.C. section 1956(i):
>
>(1) Except as provided in paragraph (2), a prosecution for an offense under this section or section 1957 may be brought in—
>
>(A) any district in which the <u>financial or monetary transaction is conducted</u>; or
>
>(B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of <u>the proceeds</u> of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.
>
>(2) A prosecution for an attempt or conspiracy offense under this section or section 1957 may be brought in the district where venue would lie for the completed offense under paragraph (1), or in any other district where an act in furtherance of the attempt or conspiracy took place.

2

> (3) For purposes of this section, a transfer of funds from [one] place to another, by wire or any other means, shall constitute a single, continuing transaction. Any person who conducts (as that term is defined in subsection (c)(2)) any portion of the transaction may be charged in any district in which the transaction takes place.

18 U.S.C. §1956(i) (emphasis added).

Darui contends that no "specified unlawful activity" occurred. But even if the government could prove that, the "monetary transaction" alleged, i.e., "the withdrawal and transfer of funds by check number 6258 dated May 27, 2004," occurred solely in Virginia. The check was drawn on the account of a corporation chartered under Virginia law, located in Virginia, and on a Wachovia branch financial account opened and located in Virginia. Therefore, venue does not lie in this judicial district.

ARGUMENT

1. ***Established principles regarding venue as applied to charges of money laundering under section 1957 mandate dismissal of Count Eight.***

   > Proper venue in criminal proceedings was a matter of concern to the Nation's founders. Their complaints against the King of Great Britain, listed in the Declaration of Independence, included his transportation of colonists "beyond Seas to be tried."
   >
   > The Constitution twice safeguards the defendant's venue right: Article III, §2, cl. 3 instructs that "Trial of all Crimes . . . shall be held in the State where the said Crimes shall have been committed"; the Sixth Amendment calls for trial "by an impartial jury of the State and district wherein the crime shall have been committed." Rule 18 of the Federal Rules of Criminal Procedure, providing that "prosecution shall be had in a district in which the offense was committed," echoes the constitutional commands.

*United States v. Cabrales,* 524 U.S. 1, 6 (1998) (footnote omitted) (affirming dismissal of money laundering counts for improper venue). Although tacking on money laundering charges appears to be a routine *in terrorem* tactic in federal criminal cases, one limit to this strategy is the constitutional command of proper venue.

3

To analyze properly the venue issue, one must first determine the *locus delicti* "from the nature of the crime alleged and the location of the act or acts constituting it." *Cabrales*, 524 U.S. at 6-7. *See also United States v. Morgan*, 393 F.3d 192, 196 (D.C. Cir. 2004) (same) (quoting *Cabrales*). Importantly, in conducting its analysis in *Cabrales*, the Supreme Court noted that the statutory proscriptions of section 1957 "interdict only the financial transactions . . . <u>not the anterior criminal conduct</u> that yielded the funds allegedly laundered." *Id.* at 7 (emphasis added). We must therefore examine the elements of Section 1957 and the financial transaction at issue to determine whether venue is satisfied. *Cf. Morgan*, 393 F.3d 192, 200 (affirming an elements approach to venue issues and rejecting the government's broader transactional approach as "gobbledygook," "more gobbledygook," "almost limitless," "obviously untenable," and "stunning").

A.  *Section 1956(i)(1)(A) venue is not satisfied because the financial or monetary transaction was not conducted in Washington, D.C.*

Section 1957(a) requires a "monetary transaction" in "criminally derived property." 18 U.S.C. §1957(a). Section 1956(i)(1)(A) states venue lies in "any district in which the financial or monetary transaction is conducted." The Indictment alleges that the money laundering (or monetary transaction) is "the withdrawal and transfer of funds by check." Indictment, ¶ 34. The same paragraph alleges that the "criminally derived property" is money in the "Blue Line checking account." *Id.* Thus, the Indictment alleges that the withdrawal of funds by check from the Virginia account of a Virginia corporation is the offense. Yet that offense, if it be one at all, occurred not in this judicial district, but entirely in the Eastern District of Virginia. Accordingly, the constitutional command of venue under §1956(i)(1)(A) is not satisfied.

4

B.   *Section 1956(i)(1)(B) venue is not satisfied because the there were no "proceeds" of the alleged unlawful activity until the funds were credited to a bank account in Virginia.*

Importantly, although venue may be proper for specified unlawful activity, that does not automatically confer venue for a money laundering transaction. *See United States v. Cabrales*, 524 U.S. 1, 6 (1998) (affirming dismissal of money laundering counts for improper venue where venue for underlying specified unlawful activity was appropriate). And venue is proper under section 1956(i)(1)(B) only "if the defendant participated in the transfer of the proceeds of the specified unlawful activity from [this] district to the district where the financial or monetary transaction is conducted." 18 U.S.C. §1956(i)(1)(B). Because the proceeds of the alleged predicate offense did not come into existence until the checks were cashed in Virginia, venue is not appropriate under that provision either. Resolution of this issue requires an analysis of what it means to "transfer … proceeds."

In *United States v. Johnson*, 971 F.2d 562 (10th Cir. 1992), the defendant was convicted of various offenses resulting from a Ponzi scheme that was based on representations to others that he would invest in Mexican pesos. Among other issues on appeal, Johnson asserted that the wire transfer of funds from the investors' accounts to his account was not a violation of section 1957 because the funds at that point did not constitute "proceeds" of specified unlawful activity, namely wire fraud. *See id.* The Court agreed, reversing and dismissing twenty-eight counts of conviction based on those transfers:

> The underlying criminal activity in this case was wire fraud, which the defendant accomplished by causing the investors to wire funds to his account. Whether or not the funds that were wired to the defendant were "criminally derived property" depends upon whether they were proceeds obtained from a criminal offense at the time the defendant engaged in the monetary transaction. We find they were not. Section 1957 appears to be drafted to proscribe certain transactions in proceeds that have already been obtained by an individual from an underlying criminal offense. The defendant did not have possession of the funds nor were they at his disposal until the investors transferred them to him. The defendant therefore

5

>cannot be said to have obtained the proceeds of the wire fraud until the funds were credited to his account. Thus, the transfers alleged in counts four through thirty-one of the indictment were not transactions in criminally derived property and the defendant's convictions on those counts are reversed.

*Id.* at 569-570. *See also United States v. Howard*, 245 F. Supp. 2d 24, 29 (D.D.C. 2003) (vacating defendant's two money laundering convictions because there was no distinction between the specified unlawful activity and the money laundering transactions).

Here, the monetary transaction specifically alleged is a withdrawal by check from a Virginia bank account of a Virginia corporation by a Virginia resident. While those funds may or may not have been proceeds at that point, they were never proceeds until the funds were credited to the Virginia account of a Virginia corporation with its principal place of business in the Eastern District of Virginia. Accordingly, venue does not lie under section 1956(i)(1)(B).

## CONCLUSION

For the reasons stated above and those that may be stated in any reply brief or at any hearing on this motion, the Court should dismiss Count Eight of the Indictment in order to honor the constitutional right to trial in a proper venue.

FARZAD DARUI
By Counsel

     /S/ Aaron S. Book
Aaron S. Book (DC Bar No. 490815)
Steven T. Webster (admitted *pro hac vice*)
Webster Book LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
abook@websterbook.com

Victoria Toensing
Joseph diGenova
Brady Toensing
diGenova & Toensing, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706
*Counsel for Defendant Farzad Darui*

7

**CERTIFICATE OF SERVICE**

       I hereby certify that on March 14, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald Sharpe, Esquire
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

Robert P. Watkins, Esquire
Williams & Connolly LLP
725 Twelfth Street NW
Washington, D.C.  20005-5901


      /S/ Aaron S. Book
Aaron S. Book (DC Bar No. 490815)
Steven T. Webster (admitted *pro hac vice*)
Webster Book LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
abook@websterbook.com

8

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00149-RCL |
| ) | |
| FARZAD DARUI, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

THIS CAUSE came to be heard on Defendant Farzad Darui's motion to dismiss Count Eight of the Indictment for lack of venue.

IT APPEARING that the motion should be granted;

IT IS ORDERED that the motion is GRANTED.

IT IS FURTHER ORDERED that Count Eight of the Superseding Indictment is dismissed with prejudice.

Entered this _____ day of _____, 2008.

_____
Royce C. Lamberth, Judge