UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00149-RCL |
| ) | |
| FARZAD DARUI, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FARZAD DARUI'S MOTION TO COMPEL
DISCLOSURE OF EVIDENCE REGARDING INTERVIEWS
CONDUCTED BY SPECIAL AGENT JEFFREY HARRY**

Defendant Farzad Darui, by counsel, moves this Court for an order compelling the disclosure of certain interviews of Farzad Darui and Abdullah Khouj by FBI Special Agent Jeffrey Harry. Evidence of these interviews directly supports one of the main contentions of the defense—that Darui was concerned about threats to the security of the Islamic Center and that certain of the funds alleged by the government to have been embezzled were actually used for the payment of informants who reported on the plans of radical Islamist factions. The evidence sought is thus required to be produced under both Federal Rule of Criminal Procedure 16 and *Brady v. Maryland*. Further grounds for this motion are set forth in the brief in support filed with this motion.

WHEREFORE, Defendant Farzad Darui moves this Court to grant the relief requested.

FARZAD DARUI


By: /s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant


By: /s/ Aaron S. Book
Aaron S. Book (DC Bar # 490815)
Steven T. Webster (admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00149-RCL |
| ) | |
| FARZAD DARUI, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FARZAD DARUI'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCLOSURE OF EVIDENCE REGARDING INTERVIEWS CONDUCTED BY SPECIAL AGENT JEFFREY HARRY**

PRELIMINARY STATEMENT

From the earliest stages of this case, Farzad Darui has openly stated the central theme of his defense—all the acts alleged as crimes by the government were authorized by Abdullah M. Khouj, the director of The Islamic Center. The so-called "vendor" checks were in fact checks made out to Darui's businesses and signed by Khouj for the debt he incurred for Darui housing his "wives" or mistresses.

The other reason for the expenditure of funds at issue was that Darui was paying informants who would advise him of radical Islamist plans regarding The Center. Darui's concern for security was well-founded and quite personal. His friend and mentor, Akbar Tabatabai, had been assassinated after The Center was taken over by such a group. Darui was intent on preventing a recurrence of radicals making The Center their headquarters.[1]

Thus, the fact of previous expressions of concern by Darui about these matters as well as his active pursuit of relevant information (especially through informants) is

---

[1] Khouj had an overlapping interest. Although he had no problem with Wahabis preaching at The Center, he did not want non-Saudi radicals taking it over. Thus, he agreed with the expenditures to informants for information.

central to his defense. Such evidence includes any documentation of discussions or meetings between FBI Special Agent Jeffrey Harry and Darui.

Darui first met with Harry in either late 2005 or early 2006, and again in the summer of 2006. At the first meeting, Harry, accompanied by a female, questioned Khouj about his relationship with specific Saudi individuals. Darui was present for this meeting and at the end Darui and Harry exchanged cards. (App. A).

Some months later Harry contacted Darui and asked to meet. Darui invited him to The Center, but Harry insisted on meeting elsewhere. So Darui and Harry met on Thursday, July 13 at a restaurant in Crystal City, Virginia. (App. B). During lunch Darui explained how the Saudis were attempting to take over The Center. Harry gave Darui his cell phone number. (App. C). According to FBI protocol, Harry should have made reports of both meetings. Such evidence would support Darui's defense that he collected evidence of radicals' plans regarding The Center.

The first written request to the government for Harry's reports was January 30, 2008. The government's response was simply to state without elaboration that the information involved "national security" and therefore would not be disclosed. When asked, government counsel admitted they had not personally spoken to Special Agent Harry.

During a telephone conversation on February 19, 2008, defense counsel again requested this information. By letter dated March 11, 2008 counsel once again requested documentation regarding Harry's meetings with Darui because the government's only response had been that it was "continuing to evaluate" the Harry request. On March 14, 2008, the government by letter "decline[d]" the request without explanation. (App. D). It

2

merely stated that it "continues to comply with its obligations pursuant to Federal Rule of Criminal Procedure 16(a) as well as its obligations to disclose Brady materials." The defense disagrees.

1.  *Rule 16 plainly requires disclosure of the evidence sought.*

>   Federal Rule of Criminal Procedure 16(a)(1)(B) provides in part:

>   Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:

>   (i)  any relevant written or recorded statement by the defendant if:

>   • the statement is within the government's possession, custody, or control; and
>   • the attorney for the government knows—or through due diligence could know—that the statement exists; [and]

>   (ii)  the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent.

Fed. R. Crim. P. 16(a)(1)(B). Under the plain terms of Rule 16, the information sought must be disclosed.

2.  *Well-established Brady principles also require disclosure of the evidence sought.*

The Fifth Amendment to the United States Constitution requires the government to disclose to defendants all information in its possession that is favorable to the accused and material to either guilt or punishment. *See Brady v. Maryland*, 373 U.S. 83, 87-90 (1963). Further, disclosure of *Brady* material "must be made at such time as to allow the defense to use the favorable material effectively in the preparation and presentation of its case . . . ." *United States v. Pollack*, 534 F.2d 964, 973 (D.C. Cir. 1976).

3

Darui has repeatedly told the government and this Court that part of the funds at issue were to pay informants. Darui used this information for The Center's security and also shared it with local law enforcement when asked. Harry, who is but one of those law enforcement persons, is the most recent. Harry's reports of his meetings with Darui directly support Darui's defense, contrary to the government's assertions in its December 20, 2007 Motion *in Limine*.[2]

Darui has proffered to the government (and now to the Court) why the Harry information relates to and supports his defense. The stock response from the government that it "continues to comply with its obligations pursuant to Federal Rule of Criminal Procedure 16(a) as well as its obligations to disclose Brady materials" is no response to this specific request.

Because the government refuses to comply with its obligations under Rule 16 and *Brady*, the Court should order it to do so and compel disclosure of the information sought.

FARZAD DARUI

By: /s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant

---

[2] "[W]hether or not The Islamic Center paid informants to keep tabs on radicals . . . is totally irrelevant to the facts in dispute here." December 20, 2007, Government's Motion *in Limine*, pp. 13-14 (Dkt. No. 33).

4

5

        By: /s/ Aaron S. Book
        Aaron S. Book (DC Bar # 490815)
        Steven T. Webster (admitted *pro hac vice*)
        WEBSTER BOOK LLP
        1 North King Street
        Leesburg, Virginia 20176
        703-779-8229
        703-991-9178 (fax)
        Counsel for Defendant

CERTIFICATE OF SERVICE

  I hereby certify that on April 2, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald Sharpe, Esq.
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

/s/ Victoria Toensing
Victoria Toensing

# APPENDIX A



# APPENDIX B



# APPENDIX C



# APPENDIX D



U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 14, 2008

**VIA Electronic Mail and First Class Mail**

Steven T. Webster, Esq.
Aaron S. Book, Esq.
Webster Book LLP
1 North King Street
Leesburg, VA 20176

Re: <u>United States v. Farzad Darui, Cr. No. 07-149 (RCL)</u>

Dear Messrs. Webster and Book:

This letter responds to your letter dated March 11, 2008, in which you requested any documentation regarding interviews that may have been conducted by FBI Special Agent Jeffrey Harry. <u>The government has looked into this issue and declines to turn over any documentation related to your request. The government continues to comply with its obligations pursuant to Federal Rules of Criminal Procedure 16(a) as well as its obligations to disclose Brady materials.</u>



The government hereby formally requests all defense discovery materials pursuant to Fed. R. Crim. P. 16(b) including, but not limited to, any and all documents or tangible evidence which you intend to use at trial, any expert testimony you intend to use at trial, and any tests or examinations performed on behalf of the defendant.

The government specifically requests any and all documents or tangible evidence which you intend to use at trial relating to defendant Farzad Darui's allegations that Dr. Khouj and/or the Islamic Center concealed "payments to certain informers" from the Saudis. Defendant Farzad Darui's Brief in Opposition to Motion to Quash Subpoena to Abdullah Khouj filed November 7, 2007, (07-mc-00387-RCL, Dkt. No. 5 at 10).

Please contact us if you have any questions or need additional information.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: /s/

TEJPAL S. CHAWLA
RONALD W. SHARPE
Assistant United States Attorneys
(202) 353-2442 (Chawla)
(202) 353-9460 (Sharpe)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) Crim. No. 1:07-cr-00149-RCL |
| | ) |
| FARZAD DARUI, | ) |
| | ) |
| Defendant. | ) |

**ORDER RE:**
**DEFENDANT FARZAD DARUI'S MOTION TO COMPEL**
**DISCLOSURE OF EVIDENCE REGARDING INTERVIEWS**
**CONDUCTED BY SPECIAL AGENT JEFFREY HARRY**

THIS CAUSE came to be heard on Defendant's Motion to Compel, and good cause having been shown, it is this _____ day of _____ 2008, hereby

**ORDERED** that defendant Darui's Motion is granted; and it is further

**ORDERED** that the government produce all information sought related to interviews conducted by Special Agent Jeffrey Harry.

_____
Royce C. Lamberth, U.S. District Judge