UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 07-149 (RCL) |
| | : | |
| FARZAD DARUI | : | |
| | : | |
| Defendant | : | |
| | : | |

GOVERNMENT'S OPPOSITION TO DEFENDANT FARZAD DARUI'S
MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION
IN LIMINE TO PRECLUDE EVIDENCE OR TESTIMONY FROM ANY
REPRESENTATIVE OF THE ROYAL EMBASSY OF SAUDI ARABIA

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, opposes the Defendant's Motion to Dismiss, or in the Alternative, Motion in Limine to Preclude Any Evidence or Testimony From Any Representative of the Royal Embassy of Saudi Arabia ("Defense Motion"). As discussed further herein, there is no legal or factual basis for the defendant's motion.

I.   Introduction

At the root of the defendant's motion is his belief that if the Government calls an employee of the Royal Embassy of Saudi Arabia to testify, who is a victim of the defendant's fraud, that his constitutional right to a fair trial will be violated because he may not be able to compel other testimony or discovery from the embassy. As discussed below, defendants do not have an absolute constitutional right to obtain evidence from any source, and this defendant has not even indicated that he would be entitled to compel such evidence even if he did have this right. Tellingly, the defendant has also failed to cite to a single court that has acknowledged the extraordinary right he now asks this court to recognize.

1

II.     Argument

      The Indictment alleges that the defendant intentionally defrauded funds from the Islamic Center and the Royal Embassy of Saudi Arabia ("Embassy").  See Superceding Indictment at ¶¶ 12-28.  Perceiving that victim testimony from the Embassy may further implicate their client at trial, the defense now attempts to dismiss the Indictment or bar the victim testimony because it does not have "the benefit of compulsory process" to procure wholesale discovery from the Royal Embassy of Saudi Arabia due to the Vienna Convention on Diplomatic Relations ("Vienna Convention").  See Def. Mot. At 3.  This argument is erroneous.

      **A.     Defendant Has No Constitutional Right to Unobtainable Evidence**

      The defendant's motion is entirely based on the demonstrably false premise that his constitutional rights will be violated if he cannot obtain and present evidence that he is unable to obtain by subpoena. While it is true that the Vienna Convention does protect certain foreign diplomats from the Kingdom of Saudi Arabia from some mandatory judicial process, see 23 U.S.T. 3227 (1972), this fact has no legal effect on the defendant's rights.  Instead,

> [t]he Sixth Amendment provides a right to compulsory process only if the desired witness is within the court's subpoena power.  A court's inability to subpoena a foreign witness does not implicate the compulsory process clause, even if that witness could provide testimony that is material and favorable to the defendant.

United States v. Korogodsky, 4 Supp.2d 262, 268 (S.D.N.Y. 1998) (citations omitted); see United States v. Moussoui, 382 F.3d 453, 463 (4th Cir. 2004), cert. denied, 544 U.S. 931 (2005) (recognizing Sixth Amendment "compulsory process right is circumscribed . . . by the ability of the district court to obtain the presence of a witness through service of process"); United States v. Zabeneh, 918 F.2d 244, 246, n.2 (5th Cir. 1988) ("convictions are not unconstitutional under the Sixth Amendment even though United States courts lack power to subpoena witnesses . . .

."); United States v Greco, 298 F.2d 247, 251 (2nd Cir. 1962) (holding right of compulsory process limited to "where it is within the power of the federal government to provide it"); United States v. Herbert, 2005 WL 106909 at *2 (S.D.N.Y. Jan. 19, 2005) (rejecting defendant's claim that he had a constitutional right to compel witnesses from Belize and Columbia); see also Taylor v. Illinois, 484 U.S. 400, 415 (1988) (Sixth Amendment compulsory clause rights must yield to reasonable discovery and evidentiary procedures); Taylor v. Minnesota, 466 F.2d 1119, 1121 (8th Cir. 1972) (no violation of defendant's compulsory process right if process server acted in good faith to find defense witness, but was unable to find the witness). Not surprisingly, the defense has been unable to identify a single case that recognizes a defendant's constitutional right to obtain evidence where the court and the government are without power to compel such production. With no constitutional right at issue, or right of discovery under Rule 16, the defense motion fails.[1]

### B.    The Evidence the Defendant Seeks Cannot be Compelled in Any Case

Even assuming that the defendant had protected a constitutional right, his right to compel the production of evidence and testimony from witnesses is still limited. As the D.C. Circuit has stated regarding a defendant's right to compel testimony:

> This right is not violated "by the mere absence of testimony." United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). Rather the defendant must make "some plausible showing of how [the witnesses'] testimony would have been both material and favorable to his defense." Id.; see Washington v. Texas, 388 U.S. 14, 16 (1967). A witness' testimony is material if its absence actually prejudiced the defendant's ability to

---

[1] The fact that the defense has resorted to this motion is not at all surprising. It has been recognized that if defendants had the expansive right of compulsory process the defense claims in this case, then "any defendant could forestall trial simply by specifying that a certain person living where he could not be forced to come to this country was required as a witness in his favor." Greco, 298 F.2d at 251.

3

      mount a defense.  United States v. North, 910 F.2d 843, 889 (D.C. Cir. 1990), cert. denied, 500 U.S. 941 (1991).

United States v. Dean, 55 F.3d 640, 662 (D.C. Cir. 1995), cert. denied, 516 U.S. 1184 (1996); see also United States v. Nixon, 418 U.S. 683, 700 (1974) (discovery limited to evidence that is relevant and admissible).  Establishing actual prejudice in access to evidence cases is a very heavy burden, and the Supreme Court has held that "we must find that the absence of [fundamental] fairness fatally infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." Valenzuela-Bernal, 458 U.S. at 872 (quoting Lisenba v. California, 314 U.S. 219, 263 (1941)).[2]  Thus, even if defendant Darui had a viable constitutional right – which he does not– the information he now claims to require would only be compellable if the information he claims to need from the Royal Embassy of Saudi Arabia was (1) material and demonstrably favorable to his defense; and (2) so significant as to amount to actual prejudice to his ability to mount a defense.  Defendant Darui cannot meet either of these thresholds.

      First, the defense has not identified a single fact that an Embassy witness would propound that would be admissible, material, and demonstrably favorable to his defense.  None of fifteen hypothetical questions raised by the defense in its motion, see Def. Mot. at p 3, seek answers which are exculpatory (i.e. establish that defendant Darui had the right to take or steal the money), and none of them appear probative of establishing his asserted affirmative defense,

---

[2] Even the few cases cited by the defense only provide for relief where the government has prevented disclosure of information, or there has been a failure by the court to produce or review evidence that is material, exculpatory, and can be compelled.  See Pennsylvania v. Richie, 480 U.S. 39, 54 (1987) (failure of court to review); United States v. Cruz-Jiminez, 977 F.2d 95, 103 (3rd Cir. 1992) (failure of court to compel testimony); United States v. Rezaq, 899 F. Supp. 697, 708 (D.D.C. 1995) (government requested withholding).  In this case, however, the defense cannot point to any government abuse, or any improper deprivation of legitimate information; the government has consistently met all of its Rule 16 and *Brady* obligations.

namely that the money the defendant received from the Islamic Center were authorized by Dr. Khouj to pay for Dr. Khouj's mistresses and wives, and that Dr. Khouj and the defendant worked together to hide these payments from the Royal Embassy of Saudi Arabia.[3]  This inability should not be surprising, because if, as the defendant claims, he and Dr. Khouj worked together and successfully mislead the Royal Embassy of Saudi Arabia throughout the fraud period, there is little reason that employees of the Royal Embassy of Saudi Arabia could have much in the way of exculpatory evidence.  Instead, the fifteen questions appear mainly focused on the irrelevant internal accounting and administrative processes used by the Embassy, none of which is relevant to the case or has anything to do with whether the defendant lied to the Embassy or legitimately took money from the Islamic Center.[4]  In short, the information at issue is not material to his defense, and the defendant has not demonstrated how it would be favorable or exculpatory.

Second, even if the defendant could prove that the evidence at issue was material and favorable to his position, he has not demonstrated that his inability to obtain witnesses or evidence from the Embassy will actually prejudice his ability to mount a defense.[5]  See Dean, 55

---

[3] See Def. Darui Brief in Opp. to Mot. By Abdullah M. Khouj to Quash Subpoenas Served by Darui on Three Entities at 5, 10 ("Darui has contended from the outset that the money that flowed from Khouj's account (called the 'Special Account') to Darui's entities was repayment of a debt for housing and feeding of Khouj's 'wives'" and "Khouj's intent was to conceal these payments from the Saudis . . . .  Although the method Khouj and Darui used to facilitate the repayment of the debt may have been unsophisticated, it was not illegal.")

[4] The government acknowledges that some of the questions proposed by the defendant may be relevant questions if the witness from the Royal Embassy of Saudi Arabia testifies as a custodian of records.  If the witness does testify as a custodian of records, the government will not object to relevant defense cross-examination in this area.

[5] The "actual prejudice" standard is well known in other contexts as well.

"To establish "actual prejudice," [the defendant] "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they

F.3d at 662; see Valenzuela-Bernal, 458 U.S. at 869; North, 910 F.2d at 889.  The defendant has failed to identify any exculpatory evidence that exists *solely* in the possession of witnesses employed by the Royal Embassy, and he has also not explained how any trial strategy or affirmative defense he *will* mount at trial is actually prejudiced by the alleged inability to compel a specific witness' testimony.  In fact, the defense has not even identified the name of a single exculpatory witness with personal knowledge at the Royal Embassy of Saudi Arabia whom it wishes to testify, nor has it suggested that it has actually tried to contact or call that person to see if they are willing to testify at trial.  Where there is no actual prejudice, the defendant cannot be entitled to compulsory process, nor can he complain about its absence.

### C. The Defense Will Have Ample Opportunity to Cross Examine All Government Witnesses and There is No Basis to Dismiss the Indictment or Limit Testimony

Despite the defendant's concern about his inability to compel the testimony of foreign witnesses, he will have his day in court and there is no question that the defendant will have his right to confront all government witnesses on cross examination.  If the government calls a witness who is employed by the Royal Embassy of Saudi Arabia in its case in chief, the defense will have an opportunity to appropriately cross-examine that witness within the appropriate rules

---

worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." [United States v.] Frady, 456 U.S. [152] at 170 [1982]. Although the required showing has not been precisely delineated, it is clear that [the defendant] must at least demonstrate that "there is a reasonable probability that, but for [the errors], the result of the proceeding would have been different." United States v. Dale, 140 F.3d 1054, 1056 n. 3 (D.C.Cir.1998) (quoting Strickland v. Washington, 466 U.S. 668, 694 (1984)).

United States v. Pettigrew, 346 F.3d 1139, 1144 (D.C. Cir. 2003) (recognizing "actual prejudice" requirement in habeas cases).

of evidence. The government stands on the same legal footing as the defendant, and he cannot demonstrate any unfair prejudice: both parties will be able to question the witness equally even though neither party has the power to compel witness testimony from certain foreign diplomats working at the Royal Embassy of Saudi Arabia. This result is not only legal and constitutional, it is also fair to the parties and the jury.

### III. Conclusion

The defendant has no constitutional right to subpoena foreign witnesses from the Royal Embassy of Saudi Arabia, and even if he did, he cannot demonstrate that the evidence he seeks is materially favorable to him, or that he will suffer actual prejudice from its exclusion. For the foregoing reasons there is no basis for the defendant's Motion to Dismiss or Alternative Motion in Limine, and the defendant's motion should be denied in full.

Respectfully submitted,

JEFFREY A. TAYLOR

UNITED STATES ATTORNEY

By: _____/s/_____
Tejpal S. Chawla, D.C. Bar No. 464012
Ronald W. Sharpe, D.C. Bar. No. 434575
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-2442 (Chawla)
(202) 353-9460 (Sharpe)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim. No. 07-149 (RCL) |
| | : | |
| **FARZAD DARUI** | : | |
| | : | |
| **Defendant** | : | |
| _____ | : | |

## ORDER

After having considered the Defendant Farzad Darui's Motion to Dismiss, or in the Alternative, Motion in Limine to Preclude Any Evidence or Testimony from Any Representative of the Royal Embassy of Saudi Arabia, the government's opposition thereto, oral argument and the entire record in this matter, it is hereby:

ORDERED that the defendant's motion is DENIED.

**SO ORDERED** this _____ day of _____, 2008.

_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE