UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 07-cr-0149 (RCL) |
| FARZAD DARUI, | ) ) | |
| Defendant. | ) ) ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
FORFEITURE ALLEGATION OF THE SUPERSEDING INDICTMENT**

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, opposes the Defendant's Motion to Dismiss Forfeiture Allegation of the Superseding Indictment. As discussed herein, there is no legal basis for the defendant's motion.

**Introduction**

Defendant makes two arguments in support of his Motion to Dismiss Forfeiture Allegation of the Superseding Indictment. He first maintains that 28 U.S.C. § 2461(c) does not in fact provide authority for a District court to order criminal forfeiture for mail fraud, because criminal forfeiture for mail fraud is appropriate only where such affects a financial institution.[1]

---

[1] This motion also misses the point, as the government's proof at trial will include evidence that a financial institution was affected by the defendant's mail fraud scheme -- it too was victimized by his crimes. Specifically, the defendant in this case altered the payee line on numerous legitimate checks issued by the Islamic Center and he thereby deceived the Bank of America into transmitting funds from the Islamic Center directly to the defendant's bank accounts. The defendant also fraudulently misled the Bank of America to change the address for correspondence and bank statements that were issued by Islamic Center Special Account from the Islamic Center to a post office box that the defendant controlled. Defendant acknowledges that even Day would permit criminal forfeiture for mail frauds affecting financial institutions under 18 U.S.C. § 982(a)(3) and here defendant's mail fraud scheme affected a financial institution. The fact that 18 U.S.C. §982(a)(3) is not cited in the forfeiture noticing provision of

Second, defendant asserts, even if the Court were to find that these mail fraud charges support criminal forfeiture, no law permits entry of a money judgment following a conviction for mail fraud. Acceptance of defendant's second argument would moot his first; therefore, we address the second argument first.

### I. The Government Is Entitled To Entry Of A Money Judgment For The Entire Proceeds Of A Defendant's Fraud Scheme.

Forfeiture (assuming it has noticed consistent with Rule 32.2) is generally mandatory in criminal cases. Thus, in a case involving criminal proceeds, if a defendant is convicted of a criminal offense that permits forfeiture, the district court has no choice but to order the defendant to forfeit the proceeds of the crime. See United States v. Monsanto, 491 U.S. 600, 606 (1989). This principle is so well settled that courts have long held that even a defendant who has relinquished the proceeds of his offense may be ordered to forfeit them. The authority to enter a forfeiture order in the form of a mandatory money judgment has been accepted for nearly twenty years and acknowledged by virtually every circuit court of appeals.

---

the Superseding Indictment is of no moment. See Day, 416 F.Supp.2d at 85 (failure of indictment to cite the correct forfeiture statute is of no matter where defendant is not "misled or prejudiced by the government's asserted error in citation" and he was adequately put on notice); accord United States v. Silvious, 512 F.3d 364, 369 (7th Cir. 2008) (Government's acknowledged error in citing section 982(a)(2) instead of sections 981(a)(1)(C) and 2461(c) in a mail fraud case did not deprive defendant of his right to notice under Rule 32.2(a)); United States v. Russo, 2007 WL 505056 (S.D. Ala. 2007) (indictment that improperly cited section 982(a)(2) instead of sections 981(a)(1)(C) and 2461(c) was nevertheless sufficient to put defendants on notice that Government was seeking forfeiture of the proceeds of the mail and wire fraud offenses alleged in the indictment); United States v. Olson, 2003 WL 23120024, at *3 (W.D. Wis. 2003) (indictment that tracks the language of the wrong forfeiture statute—tracking section 982(a)(1)(A) in a drug case instead of section 853(a)—is not subject to a motion to dismiss; naming the property in the indictment itself gave the defendant all the notice required by Rule 7(c)(2)).

The first court to hold that criminal forfeiture is not limited to specific assets in the defendant's possession was United States v. Ginsburg, 773 F.2d 798, 801-02 (7th Cir. 1985) (en banc). There, the court held that criminal forfeiture is a personal judgment that requires the defendant to pay the total amount derived from the criminal activity "regardless of whether the specific dollars received from that activity are still in his possession." Id. at 801-02. Because criminal forfeiture is a sanction against the individual defendant rather than a judgment against the property itself, the court said, it does not matter whether the government recovers the identical dollars that the defendant received in committing the criminal offense. The number of dollars derived from the crime serves only to set the limit on the magnitude of the money judgment that the court is authorized to impose. Id. at 801. This analysis was subsequently endorsed by the First, Second, Third, Fourth, Eighth, Ninth, and Eleventh Circuit Courts of Appeals. See, e.g., United States v. Hall, 434 F.3d 42, 59 (1st Cir. 2006); United States v. Robillotto, 828 F.2d 940 (2d Cir. 1987); United States v. Vampire Nation, 451 F.3d 189, 201-03 (3rd Cir. 2006); United States v. Amend, 791 F.2d 1120, 1127 (4th Cir. 1986); United States v. Huber, 404 F.3d 1047, 1056 (8th Cir. 2005); United States v. Casey, 444 F.3d 1071, 1077 (9th Cir. 2006); United States v. Connor, 752 F.2d 566 (11th Cir. 1985).

That the forfeiture laws implicitly entitle to the government to entry of a money judgment upon conviction has been accepted by every appellate court to have considered the issue. Nevertheless, defendant submits that entry of a money judgment would be improper because, he says, in a solitary case from this district, United States v. Day, 416 F. Supp.2d 79 (D.D.C. 2006), Judge Friedman wrote that he found money judgment cases outside the context of RICO "unpersuasive." It should be noted that Day is currently on appeal (fully briefed, argued, and

awaiting decision).  Numerous courts of appeal have upheld money judgments and, no appellate court ever has held that a forfeiture order may not take the form of a money judgment.  Furthermore, the district court decision in United States v. Croce, 334 F. Supp.2d 781 (E.D. Pa. 2004), whose reasoning persuaded Judge Friedman in Day, has been rejected and reversed.  Even before the Third Circuit reversed Croce in an unpublished opinion, it expressly repudiated Croce in Vampire Nation, 451 F.3d at 189.

      Plainly, defendant's argument is headed for extinction.  As a matter of common sense, there is no reason that defendants who cheat others out of their money should be permitted to keep their ill-gotten gains while defendants who illegally profit through the sale of narcotics or laundering money should forfeit their windfalls.  See Vampire Nation, 451 F.3d at 201-03 (district court appropriately entered money judgment in amount of proceeds from defendant's mail-fraud scheme) (citing Casey, 444 F.3d at 1077 (permitting forfeiture of proceeds of narcotics sales)); Hall, 434 F.3d at 59; and Amend, 791 F.2d at 1127 n.6).

      In addition to defying common sense, appellant's position ignores the logical implications of the forfeiture procedures set forth in Rule 32.2 of the Federal Rules of Criminal Procedure.  Rule 32.2(b) specifically provides for the entry of an order of forfeiture in the form of a mandatory money judgment once the court determines "what property is subject to forfeiture under the applicable forfeiture statute."  Fed. R. Crim. P. 32.2(b)(1).  Thus, as we discuss below, in a mail or wire fraud case, the court must identify the proceeds of the mail or wire fraud offense, see 18 U.S.C. § 981(a)(1)(C), and enter an order of forfeiture in that amount.  Rule 32.2(b)(2) goes on to provide that the court must make the money judgment part of the preliminary order of forfeiture, and Rule 32.2(c)(1) says that "no ancillary proceeding is required

to the extent that the forfeiture consists of a money judgment."  In short, Rule 32.2, which governs all criminal forfeiture proceedings and applies with equal force to all crimes, fully contemplates the entry of a mandatory forfeiture order in the form requested by the government – a money judgment.  <u>Day</u> was wrong to ignore the settled case law and the significance of Rule 32.2.

> II.   **Criminal Forfeiture Is No Longer Tethered To Mail Frauds That Affect Financial Institutions.**

Defendant also asks this Court to adopt <u>Day</u>'s conclusion that the government cannot obtain an order of forfeiture for the proceeds of a mail (or wire) fraud unless the fraud is committed against a financial institution.  <u>Day</u>, 416 F. Supp.2d at 84-86.  This ruling also flies in the face of settled case law, as well as the plain meaning of section 2461(c).

In fact, 28 U.S.C. § 2461(c) and 18 U.S.C. § 981(a)(1)(C), taken together, authorize the criminal forfeiture of the proceeds of all mail and wire schemes.  When Congress amended section 981(a)(1)(C), in the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), it greatly expanded the government's ability to forfeit, through civil forfeiture proceedings, the proceeds of crime.  Whereas section 981(a)(1)(C) had previously authorized civil forfeiture for only a handful of offenses, including mail or wire fraud "affecting a financial institution," CAFRA authorized the civil forfeiture of the proceeds of any of the over 200 offenses designated as "specified unlawful activity" in 18 U.S.C. § 1956(c)(7).  That list includes all mail and wire fraud offenses – not just offenses that affect financial institutions.  Thus, section 981(a)(1)(C) now authorizes the civil forfeiture of the proceeds of mail or wire fraud offenses whether or not they involve any special circumstances such as the effect of the fraud on a financial institution.

At the same time that Congress expanded the reach of civil forfeiture, Congress enacted

28 U.S.C. § 2461(c), and thereby authorized criminal forfeiture <u>whenever civil forfeiture was authorized</u>.  In other words, Congress rewrote the civil forfeiture provisions, then married the revisions to all criminal prosecutions.  Thus, expansion of civil forfeiture in section 981(a)(1)(C), in conjunction with enactment of section 2461(c), means that the government is now authorized to forfeit the proceeds of a mail (or wire) fraud offense in a criminal case whether or not the fraud affected a financial institution.  <u>Id.</u>

In its opinion in <u>Day</u>, Judge Friedman focused on the provision in section 2461(c) that, he concluded, makes the incorporating statute inapplicable to cases where there is already a "specific statutory provision" for criminal forfeiture for a particular offense.  <u>Day</u>, 416 F. Supp. 2d at 86-87.  But such was not Congress's intent.  The clause that tied-up <u>Day</u> was intended simply to prevent the language in section 2461(c) incorporating the procedures in 21 U.S.C. § 853 from overriding procedures already in existence for a particular species of criminal forfeiture (such as money laundering or RICO).  Moreover, to the extent the exclusionary language in section 2461(c) applies to the mail- and wire-fraud statutes at all, it would not apply in a case like this one where there had been no criminal forfeiture provision for the type of fraud alleged in the indictment before CAFRA.  <u>Day</u> misconstrued the limiting language in section 2461(c), holding that because there already was a criminal forfeiture provision in section 982(a)(2) for mail or wire fraud schemes that affect financial institutions, there section 2461(c) could not be used to incorporate section 981(a)(1)(C) – the civil forfeiture provision applicable to mail or wire fraud schemes regardless of their affect on financial institutions.  <u>Day</u>, 416 F. Supp.2d at 86-87.

Section 2461(c) does two things:  it authorizes criminal forfeiture whenever civil

forfeiture is authorized, and it makes the criminal forfeiture procedures set forth in 21 U.S.C. § 853 applicable to all criminal forfeiture cases, including cases brought under an existing criminal-forfeiture statute that does not have procedural provisions of its own.  The provision in section 2461(c) limiting its application to instances in which "no specific statutory provision is made for criminal forfeiture" was meant to apply only to the second of these objectives.  It says that the language incorporating the procedures in section 853 does not apply when an existing forfeiture statute already has a "specific statutory provision for criminal forfeiture," i.e., its own set of criminal-forfeiture procedures.  It was not intended to bar the government from basing a criminal forfeiture on a civil-forfeiture statute on the ground that a criminal-forfeiture statute already addressed the underlying conduct and thus preempted the field.  Indeed, such an interpretation of the statute would render it totally inoperative in one of the situations in which it was intended to apply.

As the legislative history explains, section 2461(c) applies whenever "any form of forfeiture" is authorized by statute.  H. Rep. 105-358 (1999).  Thus, it applies not only in a case like this one where the government wants to pursue criminal forfeiture based on a civil forfeiture statute, but also in a case where the government wants to pursue criminal forfeiture based on a criminal forfeiture statute that does not have procedures of its own.  That is why section 2461(c) begins, "If a forfeiture of property is authorized" and not, "If a civil forfeiture of property is authorized."

Second, even if section 2461(c) were somehow read to apply only in cases where there was no existing criminal forfeiture authority for a given offense, it would still permit the forfeiture of the mail and wire fraud proceeds in this case.  In 2000, Congress expanded section

981(a)(1)(C) to permit the forfeiture of the proceeds of all 250 of the offenses listed in the definition of "specified unlawful activity" in 18 U.S.C. § 1956(c)(7). Expanding forfeiture authority in mail and wire fraud cases, i.e., expanding it beyond cases "affecting a financial institution," was one of the intended consequences of this amendment. Congress made no parallel amendment to the criminal forfeiture provision in section 982(a)(2), however, because it was assumed that section 2461(c) would permit the criminal forfeiture of any property forfeitable under § 981(a)(1)(C). In other words, it was assumed that section 2461(c) would make criminal forfeiture authority under section 981(a)(1)(C) co-extensive with the civil forfeiture authority under the same statute. It would be ironic indeed if the statute were construed to have expanded criminal forfeiture authority for over 200 of the specified offenses except mail or wire fraud, because Congress did not enact a conforming amendment striking the narrower language in a pre-existing criminal-forfeiture provision.

Since Day was decided, the United States Courts of Appeals for the Third, Seventh, Eighth, and Eleventh Circuits have held that section 2461(c), in combination with 18 U.S.C. § 981(a)(1)(C), permits the forfeiture of the proceeds of a mail-fraud scheme.

In Vampire Nation, the Third Circuit held that, for the reasons argued by the government here, section 2461(c) authorizes the forfeiture of mail-fraud proceeds. Significantly, in Vampire Nation, the court expressly disapproved of the reasoning in Croce, which is the decision upon which the district court predicated its ruling in Day. See Vampire Nation, 451 F.3d at 200 ("In sum, we reject Croce II and read the plain language of 28 U.S.C. § 2461(c) as permitting criminal forfeiture of proceeds from general mail fraud").

In United States v. Silvious, — F.3d —, 2008 WL 53615 (7th Cir. 2008), the district

court entered an order of forfeiture for the proceeds of Silvious's mail-fraud scheme under authority of the combination of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). On appeal, the Seventh Circuit affirmed this holding, noting that "[o]ther circuits that have considered the issue have adopted the interpretation advanced by the government and accepted by the district court." Id. at *3. The Seventh Circuit accepted the government's interpretation of section 2461 and section 981(a)(1)(C) without discussion. Id.

In United States v. Jennings, 487 F.3d 564 (8th Cir. 2007), the court also implicitly rejected the analysis adopted by the district court in Day. Jennings, a state legislator, was convicted of mail fraud and money laundering arising out of a scheme to fraudulently obtain loan proceeds that he caused to be disbursed by abusing his position of public trust. The district court ordered Jennings to forfeit all of the proceeds of the scheme that benefitted Jennings personally, including the proceeds of the mail-fraud scheme. On appeal, Jennings argued that "an order of forfeiture was only authorized under the money laundering offense and not the mail fraud offense." Id. at 576. After considering "the language of § 2461(c), [and] the legislative history surrounding the 2000 amendment [to section 2461(c)]," the Eighth Circuit "join[ed] these other circuits in holding that § 2461(c) allows for criminal forfeiture of the proceeds of general mail fraud." Id. at 585.

Lastly, in United States v. Foley, 508 F.3d 627 (11th Cir. 2007), the Eleventh Circuit considered and dismissed as "frivolous" Foley's argument "that the district court should not have forfeited the proceeds of his mail fraud because the fraud did not 'affect a financial institution.'" 508 F.3d at 635. The Eleventh Circuit readily rejected Foley's argument because, the court held, forfeiture can be accomplished under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) for

mail-fraud violations that do not affect a financial institution.

These explicit holdings, concerning the applicability of the expanded civil forfeiture statute to all mail and wire fraud convictions through enactment of section 2461(c), are in addition to post-CAFRA cases holding that, as a general matter, section 2461(c) "authorizes criminal forfeiture as a punishment for any act for which civil forfeiture is authorized." United States v. Razmilovic, 419 F.3d 134, 146 (2d Cir. 2005). See also United States v. Edelkind, 467 F.3d 791, 799 (1st Cir. 2006) (section 2461 is a "bridging statute" that permits criminal forfeiture of any property that can be forfeited civilly). The government is unaware of any Circuit Court opinion holding that section 2461(c) does not permit the government to criminally forfeit the proceeds of any criminal offense specified in section 981(a)(1)(C).[2]

---

[2] As a result of the confusion that the clause caused in Croce and Day, Congress struck the phrase altogether when it amended section 2461, on March 9, 2006. We are not aware that any court has concluded that by dropping the phrase Congress changed the law, which may explain defendant's decision to raise an ex post facto argument only in a footnote. See, e.g., Vampire Nation, 451 F.3d at 199-201 (applying the pre-2006 version of section 2461(c) that contained the clause Day found confusing to all mail-fraud prosecutions; because section 981(a)(1)(C) authorizes civil forfeiture for general mail fraud, and no statutory provision specifically authorizes criminal forfeiture for general mail fraud, the government may seek criminal forfeiture in mail fraud cases pursuant to section 2461(c), which was enacted to make criminal forfeiture essentially coextensive with civil forfeiture); United States v. Schlesinger, 396 F. Supp.2d 267, 275-76 (E.D.N.Y. 2005) (holding that criminal forfeiture of mail and wire fraud proceeds under sections 2461(c) and 981(a)(1)(C) is coextensive with civil forfeiture; citing legislative history), aff'd, 514 F.3d 277 (2d Cir. 2008); United States v. Heron, 2007 WL 1152656, at *3 (E.D. Pa. 2007) (the 2006 amendment to section 2461(c) removed the ambiguity in the statute, making it clear that Congress has authorized criminal forfeiture for any offense covered by section 981(a)(1)(C), including securities fraud; defendant's argument that the forfeiture must be authorized in the criminal statute itself and not in a separate forfeiture statute such as section 981(a)(1)(C) is rejected); United States v. Lebed, 2005 WL 2495843 (E.D. Pa. Oct. 7, 2005); United States v. Smairat, 2006 WL 1554412, at *8-10 (N.D. Ill. 2006) (following Schlesinger and Lebed; section 2461(c) is a "gap filler" that allows the government to pursue criminal forfeiture in general wire fraud cases because there is no other criminal forfeiture provision for such offenses; the 2006 amendment to section 2461(c) reinforces that view); United States v. Rutledge, 437 F.3d 917 (9th Cir. 2006), opinion withdrawn as moot because of

Defendant's argument finds support neither in logic, nor in law.

## CONCLUSION

WHEREFORE, for the reasons discussed herein, the government respectfully requests that defendant's Motion to Dismiss be DENIED.

                                            Respectfully submitted,
                                            JEFFREY A. TAYLOR
                                            UNITED STATES ATTORNEY

                             By:            /s/
                                            Tejpal S. Chawla, D.C. Bar No. 464012
                                            Ronald W. Sharpe, D.C. Bar. No. 434575
                                            Assistant United States Attorneys
                                            555 4th Street, NW
                                            Room 5828
                                            Washington, D.C. 20530
                                            (202) 353-2442 (Chawla)
                                            (202) 353-9460 (Sharpe)

---

intervening guilty plea, 448 F.3d 1080 (9th Cir. 2006).