UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 07-CR-0149 (RCL) |
| : | |
| FARZAD DARUI, : | |
| : | |
| Defendant. : | |
| _____ : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT FARZAD DARUI'S
MOTION IN LIMINE REGARDING EVIDENCE OF CHECKS WHERE
MAILS NOT ALLEGED TO FURTHER DESCRIBED SCHEME**

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, opposes the Defendant's Motion in Limine Regarding Evidence of Checks Where Mails Not Alleged to Further Described Scheme ("DMIL"). As discussed further herein, the defendant's motion ignores the clear relevance of evidence of the defendant's scheme to defraud to the charges in the Indictment.

I.  Introduction

The Indictment alleges that the defendant engaged in a single, but wide ranging criminal scheme:

> Between from at least October 2000, to in or about January 2006, in the District of Columbia and elsewhere, defendant FARZAD DARUI, did knowingly devise, participate in and execute a scheme and artifice to defraud the Islamic Center of Washington, D.C., and to obtain money and property belonging to the Islamic Center of Washington, D.C. by false and fraudulent pretenses, representations and promises.

Indictment at ¶11. The money and property at issue were identified as the Islamic Center money that was deposited in three specific bank accounts at the Bank of American: the special account, the charity account and the administrative account. Id. at ¶ 7. The Indictment further alleges

that the defendant carried out his scheme and artifice to defraud by:

> developing a scheme by which he would write and issue, or cause to be written, signed and issued, or falsely **alter checks written on the Center's various bank accounts** or **checks belonging to the Center** which he used for his personal enrichment.

Id. at ¶12 (emphasis added). The Indictment then charges the defendant with nine criminal charges and a criminal forfeiture allegation. The first five of the counts against the defendant allege mail fraud, the sixth and seventh allege the interstate transportation of stolen property, the eighth alleges money laundering and the ninth alleges first degree theft of over $430,000. See Indictment at ¶¶ 26-36. The defense now comes forward to limit the government's proof in this case to only that money which the defendant stole from special account (and not the charity or administrative accounts) because, it claims, such evidence is not relevant to the execution of the defendant's scheme to defraud. DMIL at 3.

II.     Argument

The defense's argument should fail for the simple reason that it ignores the plain and straightforward charges in the Indictment. The Indictment charges that the defendant engaged in a scheme to steal money from the "Center's various bank accounts" and that he succeeded in that goal. In addition to the federal charges, the Indictment also charges the Defendant with First Degree Theft because the defendant "wrongfully obtained over $430,000 in monies from the Islamic Center . . . with the intent to appropriate the property to his own use or to the use of third persons." See Indictment ¶¶ 35-36. Obviously, evidence of the defendant's theft of money and property from *all* of the Center's identified bank accounts identified in the Indictment would be relevant to prove this charge.

Importantly, even if the Indictment did not charge First Degree Theft, evidence of the

entirety of the defendant's scheme to defraud would be relevant evidence to prove the mail fraud and Interstate Transportation of Stolen Property charges set for th in the Indictment. Counts setting forth multiple executions of a single scheme to defraud is both typical and permissible, and the D.C. Circuit has expressly approved of such an approach. *See, United States v. Pless*, 79 F.3d 1217 (D.C. Cir. 1996); *See also, e.g., United States v. Colton*, 231 F.3d 890, 908-09 (4th Cir. 2000); *United States v. Mancuso*, 42 F.3d 836 (4th Cir. 1994); *United States v. Lemons,* 941 F.2d 309 (5th Cir 1991). The scheme itself, as described in the indictment, involves scores of other transactions that could have formed the basis for additional (federal) counts.

The mere fact that the government chose only nine specific transactions as executions for its federal charges does not limit the government in describing the scheme. As *Pless* noted, "that the government chose to charge as the *execution* of the scheme only the three deposits in National does not reduce the boundaries of the *scheme*, which the statute requires the government to prove. . . . And it is not necessary for the government to charge every single act of execution of the scheme in order to prove the whole scheme" *Id.* at 1220 (emphasis in original). The defendant, in his motion in limine, is arguing that anything that is not necessary to prove the narrow elements of the crime is not relevant. The more appropriate analysis allows the government to prove the entire scheme, including specific executions of that scheme.

Here, the government is required to prove that the defendant knew of and participated in the scheme to defraud the Center of money and property from its "various bank accounts." Indictment at ¶12. The government intends to prove that the defendant in fact stole money from each of the three identified bank accounts, and that he also used monies from the Center's charity and administrative accounts to hide the manner and means by which he stole money from

the special account (i.e., he would pretend to pay actual bills using the special account, but would pocket that money, and then to cover his tracks, he would then use money from the charity and administrative accounts – which were less scrutinized – to pay the actual bills). The defendant's criminal acts as it relates to all three accounts are therefore directly relevant to proving the mail fraud scheme. It is also of course true that even if the government had not charged the defendant with this criminal behavior, that this conduct would be relevant other crimes evidence under FRE 404(b).

III.    Conclusion

Proof of the defendant's theft of monies from all three Center bank accounts is crucial and relevant evidence in the proof of the charges alleged in the Indictment. As a result, the defendant's motion in limine should be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By:        /s/
Tejpal S. Chawla, D.C. Bar No. 464012
Ronald W. Sharpe, D.C. Bar. No. 434575
Assistant United States Attorneys
555 4th Street, NW
Room 5828
Washington, D.C. 20530
(202) 353-2442 (Chawla)
(202) 353-9460 (Sharpe)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Crim. No. 07-CR-0149 (RCL) |
| | : | |
| **FARZAD DARUI,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### ORDER

After having considered the Defendant's Motion in Limine Regarding Evidence of Checks Where Mails Not Alleged to Further Described Scheme, the government's opposition thereto, oral argument and the entire record in this matter, it is hereby:

ORDERED that the defendant's motion is DENIED.

**SO ORDERED** this _____ day of _____, 2008.

_____
ROYCE C. LAMBERTH
U.S. DISTRICT COURT JUDGE