UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Crim. No. 1:07-cr-00149-RCL |
| ) | |
| FARZAD DARUI, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FARZAD DARUI'S REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* REGARDING EVIDENCE OF CHECKS WHERE MAILS NOT ALLEGED TO FURTHER DESCRIBED SCHEME**

Defendant, by counsel, files this reply to the government's Opposition to Defendant's Motion *in Limine* Regarding Evidence Of Checks Where Mails Not Alleged To Further Described Scheme.

**ARGUMENT**

Use of the mails to further a scheme to defraud is an element of mail fraud. *See Parr v. United States*, 363 U.S. 370, 390 (1960) (holding that only if the mailings were "a part of the execution of the fraud" or were "incident to an essential part of the scheme" do they fall within the proscriptions of the federal mail fraud statute) (internal quotation omitted). Although the mailings need not be an *essential part* of the scheme to qualify, they must be "*incident* to an essential part of the scheme." *Schmuck v. United States*, 489 U.S. 705, 710-11 (1989) (citation omitted) (emphasis added).

The government relies on the use of P.O. Box 53188 to divert Special Account bank statements to satisfy the "use of the mails" element of Mail Fraud for Counts One through Five. *See* Indictment ¶¶ 22-25. Therefore, any check from an account for which this Post Office box was not used does not satisfy the legal requirement of utilizing the mails to further a scheme to defraud.

1

The government's cases discuss and analyze "multiplicity," an issue not being argued by Darui.  The assertion that "[c]ounts setting forth multiple executions of a single scheme to defraud is both typical and permissible . . ." is beside the point.  The government is not limited in its use of checks to prove the mail fraud counts for the reason that it "chose only nine specific transactions as executions . . . in describing the scheme."  Instead, it is limited because transactions during certain periods of time, and transactions involving certain accounts, could not possibly have been in furtherance of a Mail Fraud scheme, because the mails were not used.

To be clear, defendant specifically seeks the following:

1. That the government be precluded from introducing evidence of any checks negotiated before February 8, 2002, the date Farzad Darui opened Post Office Box 53188, to prove Counts One through Five.  No checks created before this date could possibly have used the mails to further any scheme to defraud.

2. That the government be precluded from introducing evidence of checks negotiated on or after November 15, 2004, to prove Counts One through Five.  All checks at issue written after this date are from the Administrative Account, and have no relationship to use of the P.O. Box.

3. That the government be precluded from introducing evidence of checks from the Administrative Account, Charity Account, and Food Account to prove Counts One through Five.  Checks drawn on these accounts could not have used the mails in any scheme to defraud because they were unrelated to the Special Account, and did not make use of P.O. Box 53188, as monthly statements were mailed directly to The Islamic Center.

WHEREFORE, Defendant Farzad Darui moves this Court to grant the Motion *in Limine*.

FARZAD DARUI

By: /s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant

By: /s/ Aaron S. Book
Aaron S. Book (DC Bar # 490815)
Steven T. Webster (admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
Counsel for Defendant

CERTIFICATE OF SERVICE

      I hereby certify that on April 9, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald Sharpe, Esq.
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

/s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant

4