UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) Crim. No. 1:07-cr-00149-RCL |
| | ) |
| FARZAD DARUI, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION
TO DISMISS FORFEITURE ALLEGATION OF THE SUPERSEDING INDICTMENT**

Defendant, by counsel, replies to the government's opposition to Darui's motion to dismiss the forfeiture allegation contained in the Superseding Indictment:

Introduction

Judge Friedman's reasoning in *Day*, upon which Darui's motion largely is based, is neither extinct, nor does it defy common sense, as the government suggests. Rather, it is a correct interpretation of the criminal forfeiture statutory framework, which, as with all criminal statutes, must be narrowly construed.

1.   *A personal money judgment is not authorized.*

The government wishes to persuade this Court that a money judgment is authorized in cases of mail fraud because money judgments have been approved in other cases from other jurisdictions involving other crimes. The government's position is: everyone else is doing it, so it must be permissible here. The government's argument is not really an argument at all, but an explanation of what a money judgment is and its purpose. Darui does not disagree with the government's definition. And Darui does not contest that a money judgment is intended to recoup ill-gotten gains, even if the defendant no longer retains them. The problem is, there is no statutory authority for it.

The cases that the government cites in support are inapposite. None of the cases that the government cites, with the exception of *Vampire Nation*, address forfeiture and entry of a concomitant money judgment in the mail fraud context. Moreover, none of the defendants in the government's cited cases challenged the entry of money judgments; therefore, none of the cases considered the propriety of the practice. Judge Friedman made the same observation in *Day* regarding cases cited by the government. *See Day*, 416 F. Supp. 2d at 89 (holding no inherent authority for courts to enter money judgments and observing that, in cases from other jurisdictions, none of the defendants challenged the practice). Darui is challenging the practice. And the practice is wrong. At a minimum, the Court should adopt the reasoning of Judge Friedman until the D.C. Circuit instructs otherwise.

With respect to *Vampire Nation*, the Third Circuit Court of Appeals analyzed the propriety of ordering a general forfeiture under 28 U.S.C. § 2461(c). The Third Circuit did not address the following question: Is an *in personam* money judgment authorized by statute? Apparently, the defendants in *Vampire Nation* did not raise this issue, opting instead to focus on pure statutory interpretation.[1] There is nothing, however, in *Vampire Nation*—or in any other cases cited by the government in its opposition—addressing whether a money judgment is authorized by statute. The answer: it is not.

2.   *Section 982(a)(3) is inapplicable.*

The government, in a footnote, implies that it could have cited 18 U.S.C. § 982(a)(3) as a basis for forfeiture, that its failure to do so is of no import, and that § 982(a)(3) basically trumps

---

[1] Notably, the Third Circuit conceded that the reasoning of *Croce II*, upon which Judge Friedman based his reasoning in *Day*, was plausible. *See United States v. Vampire Nation*, 451 F.3d 189, 200 (3d. Cir. 2006). The court disagreed with respect to this admittedly close question of law on an admittedly confusing statutory scheme.

all of Darui's arguments. This is inaccurate. That section permits the court to order forfeiture in mail and wire fraud convictions only when the mail or wire fraud involves:

> the sale of assets acquired or held by the Resolution Trust corporation, the Federal Deposit Insurance Corporation, as conservator or as conservator or receiver for a financial institution or any other conservator for a financial institution appointed by the Office of the Comptroller of the Currency or the Office of Thrift Supervision, or the National Credit Union Administration, as conservator or liquidating agent for a financial institution, shall order that the person forfeit to the United States any property, real or personal, which represents or is traceable to the gross receipts obtained, directly or indirectly, as a result of such violation.

Here, Darui's alleged conduct does not fall within the ambit of § 982(a)(3) because it does not involve any of the enumerated conduct.

3.  *The language of the civil and criminal forfeiture statutes demonstrates that Congress did not create a "general" forfeiture provision.*

18 U.S.C. § 981 sets forth the parameters of civil forfeiture and lists specific crimes to which civil forfeiture applies. Included in that list are 18 U.S.C. §§ 471, 472, 473, 1028, and 1029. *See* 18 U.S.C. § 981(a)(1)(C). 18 U.S.C. § 981 also includes as a basis for civil forfeiture certain "specified unlawful activity" set forth in 18 U.S.C. § 1956(c)(7). *See id.*

"Specified unlawful activity" in § 1956(c)(7) in turn includes "any act or activity constituting an offense listed in section 1961(1) of this title." 18 U.S.C. § 1961 is entitled "Racketeer Influenced and Corrupt Organizations." Subsection (1) of that Code section enumerates some of the same Code sections as § 981(a)(1)(C) (*i.e.*, §§ 471, 472, 473, 1028, and 1029)—but in the RICO context. There is no reason that Congress would duplicate the Code sections in 18 U.S.C. § 981(a)(1)(C) unless it intended them to have different applications: one to capture crimes in the RICO context, the other to capture non-RICO offenses.

This intent is amplified by Congress' decision to further narrow the crimes for which it deemed *criminal* forfeiture to be appropriate. The list enumerated in 18 U.S.C. §§ 982(a)(2)(A) and (B) contains significantly fewer applicable Code sections than the list set forth in 18 U.S.C. § 981(a)(1)(C). *Compare* 18 U.S.C. §§ 982(a)(2)(A) and (B) *with* 18 U.S.C. § 981(a)(1)(C). And, most importantly, 18 U.S.C. § 982(a)(2)(A) expressly restricts forfeiture for money laundering solely to those offenses "affecting a financial institution." 18 U.S.C. § 982(a)(2)(A).

This interpretation protects the rights of defendants as well as adheres to the intent of Congress and the rules of statutory construction. To adopt the government's construction would effectively remove language from § 981 by judicial fiat.

4. ***The 2006 Amendments to 2641(c) demonstrate that the Day court was correct in its analysis.***

When the alleged crimes occurred, 28 U.S.C. § 2641(c) read as follows:

> If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation ***but no specific statutory provision is made for criminal forfeiture upon conviction***, the Government may include the forfeiture in the indictment or information in accordance with the Federal Rules of Criminal procedure, and upon conviction, the court shall order the forfeiture of the property in accordance with the procedures set forth in [21 U.S.C. § 853], other than subsection (d) of that section.

That section was amended in 2006 to eliminate the above-highlighted language and now reads as follows:

> If a person is charged in a criminal case with a violation of an Act of Congress for which the civil or criminal forfeiture of property is authorized, the Government may include notice of the forfeiture in the indictment or information pursuant to the Federal Rules of Criminal Procedure. If the defendant is convicted of the offense giving rise to the forfeiture, the court shall order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code. The procedures in section 413 of the Controlled Substances Act (21 U.S.C. 853) apply

> to all stages of a criminal forfeiture proceeding, except that subsection (d) of such section applies only in cases in which the defendant is convicted of a violation of such Act.

Here, the "specific statutory provision" is 18 U.S.C. § 982(a)(2)(A), relating to mail fraud "affecting a financial institution." The 2006 amendments were made in an attempt to correct the issues the *Day* court pointed out, namely, that by including the "specific statutory provision" language Congress effectively limited the court's ability to order criminal forfeiture in mail fraud cases.[2]

Although the statutory scheme is complicated, it can be deciphered. The Court must assume that Congress intended to differentiate between the civil and criminal forfeiture statutes. As such, the Court must harmonize the three main components that make up the civil and criminal forfeiture framework.

### 5. *Bank of America was not affected in an adverse manner.*

Criminal forfeiture is only appropriate in a mail fraud case when the fraud affects a financial institution adversely. The government's opposition ignores this portion of Darui's argument, assuming that its statutory construction argument is correct and that Judge Friedman's analysis is "headed for extinction." The authorities cited in Darui's opening brief demonstrate that the government must allege and prove that the financial institution in question must have been affected in an *adverse* manner in order to support forfeiture under a mail fraud conviction. *See United States v. Ubakanma*, 215 F.3d 421, 426 (4th Cir. 2000) (holding that wire fraud "affected" a financial institution only if "the [financial] institution itself were victimized by the fraud, as opposed to the scheme's mere utilization of the financial institution in the transfer of

---

[2] Arguably, even with this new language, the language of § 982(a)(1)(A) (which was not modified) still restricts the Court's ability to order forfeiture for mail fraud.

funds"). *See also United States v. Grass*, 274 F. Supp. 2d. 648, 653-54 (M.D. Pa. 2003) (holding that, in order to warrant civil forfeiture for fraud affecting a financial institution, the fraud must have an adverse impact on the financial institution).

A review of the indictment reveals that Bank of America was merely utilized to effectuate the alleged fraud. It has not been sued by The Center, and has not had to take any action (such as filing an interpleader action) that could be construed as adversely "affecting" it. *See, e.g., United States v. Approx., $25,829,681.80*, 1999 U.S. Dist. LEXIS 18499, 1999 WL 1080370 (S.D. N.Y. 1999) (holding that in civil forfeiture for fraud, financial institution was affected even though it was not a victim because it had to file an interpleader action). The government has named a victim in this alleged scheme: The Islamic Center. And the government's proffer contained in footnote 1 of its opposition brief only demonstrates further that Bank of America was merely utilized to effectuate the alleged fraud and was not victimized by it. The Court should reject the government's invitation to read into the indictment facts and allegations that simply are not there.

## Conclusion

Farzad Darui requests that the Court dismiss the forfeiture allegation.


                            FARZAD DARUI
                            By Counsel

By:   /S/ Aaron S. Book
    Aaron S. Book (DC Bar No. 490815)
    Steven T. Webster (admitted *pro hac vice*)
    Webster Book LLP
    1 North King Street
    Leesburg, Virginia 20176
    703-779-8229
    703-991-9178 (fax)
    abook@websterbook.com

    Victoria Toensing
    Joseph diGenova
    Brady Toensing
    diGenova & Toensing, LLP
    1776 K Street, N.W., Suite 737
    Washington, D.C. 20006
    (202) 289-7701
    (202) 289-7706
    *Counsel for Defendant Farzad Darui*

### **CERTIFICATE OF SERVICE**

      I hereby certify that on April 9, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald W. Sharpe, Esquire
Tejpal S. Chawla, Esquire
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530



      /S/ Aaron S. Book
Aaron S. Book

-7-