UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 07-149 (RCL) |
| FARZAD DARUI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Presently before the Court is the government's Motion [33] in Limine to Preclude the Presentation of Evidence that is Irrelevant, Immaterial, and Significantly Likely to Cause Unfair Prejudice or Confusion. Upon consideration of the motion, the opposition and reply thereto, oral arguments made at a hearing, the applicable law, and the record herein, this Court finds that the motion should be GRANTED in part and DENIED in part.

**I. INTRODUCTION**

The government seeks to preclude defendant from presenting three categories of evidence: (1) historical and political issues relating to the Islamic Center (the "Center") and the Middle East; (2) defense arguments related to specific witnesses; and (3) an alleged international conspiracy aligned against the defendant. (*See* Mot. in Limine 1-2.) The Court will address each of these categories in turn.

**II. DISCUSSION**

**A.   Historical and Political Issues Relating to the Islamic Center and the Middle East**

The government has identified a laundry list of controversial and politically charged historical events that defendant has referenced in his pleadings. (*See id.* at 5-6.) The persons and

events at issue include, but are not limited to: Akbar Tabatabai (a murder victim in 1980); David Belfield (alleged Tabatabia murderer); civil disturbances, protests, and prosecutions for unlawful entry at the Islamic Center; requests from the U.S. State Department to the Islamic Center for information following September 11, 2001; and the emergence and spread of Wahhabist theology. (*See id.*)

Under the Federal Rules of Evidence, evidence should only be admitted if it is relevant, meaning it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 402, 401. But, "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED. R. EVID. 403. Defendant has made an insufficient showing in his opposition brief and during oral argument of how this historical and political evidence is relevant to his defense. Indeed, defendant's opposition brief was completely silent as to the government's arguments on these issues. While defendant claims that he has not conceded the inadmissibility of this evidence, he has failed to show that its probative value, if any, outweighs the obvious prejudicial effect. As such, the government's motion as to preclusion of evidence relating to historical and political issues involving the Islamic Center and the Middle East shall be GRANTED.

**B.    Certain Defense Arguments Related to Specific Witnesses**

    **1.    Religion and Religious Opinions**

The government seeks to preclude defendant from introducing evidence as to the

religious opinions of various persons who have visited or worked at the Islamic Center. Particularly, the government asserts that defendant has previously raised issues relating to the witnesses' views on: (1) a woman's right to pray with men; (2) the role of women in society; (3) polygamy; and (4) Wahhabism and radical Islam.  (*See* Mot. in Limine 7.)  As to the first two of these issues, defendant has offered no basis whatsoever that these tenets are relevant to the charges in the indictment or to his defense.  As to polygamy, defendant claims that it is relevant that Islam allows multiple marriages and that Dr. Abdullah M. Khouj approves of this tenet. (Def.'s Opp'n 11.)  As this Court will explain in further detail below, Khouj's alleged marriages are not only irrelevant in this criminal prosecution, but are so inflammatory that any possible probative value is clearly outweighed by the prejudicial effect.  Moreover, Federal Rule of Evidence 610 clearly mandates that "[e]vidence of the beliefs or opinions of a witness on matters of religion is not admissible" to show "the witness' credibility is impaired or enhanced."  The government's motion as to women's rights in the Islamic faith and polygamy is therefore GRANTED.

      Finally, as to evidence on Wahhabism and radical Islam, defendant argues that this evidence is crucial to his defense that he was paying informants to provide information used to protect the Center from a takeover.  (*See* Def.'s Opp'n 11.)  At no time, however, has defendant proffered that Khouj authorized any payments to informants or that he even had knowledge of such transactions.  Without demonstrating that the payments were authorized, defendant's alleged endorsement of employee checks to informants constitute unlawful acts.  For these reasons, defendant shall be precluded from raising any issues related to Wahhabism, radical Islam, or payments to informants until he establishes the relevance of these issues through

affirmative evidence presented during his own case-in-chief. *See United States v. Lin*, 101 F.3d 760, 768 (D.C. Cir. 1996) (acknowledging that a trial court is within its discretion to limit cross-examination on prejudicial matter without reasonable grounding in fact); *United States v. Sampol*, 636 F.2d 621, 663-64 (D.C. Cir. 1980) (holding that the trial court properly limited cross examination of an alleged CIA murder scheme until defense put forth sufficient evidence of the affirmative defense in its case-in-chief); *United States v. Stamp*, 458 F.2d 759, 773 (D.C. Cir. 1971) (finding that the trial court was proper in "not allowing the defense to cross-examine [the witness] with respect to matter only relative to an affirmative defense and not brought into the case on direct").

    2.    **Polygamy and Marital Infidelity**

The government further moves for an order precluding defendant from presenting evidence related to Khouj's marital fidelity. Defendant argues that he is entitled to inquire about Khouj's relationships with two women, Debbi Estrada and Noufissa Zouhri, who allegedly resided in defendant's apartment buildings. (*See* Def.'s Opp'n 10-11.) Defendant asserts that Khouj's relationships with these two women are material to his defense because they serve the basis for Khouj's debt to defendant. (*See id.* at 11.) In light of these facts, the Court will permit defendant to inquire only as to Khouj's financial support of these women and whether he maintained a serious relationship with them. Defendant will not be permitted, however, to present any evidence as to Khouj's *marital* or *sexual* relations with these women or any other polygamous activity. First, defendant has not demonstrated how the fact of Khouj's marital fidelity is relevant to the charges in the indictment. Second, evidence of polygamous activity is clearly so inflammatory in nature that when its probative value is weighed against its obvious

4

prejudicial effect, the evidence is not admissible under Federal Rule of Evidence 403. Accordingly, the government's motion as to issues related to witness participation in polygamous activity or marital infidelity shall be GRANTED in part and DENIED in part.

### 3. Operation of the Islamic Center

The government concedes that some inquiry into the operation and employment of certain employees of the Center during the time period of the alleged fraud—2000 to 2006—will be relevant in this matter. (*See* Mot. in Limine 13.) The government seeks to preclude, however, defendant from raising the following operational topics that the government argues are unrelated to the alleged fraud:

> (1) the hiring and removal of Center employees prior to 2000;
>
> (2) the legitimacy, timing and intent of the Center's Board of Directors meetings, including diplomatic representation at those meetings (including those prior to 2000);
>
> (3) the proper interpretation of the Center's bylaws as it relates to selection and election of officers by the Board of Directors;
>
> (4) whether the Center properly paid sales taxes on books it sold; and
>
> (5) payments from the Center to keep tabs on suspected radical Islamists.[1]

(*Id.*) First, as to the Center's hiring and removal of employees prior to 2000, defendant argues that this evidence is relevant to his defense "if Khouj removed all persons dealing in finances so he and the Saudis could control the money [t]he Center spent." (Def.'s Opp'n 13.) As to the next two topics related to the Center's Board of Directors, defendant asserts that the significance of the legitimacy of the Center's Board is dependent on certain facts to be proved. (*Id.*) To illustrate this point, defendant explains that since the Board voted defendant Secretary in 1999,

---

[1] *See* Part II.B.1 for the discussion of the admissibility of this evidence.

the Saudis could not unilaterally remove him as they had done to other employees. (*Id.*) On the sales tax issue, defendant argues that this evidence is relevant to explain why Khouj did not get an audit on the Special Account. According to defendant, he advised Khouj that he would have to pay federal taxes on the funds in that account, and Khouj concealed this income to limit his federal taxes. (*Id.*)

Defendant has not demonstrated how any of this evidence is relevant to the government's case-in-chief. To the extent defendant presents relevant, admissible evidence to support his arguments during his own case-in-chief, the Court will address them at that time.

**C.    International Conspiracies Aligned Against the Defendant**

Finally, the government seeks to prevent defendant from raising any claim that there is an international conspiracy, spearheaded by Saudi Arabia and Khouj, against defendant. (*See* Mot. in Limine 14.) The government asserts that defendant has provided no proof of the alleged conspiracy and urges the Court to strike this defense in its entirety. (*See id.* at 15.) Indeed, defendant has not made any factual assertion that the alleged conspiracy exists.[2] As with the operational issues of the Islamic Center, defendant will not be permitted to cross-examine government witnesses about the alleged conspiracy until he has presented admissible evidence of his affirmative defense through witness testimony during his own case-in-chief.

### III.  CONCLUSION

For the foregoing reasons, the government's motion [33] to preclude the presentation of certain evidence will be GRANTED in part and DENIED in part.

---

[2] Notably, defendant in his opposition brief does not refute the government's request that this defense be stricken. Defendant maintains, however, that he has not conceded inadmissibility.

A separate order shall issue this date.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, on April 18, 2008.