UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.             )<br>)   Criminal No. 07-149 (RCL)<br>FARZAD DARUI,        )<br>)<br>Defendant.    )<br>) | |

## MEMORANDUM OPINION

Presently before the Court is defendant's Motion [51] to Dismiss Forfeiture Allegation of the Superseding Indictment. Upon consideration of the motion, the opposition and reply thereto, oral arguments made at a hearing, the applicable law, and the record herein, this Court finds that defendant's motion [51] should be DENIED.

## I. BACKGROUND

Defendant Darui is charged in a nine-count Superseding Indictment (the "Indictment") containing a forfeiture allegation under 28 U.S.C. § 2461(c) that relates solely to the mail fraud counts (Counts One through Five).[1] (*See* Indictment 15.) The government seeks a money

---

[1] 28 U.S.C. § 2461(c) was amended in 2006. The conduct alleged in the Indictment, however, preceded the 2006 amendments. For that reason, this Court will apply the pre-amendment version of the statute in its analysis of the present motion. The pre-amendment version of § 2461(c), read as follows:

> If a forfeiture of property is authorized in connection with a violation of an Act of Congress, and any person is charged in an indictment or information with such violation but no specific statutory provision is made for criminal forfeiture upon conviction, the Government may include the forfeiture in the indictment or information in accordance with the Federal Rules of Criminal procedure, and upon conviction, the court shall order the forfeiture of the property in accordance with the procedures set forth in [21 U.S.C. § 853], other than subsection (d) of that section.

judgment in the amount of $435,103.26 against defendant as well as forfeiture of property constituting, or derived from, proceeds of the alleged mail fraud. (*See id.* at ¶ 2.)

Defendant moves to dismiss the forfeiture allegation on three grounds. First, defendant asserts that there is no general authority for the Court to order criminal forfeiture for mail fraud under 28 U.S.C. § 2461(c). (*See* Def.'s Mot. [51] to Dismiss 2.) Second, defendant argues that under the same statute, forfeiture is only available if the alleged mail fraud "affect[s] a financial institution." (*See id.*) Third, defendant claims that there is no statutory authority to enter a money judgment in a prosecution for mail fraud.

## II. DISCUSSION

### A. Mail Fraud under 28 U.S.C. § 2461(c)

Defendant has been indicted on five counts of mail fraud. The Indictment alleges that "[i]n approximately February 2002, the mailing information for the Islamic Center Special Account was changed from the Center to a United States Post Office box in Washington, D.C." (*See id.* at 7, ¶ 22.) Defendant relies on *United States v. Day*, 416 F. Supp. 2d 79 (D.D.C. 2006) (Friedman, J.), for his argument that § 2461(c) provides no general authority for the court to order criminal forfeiture for mail fraud.[2] In *Day*, the court held that § 2461(c) does not enable the Court to order criminal forfeiture for mail fraud of property that would be subject to civil forfeiture since there already exists a specific statutory provision authorizing criminal forfeiture of mail and wire fraud proceeds. *See Day*, 416 F. Supp. 2d at 86. Defendant argues that based upon the reasoning in *Day*, and because his alleged mail fraud did not adversely affect a financial institution, the forfeiture allegation of the Indictment should be dismissed. This Court finds that

---

[2] The *Day* decision is currently on appeal in this Circuit.

2

§ 2461(c), in conjunction with 18 U.S.C. § 981(a)(1)(C), does in fact provide authority for criminal forfeiture for all mail and wire fraud offenses—including offenses that do not affect financial institutions.

Section 981(a)(1)(C) permits the government to seek civil forfeiture of proceeds from any of the offenses identified in 18 U.S.C. § 1956(c)(7). Section 1956(c)(7) in turn incorporates by reference the list of RICO predicate offenses set forth in 18 U.S.C. § 1961(1). That list includes "mail fraud," rather than mail fraud "affecting a financial institution." *See* 18 U.S.C. § 1961(1). Based on this statutory framework, and since *Day* was decided, the United States Courts of Appeals for the Third, Seventh, Eighth, and Eleventh Circuits have held that § 2461(c), in combination with 18 U.S.C. § 981(a)(1)(C), permits the forfeiture of proceeds from a mail fraud scheme. *See United States v. Vampire Nation*, 451 F.3d 189, 200 (3d Cir. 2006) (interpreting § 2461(c) to "explicitly permit criminal forfeiture for *general* mail fraud, not just for mail fraud against financial institutions") (emphasis in original);[3] *United States v. Silvious*, 512 F.3d 364, 396 (7th Cir. 2008) (adopting the interpretation of § 2461(c) as set forth in *Vampire Nation* that the statute permits criminal forfeiture of proceeds of basic mail fraud); *United States v. Jennings*, 487 F.3d 564, 585 (8th Cir. 2007) (holding that § 2461(c) allows for criminal forfeiture of the proceeds of general mail fraud); *United States v. Foley*, 508 F.3d 627, 635 (11th Cir. 2007) (holding that forfeiture was authorized under 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

---

[3] Significantly, the Third Circuit in *Vampire Nation* expressly rejected the reasoning in *United States v. Croce*, 345 F. Supp. 2d 492 (E.D. Pa. 2004) ("*Croce II*"), which is the decision upon with the district court relied upon in *Day*. *See Vampire Nation*, 451 F.3d at 200 ("In sum, we reject *Croce II* and read the plain language of 28 U.S.C. § 2461(c) as permitting criminal forfeiture of proceeds from general mail fraud."); *see also Day*, 416 F. Supp. 2d at 86–87 (summarizing and relying upon the district court's reasoning in *Croce II*). *Croce II* was later reversed in *United States v. Croce*, 209 Fed. Appx. 208 (3d Cir. Dec. 22, 2006) (unpublished).

3

for mail fraud violations that do not affect a financial institution). Given the weight of authority finding that § 2461(c) together with § 981(a)(1)(C) authorizes forfeiture of proceeds of general mail fraud, and because the reasoning in *Day* is non-binding, this Court shall deny defendant's motion to dismiss the forfeiture allegation in the instant matter.

**B.     *In Personam* Money Judgment**

Defendant further argues that the forfeiture statutes provide no basis for this Court to award a personal money judgment against defendant. Again, defendant relies on the court's reasoning in *Day*. There, the court held that there was no statutory authority for courts to enter money judgments in conjunction with forfeiture. *See Day*, 416 F. Supp. 2d at 91. The *Day* court relied, in large part, on the reasoning of a single district court decision, *United States v. Croce*, 334 F. Supp. 2d 781 (E.D. Pa. 2004), which has since been rejected and reversed. *See Vampire Nation*, 451 F.3d at 201 (rejecting the reasoning in *Croce I* that a court lacked authority to order an *in personam* criminal forfeiture judgment for an amount that exceeded the value of defendant's assets at the time of sentencing because "one can not forfeit what she does not own"); *see also Croce*, 209 Fed. Appx. 208 (reversing and remanding the district court's forfeiture orders in *Croce I*). As the Third Circuit explained in *Vampire Nation*, adopting defendant's position "would permit defendants who unlawfully obtain proceeds to dissipate those proceeds and avoid liability for their ill-gotten gains." 451 F.3d at 202. Rather, that court recognized that 21 U.S.C. § 853, which sets forth the procedures for carrying out criminal forfeitures, states that the amount of a criminal forfeiture is directly related to the amount of the criminal proceeds. *Id.* at 201. The court further reasoned as follows:

> Given that § 853 does not contain any language limiting the amount of money

4

> available in a forfeiture order to the value of the assets a defendant possesses at
> the time the order is issued, we think it clear that an *in personam* forfeiture
> judgment may be entered for the full amount of the criminal proceeds.

*Id.* at 201–02.

The Third Circuit affirmed the district court's order for a money judgment for the amount of proceeds from the defendant's mail fraud scheme concluding that such *in personam* forfeiture judgments are appropriate under § 853 even where the amount of the judgment exceeds the defendant's available assets at the time of conviction. *Id.* at 203 (citing *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (noting that a money judgment as part of a forfeiture order prevents a criminal "from ridding himself of ill-gotten gains to avoid the forfeiture sanction"); *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000) (reasoning that a forfeiture order "places a judgment lien against [defendant] for the balance of his prison term and beyond") (alteration in original); *United States v. Casey*, 444 F.3d 1071, 1077 (9th Cir. 2006) (stating that "money judgments are appropriate under § 853, even in cases of insolvent defendants"); *United States v. Amend*, 791 F.2d 1120, 1127 n.6 (4th Cir. 1986) (observing that under § 853, "the government need not have offered evidence that the forfeitable assets were still in existence at the time of [defendant's] conviction") (alteration in original)).

In consideration of the Third Circuit's holding in *Vampire Nation*, and the authority cited therein, this Court is persuaded that it has authority under § 853 to enter an *in personam* forfeiture judgment for an amount that directly relates to the proceeds of defendant's alleged mail fraud. Moreover, the government persuasively argues that Federal Rule of Criminal Procedure 32.2(b), which governs criminal forfeiture proceedings, specifically provides for the entry of an order of forfeiture in the form of a money judgment once the court determines "what property is

subject to forfeiture under the applicable statute." FED. R. CRIM. P. 32.2(b)(1).  *But see Day*, 416 F. Supp. 2d at 90 (rejecting the government's argument that entry of an order of forfeiture in the form of a personal money judgment is specifically authorized by Rule 32.2(b)(1) and (c)(1)).  For these reasons, this Court must reject defendant's argument that a personal money judgment is not authorized in this matter.

### III. CONCLUSION

For the reasons discussed herein, defendant's motion [51] shall be DENIED.

A separate Order shall issue this date.


Signed by Royce C. Lamberth, United States District Judge, on April 25, 2008.