**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-149 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **FARZAD DARUI,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION TO PERMIT FBI SPECIAL AGENT**
**MICHAEL MCGILLICUDDY TO REMAIN AT COUNSEL TABLE**

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, hereby submits the following memorandum in support of its motion to allow FBI

Special Agent Michael McGillicuddy to remain at counsel table throughout the trial.

Federal Rule of Evidence 615 mandates, upon motion, the sequestration of the witnesses in

any case. Excluded from mandatory sequestration, however, is "an officer or employee of a party

which is not a natural person designated as its representative by its attorney . . . ." Fed. R. Evid.

615(2). A government investigative agent, involved in a criminal prosecution, is within this

exception. United States v. Gonzalez, 918 F.2d 1129 (3d Cir. 1990), cert. denied, 498 U.S. 1107

(1991); United States v. Parodi, 703 F.2d 768 (4th Cir. 1983).

> [i]t is true that Rule 615 mandates, upon motion, the sequestering of the witnesses
> in any case. Excluded from such mandatory requirement, however, is 'an officer or
> employee of a party which is not a natural person designated as its representative by
> its attorney' at trial. It has been authoritatively determined, based on the legislative
> history of the Rule, that a government investigative agent involved in a criminal
> prosecution . . . is within this exception.

Parodi, 703 F.2d at 773 (citations omitted).

As noted in the Senate Judiciary Committee Report 93-1277:

> Many district courts permit government counsel to have an investigative agent at
> counsel table throughout the trial although the agent is or may be a witness. The
> practice is permitted as an exception to the rule of exclusion and compares with the

situation defense counsel finds himself in – he always has the client with him to consult during the trial.  The investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter.  The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty.

This problem is solved if it is clear that investigative agents are within the groups specified under the second exception made in the rule for 'an officer or employee of a party which is not a natural person designated as its representative by its attorney.' It is our understanding that this was the intention of the House committee.  It is certainly this committee's construction of the rule.

S. Rep. No. 93-1277, 93rd Cong., 2nd Sess. (1974), U. S. Code Cong.  & Admin. News 1974, pp.

7051, 7073, reprinted in Historical Note, 28 U.S.C.A., Rule 615.  Similarly, in <u>In re: United States</u>,

584 F.2d 666 (5th Cir. 1978), the Fifth Circuit held that the trial judge erred in excluding a federal

agent from the courtroom after the prosecution had designated him as its representative pursuant to

Section 615 (2).

The Advisory Committee's note takes the position that while Rule 615 admits the authority

of the trial judge, the question of sequestration is no longer one of discretion but of right.  Even prior

to the adoption of Rule 615, it was proper for an agent to sit at counsel table even though he testified

as a witness, <u>e.g.</u>, <u>United States v. Maestas</u>, 523 F.2d 216, 221 (10th Cir. 1975); <u>United States v.</u>

<u>Thor</u>, 512 F.2d 811, 813 (5th Cir.), <u>cert. denied</u>, 423 U.S. 1014 (1975); <u>United States v. Pellegrino</u>,

470 F.2d 1205, 1208 (2d Cir. 1972), <u>cert. denied</u>, 411 U.S.  918 (1973) (no error where trial judge

permitted government agent to sit at counsel table throughout entire trial and testify as the

prosecutor's <u>last</u> witness in its case-in-chief).

Indeed, this practice is recognized and permitted in this circuit and has been requested by

government counsel and granted in a number of different cases.   For example: <u>United States v.</u>

<u>Wallace E. Weaver, Jr.</u>, No. 99-363 (J. Roberts); <u>United States v. John Bisong</u>, No. 02-242

2

(J. Urbina); <u>United States v. Malik M. Akhtar</u>, Cr. No. 93-442 (J. Jackson); <u>United States v. Perholtz</u>, No. 85-0255, January 14, 1986 (J. Gesell); <u>United States v. Savan</u>, No. 88-0148, May 1, 1989 (J. Lamberth).

WHEREFORE, for the foregoing reasons, the United States moves this Court to allow FBI Special Agent Michael McGillicuddy to remain at counsel table during the trial of this case.

Respectfully submitted,

JEFFREY A. TAYLOR

UNITED STATES ATTORNEY


By: _____ /s/ _____
Tejpal S. Chawla, D.C. Bar No. 464012
Ronald W. Sharpe, D.C. Bar. No. 434575
Assistant United States Attorneys
555 4th Street, NW
Washington, D.C. 20530
(202) 353-2442 (Chawla)
(202) 353-9460 (Sharpe)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-149 (RCL)** |
| | : | |
| **v.** | : | |
| | : | |
| **FARZAD DARUI,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

After consideration of the Government's Motion to Permit FBI Special Agent Michael McGillicuddy to Remain at Counsel Table and the entire record in this matter, it is hereby ORDERED that, for the reasons set forth in the Government's Motion, the Motion is GRANTED.

_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

_____
DATE