UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) Crim. No. 1:07-cr-00149-RCL |
| | ) |
| FARZAD DARUI, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT FARZAD DARUI'S REVISED PROPOSED JURY INSTRUCTIONS

Defendant Farzad Darui, by counsel, submits the following revised proposed jury instructions. Pursuant to Federal Rule of Criminal Procedure 30, Darui reserves the right to offer additional instructions should the evidence warrant. These instructions replace the original set of instructions tendered by Darui. Proposed Instructions 1 through 22, with minor revisions, track Proposed Instructions 1 through 22 of Darui's original submission.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 1

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the Defendant, who is charged with serious crimes. Equally, it is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.

The fact that the prosecution is being brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Authority:    Adapted from 1 Leonard B. Sand et al., Modern Federal Jury Instructions—Criminal ¶ 2.01 Instr. 2-5 (Matthew Bender).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 2**

Alternative A:

You have heard evidence that [name of witness] made a statement on an earlier occasion and that this statement may be inconsistent with his/her testimony here at trial. This earlier statement was brought to your attention to help you in evaluating the witness's believability here in court. In other words, if on an earlier occasion the witness made a statement that is inconsistent with his/her testimony in court, you may consider the inconsistency in judging the credibility of the witness at trial. You may not consider this earlier statement as proof that what was said in the earlier statement was true.

It is for you to decide whether a witness made a statement on an earlier occasion and whether it was in fact inconsistent with the witness's in-court testimony here.

Alternative B:

You have heard evidence that _____ made an earlier statement under oath, subject to penalty of perjury at [in] a prior _____ and that this statement may be inconsistent with his/her testimony here at trial. This earlier statement was brought to your attention both to help you in evaluating the believability of the witness and as evidence in this case. In other words, if you find that the earlier statement is inconsistent with the witness's present testimony in court, you may consider this inconsistency in judging the credibility of the witness here at trial.

Authority:  Red Book Instr. 1.10. Alternative B was modified to include the bracketed word "in" and by eliminating the final sentence which reads: "In addition, you may consider this earlier statement as proof that what was said in the earlier statement was true."

**DEFENDANT'S PROPOSED INSTRUCTION NO. 3**

In some cases, although not necessarily this one, there may be reports in the newspaper or on the radio or television concerning the case while the trial is going on.  If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it.  You must not listen to or read such reports, and you must decide this case solely on the evidence presented in this courtroom.  You must consider only evidence that meets certain standards in reaching your verdict.  For example, a witness may testify about events he himself has seen or heard, but he generally may not testify about matters which others have told him about.  Also, witnesses must be sworn to tell the truth and must be subject to cross-examination.  News reports about this case are not subject to any of those standards, and if you read, listen to, or watch these reports, you may be exposed to misleading or inaccurate information that unduly favors one side of the case, and to which the other side is unable to respond.  Therefore, you must completely disregard any press, television, or radio report that you may read, see, or hear.  Such reports are not evidence and you should not be influenced in any manner whatsoever by such publicity.  If any publicity about this trial inadvertently comes to your attention during trial, do not discuss it with other jurors or anyone else.

Just let me or my clerk know as soon after it happens as you can.  I will then briefly discuss it with you to make sure it does not present any problems.  In fairness to both sides, it is essential that you comply with this instruction.

Authority:    Red Book Instr. 1.16.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 4**

Every defendant in a criminal case has an absolute constitutional right not to testify.

Farzad Darui has chosen to exercise his right to remain silent.  You must not hold this decision

against him, and it would be improper for you to speculate as to the reason or reasons for his

decision, and I, therefore, instruct you not to do so.  Most importantly, you must not draw any

inference of guilt from the Defendant's decision not to testify.


Authority:    Adapted from Red Book Instr. 2.27.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 5

Farzad Darui has introduced testimony that [he has a good reputation in the community for [character trait]] [in the witness's opinion, the defendant is a [character trait] person].  Such evidence may indicate to you that it is unlikely that a [character trait] person would [commit the crime charged] [testify untruthfully].  You should consider this evidence together with other evidence in the case in determining the guilt or innocence of Farzad Darui, and should give it such weight as in your judgment it is fairly entitled to receive.

Notwithstanding this character evidence, it is your duty to convict if, after weighing all the evidence, you are convinced beyond a reasonable doubt that Farzad Darui is guilty of the crime charged.  On the other hand, the circumstances may be such that evidence of good character alone may create a reasonable doubt as to Farzad Darui's guilt, although without it the other evidence would be convincing.  If you have a reasonable doubt as to Farzad Darui's guilt, you must find him not guilty.

Authority:    Red Book Instr. 2.42.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 6

Instead of requiring that a custodian of records testify at trial to have records admitted into evidence, the law allows records to be submitted by what is called a declaration or by an agreement or stipulation of the parties.  You may consider a declaration by a custodian or a stipulation of the parties in the same way you would consider testimony actually given in court.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 7**

Knowingly and Willfully—Defined

A defendant does something knowingly if the act is done voluntarily and intentionally and not through accident, misunderstanding, inadvertence or other innocent reason.

A defendant does something willfully if the act is done intentionally, deliberately and purposely and with the intent to do what the law forbids, that is, knowing that one's conduct is against the law and with the evil purpose to disobey or disregard the law.

Authority:   Adapted from 1 Sand et al., ¶ 16.01 Instr. 16-7 & ¶ 3A.01 Instr. 3A-3.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 8**

Counts One Through Five: Mail Fraud—18 U.S.C. § 1341

In Counts One through Five of the Indictment, Farzad Darui is charged with committing the offense of Mail Fraud, in violation of Title 18, United States Code, Section 1341. To prove Mail Fraud, as charged in Counts One through Five, the government must prove, for each count, each of the following elements beyond a reasonable doubt:

First:          That the defendant devised and executed a scheme or artifice to obtain money or property from the Islamic Center to which he was not legally entitled by means of false and fraudulent pretenses, representations or promises, as alleged in the indictment;

Second:      That the scheme or artifice to defraud was material, that is, it would reasonably influence a person to part with money or property;

Third:         That the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

Fourth:       That in furtherance or execution of this scheme, the defendant used or caused the mails to be used, as specified in the indictment.

If you find from your consideration of all the evidence that all four of these propositions have been proved by the government beyond a reasonable doubt for a particular count, then you should find the defendant guilty of that particular count.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved by the government beyond a reasonable doubt for a particular count, then you must find the defendant not guilty of that particular count.

I will now define some of these terms and elements for you.

-9-

Authority:  Adapted from 2 Sand et al., ¶ 44.01 Instr. 44-3; 2A O'Malley et al., § 47.03.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 9

Mail Fraud—First Element
Scheme or Artifice to Defraud By Means of False or
Fraudulent Pretenses, Representations or Promises—Defined

In order to convict the defendant of the offenses alleged in Counts One through Five, the government must first prove beyond a reasonable doubt the existence of a scheme or artifice to defraud the Islamic Center of money or property to which Farzad Darui was not legally entitled, by means of false or fraudulent pretenses, representations or promises.

A scheme to defraud is a plan to deprive another of money or property, by trick, deceit, deception or swindle. A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was falsely made with the intention to deceive. The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal duty to make such a disclosure, he actually knew such a disclosure ought to be made, and he failed to make such disclosure with the intent to defraud.

Authority: Adapted from 2 Sand et al., ¶ 44.01 Instr. 44-4.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 10

Mail Fraud—Second Element
Materiality—Defined

As I have instructed you, the second element that the government must prove beyond a reasonable doubt is that the scheme or artifice to defraud was material.

A statement or representation is material if it has a natural tendency to influence or is capable of influencing a decision or action of the person or entity to which it is addressed.

Authority:    Adapted from 1A O'Malley et al., § 16.11; *Neder v. United States*, 527 U.S. 1, 25 (1999) (materiality of falsehood is an element of the federal mail fraud, wire fraud, and bank fraud statutes).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 11**

Mail Fraud—Third Element
Intent to Defraud—Defined

For Counts One through Five, the third element that the government must prove beyond a reasonable doubt is that the defendant participated in a scheme to defraud knowingly, willfully and with the specific intent to defraud.

Knowingly means to act voluntarily and deliberately, rather than mistakenly or inadvertently. Willfully means to act knowingly and purposefully, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

In order to find that a particular defendant acted with the specific intent to defraud required for a conviction on Counts One through Five, you must conclude beyond a reasonable doubt that the defendant acted deliberately with a bad or evil purpose to violate the law, for the purpose of obtaining money or property to which he was not legally entitled from the Islamic Center.

Authority:    Adapted from 2 Sand et al., ¶ 44.01 Instr. 44-5.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 12**

Mail Fraud—Fourth Element
Use of the Mails—Defined

The fourth and final element that the government must establish beyond a reasonable doubt for each of Counts One through Five is that the defendant used or caused to be used the federal mails in furtherance of the scheme to defraud. The mailing need not itself contain a fraudulent representation or purpose, or a request for money.

To convict the defendant, you must find that the mailing was incident to an essential part of the scheme to defraud, or sufficiently closely related to the scheme to defraud to have furthered, advanced or promoted the scheme to defraud. In order for a mailing to be in furtherance of the scheme to defraud, the scheme's completion or the prevention of its detection must have depended in some way on the charged mailing.

Therefore, if you find that the scheme had reached fruition by the time of the charged mailing, or that the purpose of the mailing conflicted with, rather than promoted, the scheme to defraud, or increased the likelihood that the scheme would be detected, then the use of the mails was not in furtherance of the scheme to defraud and you must acquit the defendant.

Authority:     Adapted from 2 Sand et al., ¶ 44.01 Instr. 44-6; 2B O'Malley et al., §§ 47.04, 47.08; *Pereira v. United States*, 347 U.S. 1, 8 (1954) (mailing must be incident to an essential part of the scheme ); *United States v. Maze*, 414 U.S. 395, 399 (1974) (finding that the evidence must show that the mailings were sufficiently closely related to [the] scheme ); *United States v. Frost*, 125 F.3d 346, 358-59 (6th Cir. 1997) (holding that the federal mail fraud statute does not purport to reach all frauds, but only those limited instances in which the use of the mails is a part

of the execution of the fraud. . . . The mails therefore must serve the purpose of executing or

furthering the accomplishment of the scheme.  That is, the use of the mails ha[s] to be incident to

an essential part of the scheme. ") (citations and internal quotation marks omitted); *Maze*, 414

U.S. at 402-03 (holding that mailings were not sufficiently closely related to respondent's scheme

to form the basis of a mail fraud conviction where the scheme had reached fruition, the mailings

at issue did no more than increase the likelihood that the defendant's scheme would be detected);

*United States v. Castile*, 795 F.2d 1273, 1278 (6th Cir. 1986) (where the purpose of a mailing

conflicts with, rather than promotes, the scheme to defraud, the mailing will not support a

conviction under the mail fraud statute ); *United States v. Diggs*, 613 F.2d 988, 998-99 (D.C. Cir.

1979) (citing *Maze* and finding a sufficiently close nexus between the mailings and the

fraudulent scheme).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 13**

Mail Fraud Unanimity

As I explained, Counts One through Five of the indictment charges the defendant with violating the mail fraud statute. The government alleges that the defendant engaged in a scheme or artifice to defraud the Islamic Center of money or property to which he was not legally entitled, by means of false or fraudulent pretenses, representations or promises. You may find the defendant guilty on these counts only if the government proves beyond a reasonable doubt each of the elements of these offenses as described in Instruction Number 8.

However, in order to return a guilty verdict on each of these counts, all jurors must agree unanimously that the defendant engaged in a scheme or artifice to defraud the Islamic Center of money or property to which he was not legally entitled, by means of the same false or fraudulent pretenses, representations or promises.

The indictment alleges a number of separate means or methods by which the defendant is accused of committing these offenses. The government is not required to prove all of the means or methods alleged in Counts One through Five of the indictment. However, unless the government has proven to each of you beyond a reasonable doubt that the same means or methods were engaged in or employed by the defendant, you must acquit the defendant of those Counts.

Authority:    Adapted from Red Book Instr. 2.72; 2A O'Malley et al., § 47.17; 1A O'Malley et al., § 13.07.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 14**

Good Faith

Good faith is a complete defense to all of the charges in the indictment, because good faith on the part of a defendant is inconsistent with a finding that the defendant acted willfully or with specific intent to violate the law, which are essential parts of the charges in each count in this case. The Defendant has no burden to prove that he acted in good faith, because the Defendant has no burden to prove anything in this case. The government must convince you, beyond a reasonable doubt, that the defendant acted willfully, or with intent to defraud, and, consequently, with a lack of good faith.

While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another. In considering whether or not the defendant acted in good faith, you are instructed that a person who acts on a belief or an opinion honestly held is not punishable merely because the belief or opinion turns out to be inaccurate, incorrect or wrong. An honest mistake in judgment or an error in management does not rise to the level of knowledge and willfulness required by the statutes under which the Defendant is charged.

In determining whether or not the government has proven that the defendant acted in good faith or acted knowingly and willfully to defraud, the jury must consider all of the evidence in the case bearing on the defendant's state of mind. If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with the required fraudulent intent or in good faith, then you must acquit the defendant.

Authority:     Adapted from 3 Sand et al., ¶ 57.03 Instr. 57-25; 2A O'Malley et al., § 40.16; 2B

O'Malley et al., § 62.15; *United States v. Casperson*, 773 F.2d 216, 223 (8th Cir. 1985).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 15**

Theory of Defense

[To be submitted at close of the Defendant's case]

Authority:    Red Book Instr. 5.01 (When a defense theory finds some support in the evidence and the law, the defendant is entitled to some mention of that theory in the district court's instructions.).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 16**

Counts Six and Seven:  Interstate Transportation of Stolen Securities (18 U.S.C. § 2314)

In Count Six of the indictment, Farzad Darui is charged with committing the offense of interstate transportation of stolen securities, in violation of Title 18, United States Code, Section 2314.  To prove this offense, as charged in Counts Six and Seven, the government must prove, for each count, each of the following elements beyond a reasonable doubt:

First:            that the securities identified in Count Six were stolen, converted, or taken by fraud;

Second:         that the defendant transported, transmitted or transferred the securities in interstate or foreign commerce;

Third:           that at the time of the transportation or transmission, the defendant knew the securities were stolen, converted or taken by fraud; and

Fourth:         that the value of the securities was $5,000 or more.

If you find from your consideration of all the evidence that all of these propositions have been proved by the government beyond a reasonable doubt, then you should find the defendant guilty of Count Six.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved by the government beyond a reasonable doubt, then you must find the defendant not guilty of Count Six.


Authority:      Adapted from 3 Sand et al., ¶ 54.03 Instr. 54-22.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 17**

First Element—Property Was Stolen, Converted or Taken by Fraud

The first element the government must prove beyond a reasonable doubt is that the property described in the indictment was stolen, converted, or taken by fraud.

The first thing you must determine is whether the property described in the indictment constitutes a security. For the purposes of this case, a "security" has a special meaning. It is defined by the statute to include any note, stock certificate, bond, debenture, check, draft, warrant, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, evidence of indebtedness, certificate of interest or participation in any profit-sharing agreement, collateral-trust certificate, preorganization certificate or subscription, transferable share, investment contract, voting-trust certificate; valid or blank motor vehicle title; certificate of interest in property, tangible or intangible; instrument or documents or writing evidencing ownership of goods, wares, and merchandise, or transferring or assigning any right, title, or interest in or to goods, wares, and merchandise; or, in general, any instrument commonly known as a "security," or any certificate of interest or participation in, temporary or interim certificate for, receipt for, warrant, or right to subscribe to or purchase any of the foregoing, or any forged, counterfeited, or spurious representation of any of the foregoing.

Next, you must determine whether the property described in the indictment was stolen, converted or taken by fraud. The term "stolen" refers to the taking of securities with the intent to deprive the owner of the use or benefits of ownership.

The phrase "converted" means to take securities for one's own use by any dishonest or illegal means. For example, if a person has received money in exchange for specific services, and he does not perform those services and instead retains the money for his own use, he has

-21-

converted the money.

The term "taken by fraud" refers to securities taken from their owner, through misrepresentations or deceit, with the intent to deprive the owner of the use or benefits of ownership.

For the purposes of this case, it is not necessary that you know, or are able to determine, who stole, converted, or fraudulently obtained, the securities. While you must decide, beyond a reasonable doubt, that the particular securities was stolen, you do not have to determine who stole them, or that the defendant knew who stole them. The government need not prove that the defendant personally stole the securities from the Islamic Center. However, you must determine whether the defendant intentionally deprived the Islamic Center of the rights and benefits of ownership, without the Islamic Center's consent. In considering whether the defendant acted "intentionally," you should give the word its ordinary meaning of acting deliberately, or purposely, as opposed to acting by mistake or carelessness.

Any illegal or dishonest misrepresentation or taking of property which deprives the owner of his property without his consent is considered "stealing, conversion, or taking by fraud." The property does not have to be taken permanently; and the misrepresentation or taking does not have to result in monetary loss to the owner. What you must decide, and what the government must prove beyond a reasonable doubt is whether, at the time the defendant acquired possession of the securities, he intended to take them for his own use, and if so, whether he did so without the permission of the Islamic Center.

Authority:    Adapted from 3 Sand et al., ¶ 54.03 Instr. 54-23.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 18

As I have just instructed you, you must determine whether the defendant intentionally deprived the owner of the property of the rights of ownership without his consent.  It is not necessary that the government prove that illegal methods were used to gain possession of the property, or that the owner never permitted the defendant to use the property.  The government satisfies its burden of proving the property was stolen, converted or taken by fraud if it proves beyond a reasonable doubt that the defendant converted the property to his own use, against the owner's wishes, even if the defendant initially got the property lawfully.

In considering whether the defendant's acquisition of the property was against the owner's wishes, you may take into account any friendship or business relationship between the defendant and the owners.

Authority:    Adapted from 3 Sand et al., ¶ 54.03 Instr. 54-24.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 19**

Second Element—Transportation In Interstate Commerce

The second element the government must prove beyond a reasonable doubt is that the property was transported in interstate commerce.

Simply stated, the phrase "transported in interstate commerce" means that the stolen securities moved from one state to another. For example, if a person has driven merchandise from one state to another or mailed a bank check to another state, he has transported or transmitted goods, wares, merchandise, securities or money from one state to another.

Authority:     Adapted from 3 Sand et al., ¶ 54.03 Instr. 54-26.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 20

### Fourth Element—Value of the Property

The fourth element the government must prove beyond a reasonable doubt is that the property had a value of $5,000 or more.

In determining the value of the property, you may look at the face or par value of the property, or its market value—that is, the amount of money the property could be sold for in the open market. You should consider the aggregate, or total, value of all the property referred to in Count Six of the indictment. If you find that the value of the property referred to in Count Six of the indictment is less than $5,000, then you must find the defendant not guilty of that count.

It does not matter if you find the defendant actually received less than $5,000 for the goods, wares, or merchandise, or if the securities were non-negotiable—that is, they could not be redeemed or traded. If the evidence shows, and you find beyond a reasonable doubt that the property's total face, par, or market value was $5,000, then this element of the offense is satisfied.

Authority:     Adapted from 3 Sand et al., ¶ 54.03 Instr. 54-29.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 21**

Count Nine:  Theft (D.C. Code §§ 22-3211, 3212)

Count Seven of the indictment charges Farzad Darui with committing the offense of theft, in violation of D.C. Code sections 22-3211 and 3212.  The essential elements of the offense of theft, each of which the government must prove beyond a reasonable doubt, are:

First:          that the defendant wrongfully obtained or used the property of another;

Second:        that at the time the defendant obtained the property, he specifically intended either to deprive the Islamic Center of a right to the property or a benefit of the property or to take or make use of the property for himself or for another person, without authority or right; and

Third:          that when the defendant obtained the property, it had a value of $250 or more.

If you find from your consideration of all the evidence that all of these propositions have been proved by the government beyond a reasonable doubt, then you should find the defendant guilty of Count Seven.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved by the government beyond a reasonable doubt, then you must find the defendant not guilty of Count Seven.

To prove that the defendant wrongfully obtained or used the property of the Islamic Center, the government must prove beyond a reasonable doubt one or both of the following things.  It must prove that the defendant exercised control over the property of the Islamic Center against the will or against the interest of the Islamic Center.  Or it must prove that the defendant

-26-

used, transferred, or disposed of the property of the Islamic Center or an interest in the property

of the Islamic Center without the authority of the Islamic Center.

Authority:     Adapted from Red Book Inst. 4.38.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 22**

Authorization

The burden is on the government to prove beyond a reasonable doubt that the transactions in the indictment were unauthorized.  If you find that Abdullah Khouj authorized the transactions in the indictment, you must find the defendant not guilty.  However, even if you believe that Abdullah Khouj did not authorize the transactions, but you also believe that Farzad Darui had a subjective, good faith belief that he was authorized to engage in those transactions, you must find the defendant not guilty.

Authority:      *United States v. Lawton,* 995 F.2d 290, 294-95 (D.C. Cir. 1993).

**DEFENDANT'S PROPOSED INSTRUCTION NO. 23**

Count Eight:  Engaging in monetary transactions in property derived
from specified unlawful activity (18 U.S.C. § 1957)

Count Eight of the indictment charges Farzad Darui with committing the offense of

engaging in monetary transactions in property derived from specified unlawful activity. , in

violation of Title 18, United States Code, Section 2314.  To prove this offense, as charged in

Count Eight, the government must prove each of the following elements beyond a reasonable

doubt:

First:        that the defendant engaged in a monetary transaction in or affecting

interstate commerce.

Second:        that the monetary transaction involved criminally derived property of a

value greater than $10,000.

Third:        that the property was derived from specified unlawful activity.

Fourth:        that the defendant acted knowingly that is, with knowledge that the

transaction involved proceeds of a criminal offense; and,

Fifth:        that the transaction took place in the United States.

If you find from your consideration of all the evidence that all of these elements have

been proved by the government beyond a reasonable doubt, then you should find the defendant

guilty of Count Eight.

If, on the other hand, you find from your consideration of all the evidence that any one of

these elements has not been proved by the government beyond a reasonable doubt, then you must

find the defendant not guilty of Count Eight.

Authority:        Adapted from 3 Sand et al., ¶ 50A.06 Instr. 50A-25 and 50A-26.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 24**

First Element—Engaging in a Monetary Transaction

The first element which the government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction affected interstate commerce in some way, however minimal. This effect on interstate commerce can be established in several ways. First, any monetary transaction with a financial institution insured by the FDIC affects interstate commerce, so if you find that Wachovia Bank, N.A. was insured by the FDIC that is enough to establish that the transaction affected interstate commerce. Second, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well. Third, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

Authority:     3 Sand et al., ¶ 50A.06 Instr. 50A-27.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 25**

Second Element—Transaction Involved Criminally Derived Property

The second element which the government must prove beyond a reasonable doubt is that the monetary transaction involved criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that all of the property involved in the transaction was criminally derived property. However, the government must prove that more than $10,000 of the property involved was criminally derived property.

Authority:     3 Sand et al., ¶ 50A.06 Instr. 50A-28.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 26**

Third Element—Property Derived From Specified Unlawful Activity

The third element which the government must prove beyond a reasonable doubt is that the defendant knew that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

I instruct that this element refers to a requirement that the defendant knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a criminal offense under state or federal law. I instruct you as a matter of law that mail fraud is a criminal offense.

Authority:        3 Sand et al., ¶ 50A.06 Instr. 50A-29.

### DEFENDANT'S PROPOSED INSTRUCTION NO. 27

Fourth Element—Knowledge

The fourth element which the government must prove beyond a reasonable doubt is that the defendant knowingly engaged in an unlawful monetary transaction, as defined above.

I instruct you that in a prosecution for an offense under this section, the government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived. However, the government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find that the government has established, beyond a reasonable doubt, that the defendant knew that the transaction involved property derived from a criminal offense, then this element is satisfied.

Authority:       3 Sand et al., ¶ 50A.06 Instr. 50A-30.

## DEFENDANT'S PROPOSED INSTRUCTION NO. 28

Fifth Element—Transaction Took Place in the United States

The fifth element which the government must prove beyond a reasonable doubt is that the transaction took place in the United States.

Authority:     3 Sand et al., ¶ 50A.06 Instr. 50A-31.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 29**

The Court instructs the jury that, as a matter of law, the funds in the "Special Account" were owned by Abdullah Khouj.

Authority:      12 C.F.R. 330.5 (stating that "in determining the amount of insurance available to each depositor, the FDIC shall presume that deposited funds are actually owned in the manner indicated on the deposit account records of the insured depository institution.").

**DEFENDANT'S PROPOSED INSTRUCTION NO. 30**

Consciousness of Innocence From Return From Abroad

You have heard evidence that the defendant was in Mexico when he learned that he was accused of embezzlement from the Islamic Center.  If proved, the return of a defendant to the United States from a foreign country after he knows he is accused of a crime may tend to prove that the defendant believed he was innocent.  It may be weighed by you together with all the other evidence.

Whether or not evidence of return from a foreign country does show that the defendant believed that he was innocent, and the significance, if any, to be given to the defendant's belief on this matter are for you to determine.

Authority:    Adapted from 1 Sand et al., ¶ 6.05 Instr. 6-9.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 31**

Perjurer's Testimony

The testimony of an admitted perjurer should be received with caution and scrutinized with care.

Authority:     Adapted from Red Book Inst. 2.25 (deleting reference to "convicted perjurer").

FARZAD DARUI


By: /s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)
Counsel for Defendant


By: /s/ Aaron S. Book
Aaron S. Book (DC Bar # 490815)
Steven T. Webster (admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
Counsel for Defendant


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 29, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald W. Sharpe, Esq.
Tejpal S. Chawla, Esq.
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

/s/ Aaron S. Book
Aaron S. Book