UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 07-149 (RCL) |
| | : | |
| v. | : | |
| | : | |
| FARZAD DARUI, | : | |
| | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE OF THE FINANCIAL STATUS OF DEFENDANT**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Court for an Order *in limine* to preclude defendant Farzad Darui from introducing at trial certain evidence concerning his financial status because it is not probative of the defendant's motive and intent to commit the crimes alleged in the Superceding Indictment. As further discussed herein, information related to defendant's financial status is not relevant and should not be admitted to show defendant's motive and intent in committing the acts alleged in the Superceding Indictment.

I.  **EVIDENCE OF DEFENDANT'S FINANCIAL STATUS**

As discussed in the Indictment, defendant is alleged to have engaged in a fraudulent scheme to obtain money from the Islamic Center of Washington, D.C., in our about October 2000, through January 2006. In his opening, the defendant argued forcefully that he was a multi-millionaire who had no need for the money he is alleged to have stolen. It is obvious that the defendant is claiming that he lacked the motive to steal the funds as alleged in the Superseding Indictment because of his wealth. However, as discussed below, the case law is crystal clear that a defendant's wealth, standing alone, is wholly irrelevant in a fraud case. The government thus

seeks to preclude the defense from introducing evidence, or raising argument, relating to his income and overall financial status.

## II.  SUCH EVIDENCE IS IRRELEVANT, NOT PROBATIVE, AND SHOULD NOT BE ADMISSIBLE

Court after court has recognized that a defendant's poverty or wealth, standing alone, is irrelevant in most criminal cases.

> "Poverty as proof of motive has in many cases little tendency to make theft more probable.  Lack of money gives a person an interest in having more.  But so does desire for money, without poverty. A rich man's greed is as much a motive to steal as a poor man's poverty. Proof of either, without more, is likely to amount to a great deal of unfair prejudice with little probative value

United States v. Mitchell, 172 F.3d 1104, 1108-09 (9th Cir. 1999).  This rule has been recognized numerous cases.  See, e.g., United States v. Weller, 238 F.3d 1215, 1221 (10th Cir. 2001) ("Traditionally, evidence of poverty has not been admissible to show a motive for committing crime.  Not only would allowing such evidence be unduly prejudicial to poor defendants, but it does not, in fact, prove much-even wealthy people may commit financial crimes in hope of amassing still more money" (citations omitted));  U.S. v. Jackson-Randolph, 282 F.3d 369, 376 (6th Cir. 2002) ("it is illogical and improper to equate financial success and affluence with greed and corruption"); United States v. Hawkins, 360 F.Supp.2d 689, 695 (E.D. Pa. 2005) ("In fraud cases, where motive and intent have particular evidentiary value, the courts have generally not allowed evidence of a defendant's financial status alone, without more, to be introduced"); see also United States v. Davis, 409 F.2d 453, 456 (D.C. Cir. 1969) (recognizing that evidence of defendant's financial status was inadmissible, and recognizing "[t]oday when the law has recognized a commitment to the underprivileged to bridge the chasm between 'poor man's'

and 'rich man's' justice, courts must be especially alert to prevent a man's rights or liberty from turning on his economic and social status").

Under the circumstances, there is no relevance to the defendant's financial status in this case. Rich and poor steal money, and the rich should not escape prosecution, nor should the poor suffer it, merely because of their financial status. Where, as here, there is no basis for the introduction of this evidence, the defense should be prohibited from introducing evidence as to his financial status, and counsel should be restricted from making such an argument at closing. To the extent that defendant has already made this explicit argument in opening statement, the government is similarly entitled to a curative jury instruction on this issue.

### III. CONCLUSION

The government hereby respectfully requests that the defense be precluded from introducing evidence at trial, or commenting on, the defendant's financial status.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:  _____/s/_____
Tejpal S. Chawla, D.C. Bar No. 464012
Ronald W. Sharpe, D.C. Bar No. 434575
Assistant United States Attorneys
555 4th Street, NW
Room 5840
Washington, D.C. 20530
(202) 353-2442 (Chawla)
(202) 353-9460 (Sharpe)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 07-149 (RCL)** |
| | : | |
| v. | : | |
| | : | |
| **FARZAD DARUI,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

# ORDER

After having considered the Government's Motion in *Limine* to Preclude Evidence of the Financial Status of Defendant, any opposition thereto, and the entire record in this matter, it is hereby ORDERED that the government's motion is GRANTED and that the defense is precluded from offering evidence, or arguing at trial, that the defendant's wealth and financial status are relevant to this case.

**SO ORDERED** this _____ day of May, 2008.

_____
ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE