UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | Crim. No. 1:07-cr-00149-RCL |
| | ) | |
| FARZAD DARUI, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT FARZAD DARUI'S OPPOSITION
TO GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE OF THE FINANCIAL STATUS OF DEFENDANT**

Defendant, by counsel, files the following opposition to the government's Motion *In Limine* to Preclude Evidence of the Financial Status of the Defendant ("GMIL").

**ARGUMENT**

*1.     Evidence of Mr. Darui's Financial Status is Relevant, Probative, and Properly Admissible.*

Evidence of a defendant's financial status as relevant to motive (or in this case, lack thereof) is not categorically inadmissible as the government would like the Court to believe. *United States v. Hawkins*, 360 F. Supp. 2d 689, 694 (E.D. Pa. 2005). Case law excluding motive evidence traditionally has been concerned with its possible prejudicial effect against a defendant, not to the benefits that may inure to a defendant. *See, e.g., United States v. Weller*, 238 F.3d 1215, 1221 (10th Cir. 2001) (finding that evidence of poverty may be unduly prejudicial against poor defendants); *United States v. Jackson-Randolph*, 282 F.3d 369, 376 (6th Cir. 2002) (noting that the relevance of evidence of extreme wealth—sought to be introduced by the government— is weighed against the possibility of "class prejudice" against a wealthy defendant). There is no prohibition to a defendant's ability to argue lack of motive at trial by using evidence of his wealth. *See, e.g., United States v. Hirschberg*, 988 F.2d 1509, 1515 (7th Cir. 1993) (rejecting the claim that a mail-fraud defendant who has "sought to use wealth to illustrate lack of motive"

is entitled to an absence of motive instruction on the grounds that he has had "ample opportunity . . . to establish and argue lack of motive" at trial.).

In the instant case, evidence of Mr. Darui's wealth is relevant because it makes it less likely that he had a reason to engage in the charged offense. Notably, each authority the government cites in its motion concerns the admissibility of evidence of financial status to prove motive, not *lack* of motive. *See* GMIL at 2-3. Because the risk of prejudicial inference in this case is slight, and, in any case, would likely cut against Mr. Darui, the government's motion should be denied.

**2.      *The Government's Motion in Limine Comes Too Late.***

The government's motion comes well after the bell on this issue has been rung. Defense counsel spoke about Mr. Darui's financial situation in opening statement without objection. The government introduced evidence of Mr. Darui's financial condition through its second witness, Special Agent Brian Crews. During his testimony on May 7 and 8, 2008, he discussed Mr. Darui's ownership of two businesses (Blue Line Travel, Inc. and Zaal, Inc.), as well as his ownership of various real estate, including an apartment building. The defense elicited further evidence of Mr. Darui's financial condition through the cross-examination of the government's witness, Aston James, who identified the numerous properties owned by Mr. Darui where he has performed work. And Special Agent Michael McGillicuddy discussed Mr. Darui's business ownership in his testimony on direct examination. Even if there were a prohibition on introducing financial status to prove lack of motive, the government's attempt to preclude such evidence is untimely and should be denied.

2

Conclusion

For the reasons stated above, Defendant respectfully requests that the government's motion be denied.

FARZAD DARUI
By Counsel

By:____/S/ Aaron S. Book_____
    Aaron S. Book (DC Bar No. 490815)
    Steven T. Webster (admitted *pro hac vice*)
    Webster Book LLP
    1 North King Street
    Leesburg, Virginia 20176
    703-779-8229
    703-991-9178 (fax)
    abook@websterbook.com

    Victoria Toensing
    Joseph diGenova
    Brady Toensing
    diGenova & Toensing, LLP
    1776 K Street, N.W., Suite 737
    Washington, D.C. 20006
    (202) 289-7701
    (202) 289-7706
    *Counsel for Defendant Farzad Darui*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald W. Sharpe, Esquire
Tejpal S. Chawla, Esquire
Assistant United States Attorney
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

      /S/ Aaron S. Book
Aaron S. Book