**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

MAY 2 1 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Criminal No. 07-149 (RCL)** |
| **FARZAD DARUI,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**FINAL JURY INSTRUCTIONS**

Ladies and gentlemen of the jury, it is my duty and responsibility as the trial judge to give you instructions as to the law that applies to this case and to the evidence that has been presented. It is your sworn duty to base your verdicts upon the law given in these instructions and upon the evidence that has been admitted in this trial.

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case

solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.

Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence. Whether or not something is in evidence depends on the witness's answer to the lawyer's question.

Ordinarily, a witness may not testify as to his/her opinions or conclusions. There is an exception for expert witnesses, who are allowed to give opinions, and the reasons for them because they have become expert in some art, science, profession, or calling.

In this case, Pedro Quinones has testified as an expert concerning computer graphics and

Gerald Richards has testified as an expert forensic document examiner. You are not bound by an expert's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind -- you may not consider it as any evidence of the defendant's guilt or draw any inference of guilt from it.

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents.   It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question or argument, you should ignore the question or argument.  You must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.  Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.  This burden never shifts throughout the trial. The

law does not require a defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason -- a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

There are two types of evidence from which you may determine what the facts are in this case -- direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. If a person looked out a window and saw that snow was falling, he would be an eyewitness to the fact that snow was falling; if he later testified in court that he had seen snow falling, his testimony would be direct evidence of the fact that snow was falling at the time he saw it happen. However, if he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up, it would be a reasonable inference that it had snowed while he was asleep. His testimony about those observations would be circumstantial evidence.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it be direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.

5

You are the sole judge of the credibility of the witnesses. In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the demeanor and the behavior of the witness on the witness stand; the witness' manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or

6

against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

The law treats prior inconsistent statements differently depending on the circumstances in which they were made. I will now explain how you should evaluate those statements.

You have heard evidence that a witness made a statement on an earlier occasion and that this statement may be inconsistent with his testimony here at trial. It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here. If you find such an inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

You also have heard evidence that a witness made an earlier statement under oath, subject to the penalty of perjury and that this statement may be inconsistent with his testimony here at trial. If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider this inconsistency in judging the credibility of the witness. However, unlike statements not made under oath, you also may consider this earlier statement as evidence that what was said in the earlier statement was true.

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller

number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

The defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

You have heard evidence that the defendant was in Mexico when he learned that he was accused of embezzlement from the Islamic Center. If proved, the return of a defendant to the United States from a foreign country after he knows he is accused of a crime may tend to prove that the defendant believed he was innocent. It may be weighed by you together with all the other evidence.

Whether or not evidence of return from a foreign country does show that the defendant believed that he was innocent, and the significance, if any, to be given to the defendant's belief on this matter are for you to determine.

A law enforcement officer's testimony should be evaluated by you just as any other

evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because s/he is a law enforcement officer.

The passage of time since the date of the offenses charged in the Superseding Indictment is of no concern to you and should not enter into or influence your deliberations in any way. The law requires you to render your verdict based only on the evidence presented in this trial.

You have heard testimony about witnesses meeting with attorneys and/or investigators before they testified. You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial and that, in fact, a prosecutor or defense attorney may have a duty to interview witnesses before trial.

The testimony of Federal Bureau of Investigation Special Agents Michael McGillicuddy and Brian Crews, which in part summarizes the relationship of bank records and the evidence recovered as part of this investigation as well as other evidence, has been received for the sole purpose of explaining facts disclosed by records, other documents, and testimony admitted as evidence in the case. Their summary testimony is not, in and of itself, proof of any facts. Their summary testimony is provided only as a matter of convenience. If, and to the extent that, this summary testimony does not correctly reflect the facts shown by the evidence you have heard in this case, then you should disregard this summary testimony entirely.

You are to perform the duty of finding the facts without bias or prejudice as to any party.

9

You are to perform your final duty in an attitude of complete fairness and impartiality. The case is important to the defendant, who is charged with serious crimes. Equally, it is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. The fact that the prosecution is being brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Certain charts or summaries have been shown to you in order to help explain the facts disclosed by the books, records, or other underlying evidence in the case. These charts or summaries are used for your convenience. These charts and summaries are not themselves evidence or proof of any facts. You should determine the facts from the evidence.

Certain charts and summaries have been received into evidence. Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence. You should give them only such weight as you think the underlying evidence deserves.

You may notice that some documents have been redacted, that is, the documents have pages removed or portions are blacked out. For instance, portions of Defense Exhibit # 123 have been removed. These redactions were undertaken after consultation with counsel and based upon the rules of evidence. You should consider the evidence in the form it has been submitted to you. You should not speculate on the portions which have been redacted or the reasons that

10

the portions have been redacted.

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendant, and all other facts and circumstances received in evidence which indicate his/her intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that defendant acted with the necessary state of mind.

A defendant does something knowingly if the act is done voluntarily and intentionally and not through accident, misunderstanding, inadvertance or other innocent reasons.

A defendant does something willfully if the act is done intentionally, deliberately and purposely and with the intent to do what the law forbids, that is, knowing that one's conduct is against the law and with the evil purpose to disobey or disregard the law.

The indictment charges that the offense was committed "on or about" certain dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts constituting the offense or was personally present at

11

the commission of the offense. A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another. To "cause" an act to be done means to bring it about. You may convict the defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each essential element of the offense and that the defendant willfully caused such an act to be done, with the intent to commit the crime.

Counts One through Five of the Superseding Indictment charge that from about October 2000 through on or about January 2006, in the District of Columbia and elsewhere, the defendant knowingly devised a scheme or plan to defraud and thereafter used the United States mails in order to, in some fashion, advance or further the scheme to defraud.

The defendant has entered a plea of not guilty to this allegation in the Superseding Indictment.

The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of using the mails to further a scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises as charged in Counts One through Five of the Superseding Indictment beyond a reasonable doubt.

Section 1341 of Title 18 of the United States Code provides, in part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, … and for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal

representations, suggestions, suppression of the truth, or deliberate disregard for the truth. Thus, a "scheme to defraud" is a plan to deprive another of money or property by trick or deception. The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is immaterial. No misrepresentation of fact is required if the scheme is reasonably calculated to deceive persons of ordinary prudence.

It is not necessary that the Government prove all of the details alleged in the Superseding Indictment concerning the precise nature and purpose of the scheme; or that the material transmitted by mail was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mails was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the defendant did the actual mailing. What must be proved beyond a reasonable doubt is that the defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud as alleged in the Superseding Indictment, and that the use of the mails was in furtherance of the scheme because the defendant either mailed or caused something to be mailed in an attempt to execute or carry out the scheme.

A statement or representation is "false or fraudulent" if it relates to a material fact and is known to be untrue or made with reckless indifference as to its truth or falsity, provided it was made with intent to defraud. A representation may be "false" when it constitutes a half truth, or effectively conceals a material fact.

The failure to disclose information may also constitute a fraudulent representation if the

14

defendant was under a legal, professional or contractual duty to make such a disclosure, the

defendant actually knew such disclosure ought to be made, and the defendant failed to make such

disclosure with the intent to defraud.

A "person" can include an entity, corporation or organization.

A "material fact" is a fact that would be important to a reasonable person in deciding

whether to engage or not to engage in a particular transaction.  A fact is "material" if it has a

natural tendency to influence, or is capable of influencing, the decision of the person or entity to

whom or to which it is addressed.  A false or fraudulent statement, representation or promise can

be material even if the decision maker did not actually rely on the statement, or even if the

decision maker actually knew or should have known that the statement was false.

To act with an "intent to defraud" means to act knowingly and willfully and with the

intention or the purpose to deceive or to cheat.

An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about

some gain or benefit to oneself or some other person or by a desire or a purpose to cause some

loss to some person or entity.

That the defendant acted knowingly may be proven by evidence of deliberate ignorance,

but deliberate ignorance does not establish that he acted with the intention or purpose to deceive

or to cheat.

The Government need not prove that the defendant intended to defraud any particular

person or entity, so long as it proves that he intended to defraud any person or entity.  The

Government need not prove that the intended victims were actually harmed, only that such harm

was contemplated.   Nor must it show that the victim of the scheme was pure of heart or without

15

fault.

The fourth element of mail fraud requires the use of the United States mails. The government is not required to prove that the defendant actually mailed anything or that the defendant even intended that the mails would be used to further, or to advance, or to carry out the scheme to defraud. The government must prove beyond a reasonable doubt, however, that the mails were, in fact, used in some manner to further, or to advance, or to carry out the scheme to defraud. The government must also prove that the use of the mails would follow in the ordinary course of business or events or that the use of the mails by someone was reasonably foreseeable.

It is not necessary for the government to prove that the item which was mailed was false or fraudulent or contained any false or fraudulent statement, representation or promise, or contained any request for money or thing of value.

Each use of the mails to advance, further or carry out the scheme or plan to defraud may be a separate violation of the mail fraud statute.

With respect to the use of the mails, the government must establish beyond a reasonable doubt the particular mailings charged in the Superseding Indictment.

As I explained, Counts One through Five of the indictment charge the defendant with violating the mail fraud statute. The government alleges that the defendant engaged in a scheme or artifice to obtain money or property to which he was not legally entitled, by means of false or fraudulent pretenses, representations or promises. You may find the defendant guilty on these Counts only if the government proves beyond a reasonable doubt each of the elements of these offenses.

However, in order to return a guilty verdict on each of these Counts, all jurors must agree

16

unanimously that the defendant engaged in a scheme or artifice to obtain money or property to which he was not legally entitled, by means of the same false or fraudulent pretenses, representations or promises.

The indictment alleges a number of separate means or methods by which the defendant is accused of committing these offenses. The government is not required to prove all of the means or methods alleged in Counts One through Five of the indictment. However, unless the government has proved to each of you beyond a reasonable doubt that the same means or methods were engaged in or employed by the defendant, you must acquit the defendant of those Counts.

Count Six of the Superseding Indictment charges that on or about October 2000, to in or about January 2006, in the District of Columbia, the defendant did willfully and knowingly transport, transmit and transfer, in interstate commerce, that is, between the District of Columbia and the Commonwealth of Virginia, securities of the value of $5,000 or more, that is, checks having a combined value of $8,716.48, knowing that these goods were stolen.

Count Seven of the Superseding Indictment charges that on or about October 2000, to in or about January 2006, in the District of Columbia, the defendant did willfully and knowingly transport, transmit and transfer, in interstate commerce, that is, between the District of Columbia and the Commonwealth of Virginia, securities of the value of $5,000 or more, that is a check having a value of $6,006.35, knowing that these goods were stolen.

The defendant has entered a plea of not guilty to this allegation in the Superseding Indictment.

The government, therefore, assumes the responsibility of proving each of the essential

17

elements of the crime of interstate transportation of stolen property as charged in Counts Six and Seven of the Superseding Indictment beyond a reasonable doubt.

Section 2314 (first paragraph) of Title 18 of the United States Code provides, in part, that:

Whoever transports . . . in interstate . . . commerce any goods, wares, merchandise, securities or money, of the value of $5,000 or more, knowing the same to have been stolen, . . .

shall be guilty of an offense against the United States.

In order to sustain its burden of proof for the crime of transporting a security of the value of $5,000 or more, that is, two stolen checks having a combined value of $8,716.48, and one stolen check having a value of $6,006.35, as charged in Counts Six and Seven, respectively, of the Superseding Indictment, in interstate commerce, the government must prove the following four (4) essential elements beyond a reasonable doubt:

One:  The property described in Count Six and Seven of the Superseding Indictment was stolen;

Two:  The stolen property had a total value of at least $5,000.00;

Three:  After the property was stolen, the defendant transported it, or caused it to be transported, from one state to another state; and,

Four:  At the time that the defendant transported the property, or caused the property to be transported, he knew that it had been stolen.

The term "stolen" means acquired or kept dishonestly and includes any form of taking from another without that person's consent with the intention of depriving that person of the

18

rights and benefits of possession or ownership permanently or temporarily.

In determining the value of the property, you may look at the face or par value of the property, or its market value – that is, the amount of money the property could be sold for in the open market. You should consider the aggregate, or total, value of all the property referred to in Count Six of the Superseding Indictment. If you find that the value of the property referred to in Count Six of the Superseding Indictment is less than $5,000, then you must find the defendant not guilty of that count. Likewise, you should consider the aggregate, or total, value of all the property referred to in Count Seven of the Superseding Indictment. If you find that the value of the property referred to in Count Seven of the Superseding Indictment is less than $5,000, then you must find the defendant not guilty of that count.

It does not matter if you find the defendant actually received less than $5,000 for the goods, wares, or merchandise, or if the securities, or checks in this case, were non-negotiable – that is, they could not be redeemed or traded. If the evidence shows, and you find beyond a reasonable doubt that the property's total face, par or market value was $5,000, then this element of the offense is satisfied.

The term "interstate commerce" means any movement or transportation of goods, wares, merchandise, securities or money from one state into another state, the District of Columbia, and any commonwealth, territory, or possession of the United States.

If you find that the property was stolen in one state or the District of Columbia and was in the defendant's possession in a different state or the District of Columbia, then you may  – but need not – infer that the property has traveled in interstate commerce.

The defendant need not have intended or known of the property's transport in interstate

19

commerce. Nor is it required that the defendant actually have physically transported the property across state lines. The government satisfies its burden of proving transportation in interstate commerce if it proves beyond a reasonable doubt that the defendant willfully caused the property's transport across state lines, or performed a substantial step in furtherance of its journey. For example, if the government shows that the defendant cashed a stolen check at an out-state bank and the check was then mailed across state lines to the original bank in accordance with normal banking practices, then you may find the defendant caused the transportation of stolen property in interstate commerce.

The verdict must represent the considered judgment of each juror. In order to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

Defendant has been charged with two counts of interstate transportation of stolen property. There has been evidence of more than one act or incident upon which a conviction on Count Six of the Superseding Indictment may be based. In Count Six, the government has alleged that defendant unlawfully transported checks belonging to the Islamic Center of Washington, D.C., (the "Center") from the District of Columbia, to the Commonwealth of Virginia on two different occasions. Specifically, the government alleges that defendant did so on or about each of the following dates and in the following amounts: $4,516.48 on April 20, 2003; and $4,200.00 on October 31, 2003. You may find defendant guilty on this count if the government proves beyond a reasonable doubt that defendant committed all or any one of these acts so long as the aggregate of the monies transported from the District of Columbia, to the Commonwealth of Virginia have a value of $5,000 or more. However, in order to return a guilty verdict on this count, all jurors must unanimously agree as to the specific acts or incidents. In

20

other words, you must all agree that between on or about April 20, 2003, and October 31, 2003,

defendant committed the crime of interstate transportation of stolen property by unlawfully

transporting, transmitting and transferring in interstate commerce, from the District of Columbia,

to the Commonwealth of Virginia checks belonging to the Center of a value in the aggregate of

$5,000 or more.

Count Seven of the Superseding Indictment also alleges that defendant committed the

crime of interstate transportation of stolen property.  You should not aggregate the monies

associated with this count with the monies involved in Count Six.  In order to return a guilty

verdict on Count Seven, all jurors must unanimously agree that on or about January 31, 2003,

defendant unlawfully transported a check having a value of $6,006.35 belonging to Center from

the District of Columbia, to the Commonwealth of Virginia.

The defendant is charged in Count Eight of the Superceding Indictment with engaging in

a monetary transaction in property derived from specified unlawful activity, in violation of Title

18, United States Code, Section 1957.

The government must prove each of the essential elements of the crime as charged in

Count Eight of the Superseding Indictment beyond a reasonable doubt.

Section 1957 of Title 18, United States Code, makes it a crime to knowingly engage or

attempt to engage in a monetary transaction in criminally derived property of a value greater than

$10,000.  Specifically, section 1957 provides:

> Whoever . . . knowingly engages or attempts to engage in a monetary transaction
>
> in criminally derived property that is of a value greater than $10,000 and is
>
> derived from a specified unlawful activity and does so in the United States

21

commits a crime.

In order to sustain its burden of proof for the crime of engaging in a monetary transaction in property derived from specified unlawful activity in violation of section 1957, as charged in Count Eight of the Superseding Indictment, the government must prove the following five (5) essential elements beyond a reasonable doubt:

One:  the defendant engaged (or attempted to engage) in a monetary transaction in or affecting interstate commerce;

Two: the monetary transaction involved criminally derived property of a value greater than $10,000;

Three: the property was derived from a specified unlawful activity;

Four: the defendant acted knowingly that is, with knowledge that the transaction involved proceeds of a criminal offense; and,

Five: the transaction took place in the United States (or the defendant is a United States person, as I will define that term for you).

The first element which the government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through, or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

22

You must find that the transaction affected interstate or foreign commerce in some way, however minimal. This effect on interstate commerce can be established in several ways. First, any monetary transaction with a financial institution insured by the FDIC affects interstate commerce, so if you find that the financial institution named in the Superseding Indictment [Wachovia Bank] was insured by the FDIC that is enough to establish that the transaction affected interstate commerce. Second, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well. Third, if you find that the transaction itself involved an interstate transfer of funds, that would also be sufficient.

The second element which the government must prove beyond a reasonable doubt is that the monetary transaction involved criminally derived property having a value in excess of $10,000.

The term "criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense. The government must prove only that the defendant knew that the property involved in the monetary transaction constituted, or was derived from, proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense, or that the defendant knew that the property involved in the transaction represented the proceeds of mail fraud as alleged in the Superseding Indictment.

The government is not required to prove that all of the property involved in the transaction was criminally derived property. However, the government must prove that at least $10,000 of the property involved was criminally derived property.

The third element which the government must prove beyond a reasonable doubt is the

23

property involved in the financial transaction was in fact derived from the proceeds of some form of specified unlawful activity.

I instruct that this element refers to a requirement that the defendant knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a criminal offense under state or federal law. I instruct you that "specified unlawful activity" includes mail fraud, as a matter of law.

The fourth element which the government must prove beyond a reasonable doubt is that the defendant knowingly engaged in an unlawful monetary transaction, as defined above.

I instruct you that in a prosecution for an offense under this section, the government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived. However, the government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which, I remind you, means any property constituting, or derived from, proceeds obtained from a criminal offense.

If you find that the government has established, beyond a reasonable doubt, that the defendant knew that the transaction involved property derived from a criminal offense, then this element is satisfied.

The fifth element which the government must prove beyond a reasonable doubt is that the transaction took place in the United States.

The government need not prove that all of the property involved in the monetary transaction charged in the Superseding Indictment was the proceeds of a specified unlawful activity. It is sufficient if the government proves that at least $10,000 of the property represents

24

such proceeds.  Thus, a monetary transaction may involve "proceeds" of a specified unlawful activity even when proceeds of a specified unlawful activity are commingled in an account with legitimate earned funds, or funds which are not proceeds of specified unlawful activity.  The government must prove that at least $10,000 of the property involved in the monetary transaction represents proceeds of a specified unlawful activity.

Count Nine of the Superseding Indictment charges that on or about October 2000, until in or about January 2006, in a continuing course of conduct, in the District of Columbia, the defendant wrongfully obtained over $430,000 in monies from the Islamic Center of Washington, D.C., with the intent to appropriate the property to his own use or to the use of third persons.

The defendant has entered a plea of not guilty to this allegation in the Superseding Indictment.

The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of theft in the first degree as charged in Count Nine of the Superseding Indictment beyond a reasonable doubt.

Sections 3211(b)(2) and 3212(a) of Title 22 of the District of Columbia Code, provide in part that:

A person commits the offense of theft in the first degree if that person wrongfully obtains or uses the property of another valued at $250 or more with intent:

(1)     to deprive the other of a right to the property or a benefit of the property;

or

(2)     to appropriate the property to his or her own use or to the use of a third

person.

25

In order to sustain its burden of proof for the crime of theft in the first degree as charged in Count Nine of the Superseding Indictment, the government must prove the following three (3) essential elements beyond a reasonable doubt:

One: The defendant wrongfully obtained the property of another;

Two: At the time the defendant obtained the property, he specifically intended either to deprive the owner or person in lawful possession of the property of a right to the property or a benefit of the property or to take or make use of the property for himself or for another person, without authority or right; and,

Three: When the defendant obtained the property, it had a value of $250 or more.

The phrase "property of another" means anything of value owned by someone other than the defendant. Property of another means any property in which a government or a person other than the defendant has an interest. It must be an interest the defendant is not privileged to interfere with or infringe upon without consent, regardless of whether he also had an interest in the property.

To prove that property was "property of another" the government need only prove that the owner was someone other than the defendant.

To establish the second element of the offense, the government must prove beyond a reasonable doubt one, or both, of the following things. (1) It must prove that when the defendant wrongfully obtained the property, he had the specific intent to deprive the owner or person in lawful possession of the property of the property or the benefit of the property. Or (2), it must prove that the defendant had the specific intent to take or make use of the property for his own use or the use of a third person, and without authority or right. The government must prove one

26

state of mind or the other, or both.

To establish the third element of the offense, the government must prove beyond a reasonable doubt that the property had a value of $250 or more at the time the defendant obtained it.

You must decide whether the value of the property allegedly involved in this case was $250 or more. Value means fair market value at the time when and the place where the property was allegedly obtained as the object of the scheme or systematic course of conduct. Fair market value is the price that a buyer who is willing but not required to buy would pay to an owner who is willing but not required to sell, considering all the ways the property could reasonably be used.

Do not speculate or guess at the value of the property. Base your determination only on the evidence.

The government has alleged that the property was obtained in a single scheme or systematic course of conduct, and that the total value of the property was $250 or more. Before you find that the value of the property was $250 or more by adding up the values of individual items of property, you must first all agree beyond a reasonable doubt that there was a single scheme or systematic course of conduct, and then before the value of an individual item is added to the total value, you must all agree that the item was obtained in a part of the scheme or systematic course of conduct.

Good faith is a complete defense to all of the charges in the indictment, because good faith on the part of a defendant is inconsistent with a finding that the defendant acted willfully or with a specific intent to violate the law, which are essential parts of the charges in each count in this case. The defendant has no burden to prove that he acted in good faith, because the

27

defendant has no burden to prove anything in this case. The government must convince you, beyond a reasonable doubt, that the defendant acted willfully, or with intent to defraud, and consequently, with a lack of good faith.

While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another. In considering whether or not the defendant acted in good faith, you are instructed that a person who acts on a belief or an opinion honestly held is not punishable merely because the belief or opinion turns out to be inaccurate, incorrect or wrong. An honest mistake in judgment or an error in management does not rise to the level of knowledge and willfulness required by the statutes under which the defendant is charged.

In determining whether or not the government has proven that the defendant acted in good faith or acted willfully to defraud, the jury must consider all of the evidence in the case bearing on the defendant's state of mind. If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with the required fraudulent intent or in good faith, then you must acquit the defendant.

The burden is on the government to prove beyond a reasonable doubt that the transactions in the indictment were unauthorized. If you find that the defendant believed that Abdullah Khouj authorized the transactions in the indictment, you must find the defendant not guilty as to those authorized transactions. However, even if you believe that Abdullah Khouj did not authorize the transactions, but you also believe that had a subjective good faith belief that he was authorized to engage in those transactions, you must find the defendant not guilty.

Evidence has been introduced that complainant may have consented to the defendant's

actions. If the complainant voluntarily consented to the actions, or the defendant reasonably believed the complainant was consenting, the crimes charged in the superceding indictment have not been committed.

The complainant may express consent in words, or the complainant's actions or inaction may imply consent.

The government must prove beyond a reasonable doubt that the complainant did not consent to the acts, or that the complainant's consent was not voluntary. If the government fails to prove there was no voluntary consent, you must find the defendant not guilty.

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission -- to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict(s) must be unanimous.

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the

29

indictment.

At any time during your deliberations you may return your verdict of guilty or not guilty with respect to any count.

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict(s). Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

The question of possible punishment of the defendant in the event a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person -- not the clerk, the marshal or me -- how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter. This means, for example, that you should never tell me that the

30

jury is divided 6 to 6, for example, or 7 to 5, or 11 to 1, whether the vote is for conviction or acquittal or on any other issue in the case.

I will provide you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note.  Please return your instructions to me when your verdict is rendered.


_5/21/08_

Date

_Royce C. Lamberth_

Chief Judge Royce C. Lamberth

31