UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA )
)
v. )
) Criminal No. 07-149 (RCL)
FARZAD DARUI, )
)
Defendant. )
)

## NOTE TO JURY

The evidence marked "proffered, but not in evidence" has been retained by the Court. You are not to consider this evidence. The Court understands that you did not view this evidence. If this is incorrect, please advise me.

Attached is a substitute page 27 and 28 to correct a typographical error at the third line from the bottom on page 28.

_____   _____5/21/08____4:35 p.m.____
Chief Judge Royce C. Lamberth                Date

state of mind or the other, or both.

To establish the third element of the offense, the government must prove beyond a reasonable doubt that the property had a value of $250 or more at the time the defendant obtained it.

You must decide whether the value of the property allegedly involved in this case was $250 or more. Value means fair market value at the time when and the place where the property was allegedly obtained as the object of the scheme or systematic course of conduct. Fair market value is the price that a buyer who is willing but not required to buy would pay to an owner who is willing but not required to sell, considering all the ways the property could reasonably be used.

Do not speculate or guess at the value of the property. Base your determination only on the evidence.

The government has alleged that the property was obtained in a single scheme or systematic course of conduct, and that the total value of the property was $250 or more. Before you find that the value of the property was $250 or more by adding up the values of individual items of property, you must first all agree beyond a reasonable doubt that there was a single scheme or systematic course of conduct, and then before the value of an individual item is added to the total value, you must all agree that the item was obtained in a part of the scheme or systematic course of conduct.

Good faith is a complete defense to all of the charges in the indictment, because good faith on the part of a defendant is inconsistent with a finding that the defendant acted willfully or with a specific intent to violate the law, which are essential parts of the charges in each count in this case. The defendant has no burden to prove that he acted in good faith, because the

27

defendant has no burden to prove anything in this case. The government must convince you, beyond a reasonable doubt, that the defendant acted willfully, or with intent to defraud, and consequently, with a lack of good faith.

While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another. In considering whether or not the defendant acted in good faith, you are instructed that a person who acts on a belief or an opinion honestly held is not punishable merely because the belief or opinion turns out to be inaccurate, incorrect or wrong. An honest mistake in judgment or an error in management does not rise to the level of knowledge and willfulness required by the statutes under which the defendant is charged.

In determining whether or not the government has proven that the defendant acted in good faith or acted willfully to defraud, the jury must consider all of the evidence in the case bearing on the defendant's state of mind. If the evidence in this case leaves you with a reasonable doubt as to whether the defendant acted with the required fraudulent intent or in good faith, then you must acquit the defendant.

The burden is on the government to prove beyond a reasonable doubt that the transactions in the indictment were unauthorized. If you find that the defendant believed that Abdullah Khouj authorized the transactions in the indictment, you must find the defendant not guilty as to those authorized transactions. However, even if you believe that Abdullah Khouj did not authorize the transactions, but you also believe that the defendant had a subjective good faith belief that he was authorized to engage in those transactions, you must find the defendant not guilty.

Evidence has been introduced that complainant may have consented to the defendant's