UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,       .
                                .
          Plaintiff,            .   CR No. 07-0149 (RCL)
                                .
     v.                         .
                                .
FARZAD DARUI,                   .   Washington, D.C.
                                .   Wednesday, May 21, 2008
          Defendant.            .   10:50 a.m.
                                .
. . . . . . . . . . . . . . . . .   Morning Session

DAY 13
TRANSCRIPT OF JURY TRIAL
BEFORE THE HONORABLE ROYCE C. LAMBERTH
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:         RONALD W. SHARPE, AUSA
                            TEJPAL SINGH CHAWLA, AUSA
                            U.S. Attorney's Office
                            555 Fourth Street, NW
                            Washington, D.C. 20530
                            202-353-9460

For the Defendant:          STEVEN T. WEBSTER, ESQ.
                            AARON S. BOOK, ESQ.
                            Webster Book, LLP
                            1 North King Street
                            Leesburg, Virginia 20176
                            703-779-8767

                            VICTORIA TOENSING, ESQ.
                            DiGenova & Toensing
                            1776 K Street, NW
                            Suite 737
                            Washington, D.C. 20006
                            202-289-7701

Court Reporter:             Bryan A. Wayne, RPR, CRR
                            Official Court Reporter
                            U.S. Courthouse, Room 6714
                            333 Constitution Avenue, NW
                            Washington, D.C. 20001
                            202-354-3186

PDF created with pdfFactory Pro trial version www.pdffactory.com

P R O C E E D I N G S

THE DEPUTY CLERK:  Criminal Action 07-149, the United States of America versus Farzad Darui.  Mr. Sharpe and Mr. Chawla for the government, Ms. Toensing, Mr. Webster and Mr. Book for the defense.

THE COURT:  Juror No. 11 has not yet appeared.  She is usually one of those who is here early.  Calls to her home are only met with a recording.  So I don't know yet the status of that.  In the meantime we'll talk about -- we'll see if there's any other way to track her down.

In the meantime, on instruction 3.05, the government had proposed that within their theft instruction.  So what were the bracketed things the government wanted to propose in 3.05?

MR. SHARPE:  Good morning, Your Honor.  On the first line, the government's suggestion is that it should say "you must decide whether the value of the property allegedly involved in this case was $250 or more.  Value means fair market value at the time when and the place where the property was allegedly" -- I believe it should say "obtained as the object of the scheme or systematic course of conduct."

The next sentence should read "Fair market value is the price" -- well, the next sentence stays the same.  If you skip to the third paragraph, we believe that bracketed language should be deleted.

In the final paragraph it should read, "The government has

PDF created with pdfFactory Pro trial version www.pdffactory.com

alleged that the property was obtained in a single scheme or systematic course of conduct and that the total value of the property was $250 or more.  Before you find that the value of the property was $250 or more, by adding up the values of individual items of property, you must first all agree beyond a reasonable doubt that there was a single scheme or systematic course of conduct, and then before the value of an individual item is added to the total value, you must all agree that the item was obtained," and it should say "in a part of the scheme or systematic course of conduct."

THE COURT:  All right.  That makes sense, but I think the whole thing should be moved over to follow the last part in that theft instruction, because it's really only applying to theft.

MR. SHARPE:  That's fine, Your Honor.

THE COURT:  So that would go on what is now page 60 at the end.  Defendants have any comment on that?

MR. WEBSTER:  No, Your Honor.  I'm sorry, Your Honor, where are you going to insert that?

THE COURT:  At the end of the theft instruction, so that would be page 60.  That was where the red book had it, but the red book just had 3.05, so we put it where 3.05 would be, but I think it would be better back with the theft instruction.

MR. WEBSTER:  I'm sorry, Your Honor.  Our pages are different.

PDF created with pdfFactory Pro trial version www.pdffactory.com

THE COURT:  Okay.  At the very last part of the theft instruction.

MR. WEBSTER:  Where it says "third element"?

THE COURT:  "Third element."  Right after that.

MR. WEBSTER:  Understood, thank you.

MR. SHARPE:  Your Honor, there are some other suggestions the government has with regard to the proposed instructions.  On page 14, instruction 1.10, and with regard to alternative A, the way it reads now it currently lists Dr. Abdullah M. Khouj.  We think either it should say "a witness" or it should include the defendant, because there was evidence that a bank opening document -- he was impeached with it and he represented in that document that he was an accountant and that contradicted his direct testimony, Your Honor.

MR. BOOK:  Your Honor, if we could ask where Mr. Sharpe is referring to?

MR. SHARPE:  Instruction 1.10, page 14.

MR. BOOK:  What's the title of that one?

THE COURT:  Evaluation of prior inconsistent statements of a witness.

MR. BOOK:  We're there.

THE COURT:  And you would say that you've heard evidence that a witness made a statement on an earlier occasion that may be inconsistent.

MR. SHARPE:  Correct.

PDF created with pdfFactory Pro trial version www.pdffactory.com

THE COURT:  And in B?

MR. SHARPE:  In B the -- we're not sure that that
applies, Your Honor, because the instruction applies to a prior
proceeding, and --

THE COURT:  No, it's a prior statement under oath.
The first one isn't under oath.

MR. SHARPE:  I understand, Your Honor, and it says
subject to the penalty of perjury at a prior proceeding.

MR. WEBSTER:  Your Honor, you could just delete the
language "at a prior proceeding" to make it applicable to the
facts of this case.  The remainder of the instruction is
appropriate.

THE COURT:  I think that's right.  Did you proffer the
defendant said anything under oath that was inconsistent?

MR. SHARPE:  Well, it would only be the document that
he swore was accurate where he represented he was an accountant.

THE COURT:  That was under penalty of perjury.

MR. SHARPE:  All right.  Then I'll take out "Khouj"
and say "witness" in that one.

THE COURT:  All right.

MR. SHARPE:  The government's further suggestions are
with regard to instruction 2.26, that's page 19.  It's "police
officers' testimony."  The government would suggest that that
read "law enforcement officers' testimony."

THE COURT:  I agree.

PDF created with pdfFactory Pro trial version www.pdffactory.com

MR. SHARPE:  And change the language just in the first line to "law enforcement officer," and if the Court chooses we could -- there were two different types of law enforcement officers that were -- that testified in this case, special agents of the FBI and also a United States postal inspector.

THE COURT:  What else would you change, then?

MR. SHARPE:  That's all.

THE COURT:  Just "a law enforcement officer's testimony."

MR. SHARPE:  Correct.

THE COURT:  That's fine.

MR. SHARPE:  And if we could go to redactions on page 25.  At the end of the first sentence, the language that says "pages removed or portions are covered by white-out," we would suggest that it says "are blacked out," because the redacted document that the jury -- there were two.  The one that's whited out, they would never know that, and the one that is redacted, it's clearly visible that they were black-outs.

THE COURT:  Okay.  That's fine.

MR. SHARPE:  And Your Honor, we also have a suggestion to the authorization language in defendant's instruction 22.  That's on page 62 of the proposed jury instructions.

THE COURT:  You can try.

MR. WEBSTER:  I'm sorry?

THE COURT:  He can try.  They've come back four times

PDF created with pdfFactory Pro trial version www.pdffactory.com

so far.  Let's see if they do anything on the fifth.  Good luck.

         MR. SHARPE:  I'll start with the sentence in boldface
type.

         THE COURT:  I don't intend to boldface that in what
goes to the jury.

         MR. SHARPE:  I understand.  But if we could begin
there.  The government would insert the word "lawfully" after
"Abdullah Khouj."  It would be the second word on the third line
there.  So it would read, "If you find that the defendant
believed that Abdullah Khouj lawfully authorized the
transactions in the indictment, you must find that the
defendant" -- I think it should say "is not guilty as to those
charges."

         THE COURT:  All right.  You sold that one.

         MR. WEBSTER:  I'm sorry, Your Honor?

         THE COURT:  He sold that one.  I'll buy that.  It had
to be lawful.

         MR. SHARPE:  In that same vein, Your Honor, if we go
to the sentence beginning with -- it's the very next sentence
beginning with the word "however," we would also add "lawfully"
in two places in that sentence.  And the government's suggestion
is that that sentence would read, "However, even if you believe
that Abdullah Khouj did not lawfully authorize the transactions
but you also believe that Farzad Darui had a subjective
good-faith belief that he was lawfully authorized to engage in

PDF created with pdfFactory Pro trial version www.pdffactory.com

those transactions, you must find the defendant not guilty," and
we would add the language "as to those authorized transactions."
That just reflects what was in the boldface language that the
Court had suggested earlier.

THE COURT:  The only part of that I'll buy is
"lawfully" on the third line and then "lawfully" before
"authorized."

MR. SHARPE:  Okay.  So the Court is not inclined to
add the "as to those authorized transactions"?

THE COURT:  I don't think that's necessary there when
you read the full.

MR. WEBSTER:  May we respond, Your Honor, just for the
record?

THE COURT:  Yes.

MR. WEBSTER:  Of course under Rule 30(b) we were
entitled to have a ruling from the Court on the charge prior to
closing argument.  The Court did rule on it.  And I actually
utilized in portions of my closing argument to the jury what the
Court's charge would be, and therefore it would violate Rule
30(b) at this time to change this instruction.

THE COURT:  What's your response to that?

MR. SHARPE:  I don't have one, Your Honor.  If I could
just have the Court's indulgence?

THE COURT:  Let me look at 30(b).

MR. CHAWLA:  Your Honor, if I may address with regard

PDF created with pdfFactory Pro trial version www.pdffactory.com

to 30(b), we had tried to go through various iterations of language prior to closing, and we had discussed and the Court had agreed that "aiding and abetting" was appropriate possibly in this case.  That if there was criminal activity Mr. Darui would similarly be criminally liable.  I think that the Court was as clear as day about that point.

The fact that the instruction that we're now suggesting, to add the word "lawfully," just reflects what the Court had stated on the record prior to closing arguments by the defense and by the government.  So we don't think there's any 30(b) issue.  And we also, there's a case we would cite.  This is U.S. v. Kegler, 724 F.2d 190, which talks about aiding and abetting is appropriate when the facts and the argument at trial are appropriate.

And in this case the government did open on -- sorry, in its closing argument did make the argument that if Dr. Khouj was guilty, it does not mean that Mr. Darui is innocent.  And we did make that argument specific in our closing.  Defense had a chance to directly rebut that in their closing argument again. I don't believe Mr. Sharpe addressed it again in rebuttal, but we think the Court was clear as to the aiding and abetting issue and just clarifying the language now that authorization is appropriate.

THE COURT:  The defendant's objection is sustained.  I think it's too late.

PDF created with pdfFactory Pro trial version www.pdffactory.com

        All right.  The juror has arrived.  Any other comments
before I read these?

            MR. SHARPE:  Not from the government.

            MR. WEBSTER:  We have comments.  And some of this,
Your Honor, is just to make sure the record is clear.  First of
all, the charge in its entirety, we would object to the lack of
the Islamic Center, as the Court knows, but specifically
pursuant to Rule 30 I would like to say that failing to put that
language in there as to the owner of the property or the victim
in the case constitutes a constructive amendment of the
indictment.

            THE COURT:  Okay.

            MR. WEBSTER:  And I understand you've ruled on that.

            THE COURT:  Right.

            MR. WEBSTER:  With respect to instruction No. 2.28,
defendant as a witness, the suggestion that because the
defendant is a defendant, the jury can consider that in judging
his testimony violates his constitutional right to the
presumption of innocence.

            THE COURT:  Okay.

            MR. WEBSTER:  Instruction 4.05.  I'm sorry, you are
not giving this aiding and abetting 4.05 instruction; is that
correct?

            THE COURT:  I think I am.

            MR. WEBSTER:  Oh, you are?  I misunderstood the --

PDF created with pdfFactory Pro trial version www.pdffactory.com

yesterday I thought the Court's ruling was that the government --

THE COURT:  I said it's in the indictment.  It's alleged in the indictment.

MR. WEBSTER:  I understand.  I thought you had said that that was not their theory of the case.  We would object to the aiding and abetting because it has never been their theory of the case that he somehow aided and abetted Dr. Khouj in committing these acts, only that Dr. Khouj never authorized them, so therefore that is a complete change in the government's theory of the case.

With respect to the mail fraud instruction, I think the Court did agree that the word "willfully" had to be in the third element, and it is not in the current iteration.  It's in the elements instruction, Your Honor.

THE COURT:  I have it in there.

MR. WEBSTER:  Mine says --

THE COURT:  "To act with an intent to defraud means to act knowingly and willfully and with the intention to or the purpose to deceive or to cheat."

MR. WEBSTER:  Your Honor, we would ask that -- I'm sorry, that in the elements instruction that it actually say "the defendant did so knowingly and willfully with the intent to defraud."  In the actual finding instruction.

THE COURT:  Where are you talking about?

PDF created with pdfFactory Pro trial version www.pdffactory.com

MR. WEBSTER:  It says "3, the defendant did so with the intent to defraud."

THE COURT:  Oh, back over --

MR. WEBSTER:  Yes, Your Honor.

THE COURT:  Because I've got it under third element. I have it there.

MR. WEBSTER:  That's correct.  It does define intent to defraud, but that's such a significant issue with respect to state of mind that it should be inserted in the third element.

THE COURT:  "Defendant did so with intent to defraud."

MR. WEBSTER:  Yes.  We would suggest inserting "knowingly and willfully" after the word "so."

THE COURT:  Okay.  I reject that because I've got intent to defraud defined in the third element instruction.

MR. WEBSTER:  Your Honor, with respect to the third element instruction, the suggestion that the defendant acted knowingly and the reference to deliberate ignorance, it's our position for the record that this actually diminishes the government's burden of proof beyond a reasonable doubt, and therefore it would violate Mr. Darui's constitutional rights.

THE COURT:  Okay.

MR. WEBSTER:  There was one issue with respect to 2.07, inadmissible and stricken evidence.

THE COURT:  Okay.

MR. WEBSTER:  Your Honor, if you recall, at one point

PDF created with pdfFactory Pro trial version www.pdffactory.com

after Mr. Chawla's argument, you instructed the jury to disregard portions of his argument.  So we would merely suggest in the second paragraph saying, "I sustained an objection to a lawyer's question or argument."

THE COURT:  That's fine.

MR. WEBSTER:  "You should ignore the question or argument," and then I would just say, period.  Then it can say, "striking and you must not speculate as to what the answer would have been."

THE COURT:  Right.

MR. WEBSTER:  To make that make sense.

MR. CHAWLA:  No objection, Your Honor.

THE COURT:  Okay.

MR. WEBSTER:  I think that's all we have, Your Honor.

THE COURT:  All right.  I'll make the changes in inadmissible and stricken evidence, and otherwise those objections are overruled.

MR. WEBSTER:  Thank you, Your Honor.

MR. BOOK:  One issue with respect to the evidence that will go back with the jury.  The actual physical typewriter ribbon, that was admitted through Agent McGillicuddy, and it's just the typewriter ribbon.  During Mr. Richards' testimony, they actually put a couple of Post-it notes on it.

We would request that those Post-it notes be removed before it goes back to the jury.  It was not admitted with the Post-it

PDF created with pdfFactory Pro trial version www.pdffactory.com

notes on there.  I don't think you can modify an exhibit after
it's been admitted.  So we'd request that those be taken off.  I
understand they're still on the exhibit right now.  So if they
could be taken off prior to going back to the jury.

        THE COURT:  That's fine.

        MR. CHAWLA:  Your Honor, if we can be heard.  The
ribbon is quite long.  It came in summarily through Agent
McGillicuddy.  The only person who examined it or we showed it
to the jury was only that portion.  It's almost impossible to
page through that without knowing what you're looking for.  So
we suggest that it remain.  It is just one small little tab and
it was on the item that was shown to the jury on the ELMO when I
showed it to Mr. Richards.

        THE COURT:  His point is that there was no -- it
wasn't admitted with the tabs on it.

        MR. CHAWLA:  Well, Your Honor, I believe actually the
tabs were placed prior to the trial beginning, the physical
actual typewriter and tab were -- at the time we moved it in it
was in the back of the courtroom, did have the tab on it.  I
don't know if counsel saw that prior to us asking to move it in,
but it was always on there from the beginning of this trial.

     So I understand they didn't see the tab, but it was always
there.  It had been tabbed by Mr. Burkes, the government expert.

        THE COURT:  It was first brought out with their
expert?

PDF created with pdfFactory Pro trial version www.pdffactory.com

MR. CHAWLA:  Correct, Your Honor.  It was summarily introduced.

THE COURT:  All right.  I'll reverse my ruling. Because when their expert saw it, I observed the tabs when he first got it.  So I think the tabs can stay.  That is the way I admitted it then.

MR. BOOK:  It was not admitted through our expert.  It was admitted through Agent McGillicuddy, and --

THE COURT:  I understand, but the tabs were on there.

MR. BOOK:  I didn't see that.

THE COURT:  Okay.  I did see it.  I observed it because he was moving the tab over so he could read better what he had, so I saw him doing that.

MR. BOOK:  Well, my understanding was that the tabs were placed on for Mr. Richards' reference, not that the tabs were on there when the exhibit was admitted.  I did not see that.  I understood it was just the typewriter ribbon.  That's what was run through the machine, and it was of course run through that machine without tabs on there, so I can't stand here and say, yes, there were tabs on there.  I know they were put on for Mr. Richards.  So we'd object and say that the tabs need to be removed.  They can look at the whole ribbon without focusing.

THE COURT:  All right.  That's overruled.

Bring the jury in.

PDF created with pdfFactory Pro trial version www.pdffactory.com

(Jury in at 11:10 a.m.)

THE COURT:  Good morning, ladies and gentlemen.

All right.  At this time I'll give you my final instructions on the law of the case.  My function is to conduct this trial in an orderly, fair, and efficient manner, to rule on questions of law, and to instruct you on the law which applies in this case.  It is your duty to accept the law as I instruct you.  You should consider all the instructions as a whole.  You may not ignore or refuse to follow any of them.

Your function as the jury is to determine what the facts are in this case.  You are the sole judges of the facts.  While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight if any to give to that evidence.  You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism.  You should not be improperly influenced by anyone's race, ethnic origin, or gender.  Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case.  If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive duty and responsibility.

If any reference by me or the attorneys to the evidence is

PDF created with pdfFactory Pro trial version www.pdffactory.com

different from your own memory of the evidence, it's your memory that should control during your deliberations.  During your deliberations you may consider only the evidence properly admitted in this trial.  The evidence in this case consists of the sworn testimony of witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

When you consider the evidence, you are permitted to draw from the facts you find have been proven such reasonable inferences as you feel are justified in light of your experience.

The statements and arguments of the lawyers are not evidence.  They're only intended to assist you in understanding the evidence.  Sometimes a lawyer's question suggests the existence of a fact, but the lawyer's question alone is not evidence.  Whether or not something is in evidence depends on the witness's answer to the lawyer's question.

Ordinarily, a witness may not testify as to his or her opinions or conclusions.  There's an exception for expert witnesses, who are allowed to give opinions and the reasons for them when they become expert in some art, science, profession, or calling.  In this case, Pedro Quinones has testified as an expert concerning computer graphics, and Gerald Richards has testified as an expert forensic document examiner.

You're not bound by an expert's opinion.  If you find that

PDF created with pdfFactory Pro trial version www.pdffactory.com

the opinion is not based on sufficient education or experience,
that the reasons supporting the opinion are not sound, or that
the opinion is outweighed by other evidence, you may completely
or partially disregard the opinion.  You should consider this
evidence with all the other evidence in the case and give it
such weight as in your judgment it fairly deserves.

The indictment is merely the formal way of accusing a
person of a crime.  You must not consider the indictment as
evidence of any kind.  You may not consider it as any evidence
of the defendant's guilt or draw any inference of guilt from it.

The lawyers in this case sometimes objected when the other
side asked a question, made an argument or offered evidence that
the objecting lawyer believed was not proper.  You must not hold
such objections against the lawyer who made them or the party
that he or she represents.  It is the lawyers' responsibility to
object to evidence which they believe is not admissible.

If during the course of trial I sustained an objection to a
lawyer's question or argument, you should ignore the question or
argument.  You must not speculate as to what the answer would
have been.  If after a witness answered a question I ruled that
the answer should be stricken, you should ignore both the
question and the answer and they should play no part in your
deliberations.  Likewise, exhibits as to which I've sustained an
objection or that I ordered stricken are not evidence, and you
must not consider them in your deliberations.

PDF created with pdfFactory Pro trial version www.pdffactory.com

Every defendant in a criminal case is presumed to be innocent.  This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven that he is guilty beyond a reasonable doubt.  This burden of proof never shifts throughout the trial.  The law does not require a defendant to prove his innocence or to produce any evidence at all.

If you find that the government has proven beyond a reasonable doubt every element of an offense -- of a particular offense with which the defendant is charged, it is your duty to find him guilty.  On the other hand, if you find that the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

The government has the burden of proving the defendant guilty beyond a reasonable doubt.  In civil cases it's only necessary to prove that a fact is more likely true than not, or in some cases that its truth is highly probable.  In criminal cases such as this one the government's burden must be more powerful than that.  It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based on reason, a doubt for which you have a reason based upon the evidence or lack of evidence in the case.  If after careful, honest, and impartial consideration of all the evidence you cannot say that you're firmly convinced of the defendant's

PDF created with pdfFactory Pro trial version www.pdffactory.com

guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person after careful and thoughtful reflection to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork. It is a doubt based on reason. The government is not required to prove guilt beyond all doubt or to a mathematical or scientific certainty. Its burden is to prove guilt beyond a reasonable doubt.

There are two types of evidence from which you may determine what the facts are in this case, direct evidence and circumstantial evidence. When a witness such as an eyewitness asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts or circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. If a person looked out a window and saw that snow was falling, he would be an eyewitness to the fact that snow was falling. If he later testified in court that he had seen snow falling, his testimony would be direct evidence of the fact that snow was falling at the time he saw it happen.

However, if he looked out a window and saw no snow on the ground and then went to sleep and saw snow on the ground after he woke up, it would be a reasonable inference that it had

PDF created with pdfFactory Pro trial version www.pdffactory.com

snowed while he was asleep.  His testimony about those observations would be circumstantial evidence.

The law says that both direct and circumstantial evidence are acceptable as means of proving a fact.  The law does not favor one form of evidence over another.  It is for you to decide how much weight to give to any particular evidence, whether it be direct or circumstantial.  You're permitted to give equal weight to both.

Circumstantial evidence does not require a greater degree of certainty than direct evidence.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

In determining whether the government has established the charges against the defendant beyond a reasonable doubt, you must consider and weigh the testimony of all the witnesses who have appeared before you.  You are the sole judge of the credibility of the witnesses.  In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject.  You may consider the demeanor and the behavior of the witness here on the witness stand, the witness's manner of testifying, whether the witness impresses you as a truthful person, whether the witness impresses you as having an accurate

PDF created with pdfFactory Pro trial version www.pdffactory.com

memory and recollection, whether the witness has any motive for not telling the truth, whether the witness had a full opportunity to observe the matters about which he or she has testified, whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently. An innocent misrecollection, like a failure of recollection, is not an uncommon experience in life. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other credible evidence. If you believe that any witness has shown him or herself to be biased or prejudiced for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and

PDF created with pdfFactory Pro trial version www.pdffactory.com

capability of that witness to tell the truth.  You should give the testimony of each witness such weight as in your judgment it's fairly entitled to receive.

The law treats inconsistent statements differently depending on the circumstances in which they were made.  I will now explain how you should evaluate those statements.  You've heard evidence that a witness made a statement on an earlier occasion and that this statement may be inconsistent with his testimony here at trial.  It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here.

If you find any such inconsistency, you may consider the earlier statement in judging the credibility of the witness, but you may not consider as evidence that what was said in the earlier statement was true.

But you've also heard evidence that a witness made an earlier statement under oath, subject to the penalty of perjury, and that this statement may be inconsistent with his testimony here at trial.  If you find that the earlier statement is inconsistent with the witness's testimony here in court, you may consider the inconsistency in judging the credibility of the witness.  However, unlike statements not made under oath, you may also consider this earlier statement as evidence that what was said in the earlier statement was true.

The weight of the evidence is not necessarily determined by

PDF created with pdfFactory Pro trial version www.pdffactory.com

the number of witnesses testifying for each side.  Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.  You might find the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you might find the opposite.

One of the questions you were asked when we were selecting this jury was whether the nature of the charges itself would affect your ability to reach a fair and impartial verdict.  We asked you that question because you must not allow the nature of a charge to affect your verdict.  You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

The defendant has a right to become a witness in his own behalf.  His testimony should not be disbelieved merely because he is the defendant.  In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial.  As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it's fairly entitled to receive.

You have heard evidence that the defendant was in Mexico when he learned that he was accused of embezzlement from the Islamic Center.  If proved, the return of the defendant to the United States from a foreign country after he knows he's accused of a crime may tend to prove that the defendant believed he was

PDF created with pdfFactory Pro trial version www.pdffactory.com

innocent.  It may be weighed by you together with all the other evidence.  Whether or not evidence of return from a foreign country does show that the defendant believed he was innocent and the significance, if any, to be given to the defendant's belief on this matter are for you to determine.

A law enforcement officer's testimony should be evaluated by you just as any other evidence in the case.  In evaluating the officer's credibility you should use the same guidelines that you apply to the testimony of any witness.  In no event should you give either greater or lesser weight to the testimony of any witness merely because he is a law enforcement officer.

The passage of time since the date of the offenses charged in the superseding indictment is no concern to you, should not enter into or influence your deliberations in any way.  The law requires you to render your verdict based only on the evidence presented in this trial.

You have heard testimony about witnesses meeting with attorneys and/or investigators before they testified.  You're instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial, and that in fact a prosecutor or defense attorney may have a duty to interview witnesses before trial.

The testimony of Federal Bureau of Investigation Special Agents Michael McGillicuddy and Brian Cruz, which in part summarizes the relationship of bank records and the evidence

PDF created with pdfFactory Pro trial version www.pdffactory.com

recovered as part of this investigation as well as other evidence, has been received for the sole purpose of explaining facts disclosed by records, other documents, and testimony admitted as evidence in this case.

Their summary testimony is not in and of itself proof of any facts. Their summary testimony is provided only as a matter of convenience. If and to the extent that this summary testimony does not correctly reflect the facts by the evidence you've heard in the case, then you should disregard this summary testimony entirely.

You are to perform the duty of finding the facts without bias or prejudice to any party. You're to perform your final duty in an attitude of complete fairness and impartiality. The case is important to the defendant, who's charged with serious crimes. Equally, it is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community.

The fact that the prosecution is being brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Certain charts or summaries have been shown to you in order to help explain the facts disclosed by books, records, or other

PDF created with pdfFactory Pro trial version www.pdffactory.com

underlying evidence in the case.  These charts or summaries are used for your convenience.  These charts or summaries are not themselves evidence of proof of any facts.  You should determine the facts from the evidence.  Certain charts and summaries have been received in evidence.  Charts and summaries are valid only to the extent that they accurately reflect the underlying supporting evidence.  You should give them only such weight as you think the underlying evidence deserves.

You may notice that some documents, when you look at the exhibits in the jury room, have been blacked out.  That is, documents have pages removed or portions blacked out.  Some have been redacted.  For instance, portions of Defense Exhibit 123 have been removed.  These redactions were undertaken after consultation with counsel and based upon the rules of evidence. You should consider the evidence in the form it has been submitted to you.  You should not speculate on the portions which have been redacted or the reasons that the portions have been redacted.

Someone's intent or knowledge ordinarily cannot be proved directly because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances.  You may consider any statement made or acts done or omitted by the defendant and all other facts and circumstances received in evidence which indicate his intent or knowledge.

PDF created with pdfFactory Pro trial version www.pdffactory.com

You may infer, but you're not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or did not do.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.  You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

A defendant does something knowingly if the act is done voluntarily and intentionally and not through accident, misunderstanding, inadvertence, or other innocent reasons.  A defendant does something willfully if the act is done intentionally, deliberately, and purposely, and with the intent to do what the law forbids.  That is, knowing that one's conduct is against the law, and with the evil purpose to disobey or disregard the law.

The indictment charges that the offense was committed on or about certain dates.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient that the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

You may find the defendant guilty of the crime charged in the indictment without finding that he personally committed each of the acts constituting the offense, or was personally present

PDF created with pdfFactory Pro trial version www.pdffactory.com

at the commission of the offense.  A defendant is responsible for an act which he willfully causes to be done if the act would be criminal if performed by him directly or by another.

To cause an act to be done means to bring it about.  You may convict the defendant of the offense charged if you find that the government has proved beyond a reasonable doubt each essential element of the offense and that the defendant willfully caused such act to be done with the intent to commit the crime.

Counts 1 through 5 of the superseding indictment charge that from October 2000 through on or about January 2006, in the District of Columbia and elsewhere, the defendant knowingly devised a scheme or plan to defraud, and thereafter used the United States mails in order to, in some fashion, advance or further the scheme to defraud.

The defendant has entered a plea of not guilty to this allegation in the superseding indictment.  The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of using the mails to further a scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations or promises, as charged in Counts 1 through 5 of the superseding indictment beyond a reasonable doubt.

Section 1341 of Title 18 of the United States Code provides in part that whoever, having devised or intending to devise any

PDF created with pdfFactory Pro trial version www.pdffactory.com

scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, and for the purpose of executing such scheme or artifice, or attempting to do so, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, or takes or receives therefrom, or knowingly causes to be delivered by mail, according to the direction thereon, shall be guilty of an offense against the United States.

In order to sustain its burden of proof for the crime of using the mails to further a scheme or plan to obtain money or property by means of false or fraudulent pretenses, representations, or promises, as charged in Counts 1 through 5 of the superseding indictment, the government must prove the following four essential elements beyond a reasonable doubt:

1:  The defendant knowingly devised or knowingly participated in a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises.

2:  The pretenses, representations, or promises were material, that is, it would reasonably influence a person to part with money or property.

3:  The defendant did so with the intent to defraud.

4:  In advancing or furthering or carrying out this scheme to defraud or obtain money or property by means of false or

PDF created with pdfFactory Pro trial version www.pdffactory.com

fraudulent pretenses, representations, or promises, the
defendant used the mails or caused the mails to be used.

The phrase "scheme to defraud" means any deliberate plan of
action or course of conduct by which someone intends to deceive
or to cheat a person of ordinary prudence and comprehension out
of money or property by means of false or fraudulent pretenses,
representations, or promises.  "Fraud" is a general term
embracing all of the various means by which human ingenuity can
devise and which are resorted to by an individual to gain
advantage over another by false representations, suggestions,
suppression of the truth, or deliberate disregard for the truth.

Thus, a scheme to defraud is a plan to deprive another of
money or property by trick or deception.  The deception need not
be premised upon spoken or written words alone.  The arrangement
of the words or the circumstances in which they're used may
convey the thoughts and deceptive appearance.  If there is
deception, the manner in which it is accomplished is immaterial.

No misrepresentation of fact is required if the scheme is
reasonably calculated to deceive persons of ordinary prudence.
It is not necessary that the government prove all of the details
alleged in the superseding indictment concerning the precise
nature and purpose of the scheme, or that the material
transmitted by mail was itself false or fraudulent, or that the
alleged scheme actually succeeded in defrauding anyone, or that
the use of the mails was intended as the specific or exclusive

PDF created with pdfFactory Pro trial version www.pdffactory.com

means of accomplishing the alleged fraud, or that the defendant did the actual mailing.

What must be proved beyond a reasonable doubt is that the defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in a scheme to defraud as alleged in the superseding indictment, and that the use of the mails was in furtherance of the scheme because the defendant either mailed or caused something to be mailed in an attempt to execute or carry out the scheme.

The statement or representation is false or fraudulent if it relates to a material fact and is known to be untrue or made with reckless indifference as to its truth or falsity, provided it was made with intent to defraud.  A representation may be false when it constitutes a half truth or effectively conceals a material fact.  The failure to disclose information may also constitute a fraudulent representation if the defendant was under a legal, professional, or contractual duty to make such a disclosure, the defendant actually knew such disclosure ought to be made, and the defendant failed to make such disclosure with the intent to defraud.

A person can include an entity, corporation, or organization.

A material fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction.  A fact is material if it has a natural

PDF created with pdfFactory Pro trial version www.pdffactory.com

tendency to influence or is capable of influencing the decision of the person or entity to whom or to which it is addressed.  A false or fraudulent statement, representation or promise can be material even if the decision-maker did not actually rely on the statement, or even if the decision-maker actually knew or should have known that the statement was false.

To act with intent to defraud means to act knowingly and willfully and with the intention or the purpose to deceive or to cheat.  An attempt to defraud is accompanied ordinarily by a desire or a purpose to bring about some gain or benefit to oneself or some other person, or by a desire or purpose to cause some loss to some person or entity.  That the defendant acted knowingly may be proven by evidence of deliberate indifference, but deliberate indifference does not establish that he acted with the intention or purpose to deceive or cheat.

The government need not prove that the defendant intended to defraud any particular person or entity so long as it proves that he intended to defraud any person or entity.  The government need not prove that the intended victims were actually harmed, only that such harm was contemplated, nor must it show that the victim of the scheme was pure of heart or without fault.

The fourth element of mail fraud requires the use of the United States mails.  The government is not required to prove that the defendant actually mailed anything or that the

PDF created with pdfFactory Pro trial version www.pdffactory.com

defendant even intended that the mails would be used to further or to advance or to carry out the scheme to defraud. The government must prove beyond a reasonable doubt, however, that the mails were in fact used in some manner to advance or to carry out the scheme to defraud. The government must also prove that the use of the mails would follow in the ordinary course of business or events, or that the use of the mails by someone was reasonably foreseeable.

It is not necessary for the government to prove that the item which was mailed was false or fraudulent or contained any false or fraudulent statement, representation, or promise, or contained any request for money or thing of value.

Each use of the mails to advance, further, and carry out the scheme or plan to defraud may be a separate violation of the mail fraud statute. With respect to the use of the mails, the government must establish beyond a reasonable doubt the particular mailings charged in the superseding indictment.

As I explained, Counts 1 through 5 of the indictment charge the defendant with violating the mail fraud statute. The government alleges that the defendant engaged in a scheme or artifice to obtain money or property to which he was not legally entitled, by means of false or fraudulent pretenses, representations, or promises. You may find the defendant guilty on these counts only if the government proves beyond a reasonable doubt each of the elements of these offenses.

PDF created with pdfFactory Pro trial version www.pdffactory.com

However, in order to return a guilty verdict on each of these counts, all jurors must agree unanimously that the defendant engaged in a scheme or artifice to obtain money or property to which he was not legally entitled by means of the same false or fraudulent pretenses, representations, or promises.

The indictment alleges a number of separate means or methods by which the defendant is accused of committing these offenses.  The government is not required to prove all of the means or methods alleged in Counts 1 through 5 of the indictment.  However, unless the government has proved to each of you beyond a reasonable doubt that the same means or methods were engaged in or employed by the defendant, you must acquit the defendant of those counts.

Count 6 of the superseding indictment charges that on or about October 2000 to in or about January 2006, in the District of Columbia, the defendant did willfully and knowingly transport, transmit, and transfer in interstate commerce, that is between the District of Columbia and the Commonwealth of Virginia, securities of the value of $5,000 or more, that is checks having a combined value of $8,716.48, knowing that these goods were stolen.

Count 7 of the superseding indictment charges that on or about October 2000 to in or about January 2006 in the District of Columbia the defendant did willfully and knowingly transport,

PDF created with pdfFactory Pro trial version www.pdffactory.com

transmit, and transfer in interstate commerce, that is between the District of Columbia and the Commonwealth of Virginia, securities of the value of $5,000 or more, that is a check having a value of $6,006.35, knowing that these goods were stolen.

Defendant has entered a plea of not guilty to this allegation in the superseding indictment.  The government, therefore, assumes the responsibility of proving each of the essential elements of the crime of interstate transportation of stolen property as charged in Counts 6 and 7 of the superseding indictment beyond a reasonable doubt.

Section 2314, the first paragraph of Title 18 of the United States Code provides in part that whoever transports in interstate commerce any goods, wares, merchandise, securities or money of the value of $5,000 or more, knowing the same to have been stolen, shall be guilty of an offense against the United States.

In order to sustain its burden of proof for the crime of transporting a security of the value of $5,000 or more, that is two stolen checks having a combined value of $8,716.48, and one stolen check having a value of $6,006.35 as charged in Counts 6 and 7 respectively of the superseding indictment in interstate commerce, the government must prove the following four essential elements beyond a reasonable doubt:

1:  The property described in Count 6 of the superseding

PDF created with pdfFactory Pro trial version www.pdffactory.com

indictment was stolen.

2:  The stolen property had a total value of at least $5,000.

3:  After the property was stolen, the defendant transported it or caused it to be transported from one state to another state.

4:  At the time that the defendant transported the property or caused the property to be transported, he knew that it had been stolen.

The term "stolen" means acquired or kept dishonestly, and includes any form of taking from another without that person's consent, with the intention of depriving that person of the rights and benefits of possession or ownership, permanently or temporarily.

In determining the value of the property, you may look at the face or par value of the property, or its market value, that is, the amount of money the property would be sold for in the open market.  You should consider the aggregate or total value of all the property referred to in Count 6 of the superseding indictment.  If you find that the value of the property referred to in Count 6 of the superseding indictment is less than $5,000, then you must find the defendant not guilty of that count.

Likewise, you should consider the aggregate or total value of all the property referred to in Count 7 of the superseding indictment.  If you find that the value of the property referred

PDF created with pdfFactory Pro trial version www.pdffactory.com

to in Count 7 of the superseding indictment is less than $5,000,
then you must find the defendant not guilty of that count.

It does not matter if you find that the defendant actually
received less than $5,000 for the goods, wares, or merchandise,
or if the securities or checks in this case were nonnegotiable,
that is, they could not be redeemed or traded.  If the evidence
shows and you find beyond a reasonable doubt that the property's
total face, par or market value was $5,000, then this element of
the offense is satisfied.

The term "interstate commerce" means any movement or
transportation of goods, wares, merchandise, securities or money
from one state into another state, the District of Columbia, and
any commonwealth, territory, or possession of the United States.
If you find that the property was stolen in one state or the
District of Columbia and was in the defendant's possession in a
different state or the District of Columbia, then you may but
need not infer that the property has traveled in interstate
commerce.

The defendant need not have intended or known of the
property's transport in interstate commerce, nor is it required
that the defendant actually have physically transported the
property across state lines.  The government satisfies its
burden of proving transportation in interstate commerce if it
proves beyond a reasonable doubt that the defendant willfully
caused the property's transport across state lines, or performed

PDF created with pdfFactory Pro trial version www.pdffactory.com

a substantial step in furtherance of its journey.

For example, if the government shows that the defendant cashed a stolen check at an out-of-state bank and the check was then mailed across state lines to the original bank in accordance with normal banking practices, then you may find the defendant caused the transportation of stolen property in interstate commerce.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, each juror must agree to the verdict.  Your verdict must be unanimous.

The defendant has been charged with two counts of interstate transportation of stolen property.  There has been evidence of more than one act or incident upon which a conviction on Count 6 of the superseding indictment may be based.  In Count 6, the government has alleged that the defendant unlawfully transported checks belonging to the Islamic Center of Washington, D.C. from the District of Columbia to the Commonwealth of Virginia on two different occasions.

Specifically, the government alleges the defendant did so on or about each of the following dates and in the following amounts.  $4,516.48 on April 20, 2003, and $4,200 on October 31, 2003.

You may find the defendant guilty on this count if the government proves beyond a reasonable doubt that the defendant committed all or any one of these acts, so long as the aggregate

PDF created with pdfFactory Pro trial version www.pdffactory.com

of the monies transported from the District of Columbia to the Commonwealth of Virginia have a value of $5,000 or more.

However, in order to return a guilty verdict on this count, all jurors must unanimously agree as to the specific acts or incidents.  In other words, you all must agree that between on or about April 20, 2003, and October 31, 2003, the defendant committed the crime of interstate transportation of stolen property by unlawfully transporting, transmitting, and transferring in interstate commerce from the District of Columbia to the Commonwealth of Virginia checks belonging to the Center of a value in the aggregate of $5,000 or more.

Count 7 of the superseding indictment also alleges that the defendant committed the crime of interstate transportation of stolen property.  You should not aggregate the monies associated with this count with the monies involved in Count 6.

In order to return a guilty verdict on Count 7, all jurors must unanimously agree that on or about January 31, 2003, defendant unlawfully transported a check having a value of $6,006.35 belonging to the Center from the District of Columbia to the Commonwealth of Virginia.

The defendant is charged in Count 8 of the superseding indictment with a monetary transaction in property derived from specified unlawful activity, in violation of Title 18 United States Code, Section 1957.  The government must prove each of the essential elements of the crime as charged in Count 8 of the

PDF created with pdfFactory Pro trial version www.pdffactory.com

superseding indictment beyond a reasonable doubt.

Section 1957 of Title 18, United States Code, makes it a crime to knowingly engage or attempt to engage in a monetary transaction in criminally derived property of a value greater than $10,000.

Specifically, Section 1957 provides:  "Whoever knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000, and is derived from a specified unlawful activity, and does so in the United States commits a crime."

In order to sustain its burden of proof for the crime of engaging in a monetary transaction in money derived from specified unlawful activity in violation of Section 1957, as charged in Count 8 of the superseding indictment, the government must prove the following five essential elements beyond a reasonable doubt.

1:  The defendant engaged or attempted to engage in a monetary transaction in or affecting interstate commerce.

2:  The monetary transaction involved criminally derived property of a value greater than $10,000.

3:  The property was derived from a specified unlawful activity.

4:  The defendant acted knowingly, that is, with knowledge that the transaction involved proceeds of a criminal offense.

5:  The transaction took place in the United States or the

PDF created with pdfFactory Pro trial version www.pdffactory.com

defendant is a United States person, as I will define that term for you.

The first element which the government must prove beyond a reasonable doubt is that the defendant engaged in a monetary transaction in or affecting interstate commerce.

The term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument by, through or to a financial institution.

The term "interstate or foreign commerce" means commerce between any combination of states, territories or possessions of the United States, or between the United States and a foreign country.

You must find that the transaction affected interstate or foreign commerce in some way, however minimal.  This effect on interstate commerce can be established in several ways.  First, any monetary transaction with a financial institution insured by the FDIC affects interstate commerce, so if you find that the financial institution named in the superseding indictment, Wachovia Bank, was insured by the FDIC, that is enough to establish that the transaction involved interstate commerce.

Second, if you find that the source of the funds used in the transaction affected interstate commerce, that is sufficient as well.  Third, if you find that the transaction itself involved an interstate transfer of funds, then that would also

PDF created with pdfFactory Pro trial version www.pdffactory.com

be sufficient.

The second element which the government must prove beyond a reasonable doubt is that the monetary transaction involved criminally derived property having a value in excess of $10,000. The term "criminally derived property" means any property constituting or derived from proceeds obtained from a criminal offense.

The government must prove only that the defendant knew that the property involved in the monetary transaction constituted or was derived from proceeds obtained by some criminal offense. The government does not have to prove that the defendant knew the precise nature of that criminal offense or that the defendant knew that the property involved in the transaction represented the proceeds of mail fraud as alleged in the superseding indictment.

The government is not required to prove that all of the property involved in the transaction was criminally derived property. However, the government must prove that at least $10,000 of the property involved was criminally derived property.

The third element which the government must prove beyond a reasonable doubt is the property involved in the financial transaction was in fact derived from the proceeds of some form of specified unlawful activity.

I instruct you that this element refers to a requirement

PDF created with pdfFactory Pro trial version www.pdffactory.com

that the defendant knew the property involved in the transaction represented proceeds from some form, although not necessarily which form of activity, that constitutes a criminal offense under state or federal law.  I instruct you that specified unlawful activity includes mail fraud as a matter of law.

The fourth element that the government must prove beyond a reasonable doubt is that the defendant knowingly engaged in an unlawful monetary transaction as defined above.  I instruct you that in a prosecution for an offense under this section, the government is not required to prove that the defendant knew the particular offense from which the criminally derived property was derived.

However, the government must prove beyond a reasonable doubt that the defendant knew that the transaction involved criminally derived property, which I remind you means any property constituting or derived from proceeds obtained from a criminal offense.

If you find that the government has established beyond a reasonable doubt that the defendant knew that the transaction involved property derived from a criminal offense, then this element is satisfied.

The fifth element which the government must prove beyond a reasonable doubt is that the transaction took place in the United States.

The government need not prove that all of the property

PDF created with pdfFactory Pro trial version www.pdffactory.com

involved in the monetary transaction charged in the superseding indictment was the proceeds of a specified unlawful activity. It is sufficient that the government proves that at least $10,000 of the property represents such proceeds. Thus, a monetary transaction may involve proceeds of a specified unlawful activity even when proceeds of a specified unlawful activity are commingled in an account with legitimate earned funds or funds which are not proceeds of specified unlawful activity.

The government must prove that at least $10,000 of the property involved in the monetary transaction represents proceeds of a specified unlawful activity.

Count 9 of the superseding indictment charges that on or about October 2000 until in or about January 2006, in a continuing course of conduct in the District of Columbia, the defendant wrongfully obtained over $430,000 in moneys from the Islamic Center of Washington, D.C., with the intent to appropriate the property to his own use or to the use of third persons.

The defendant has entered a plea of not guilty to this allegation in the superseding indictment. The government therefore assumes the responsibility of proving each of the essential elements of the crime of theft in the first degree as charged in Count 9 of the superseding indictment beyond a reasonable doubt.

PDF created with pdfFactory Pro trial version www.pdffactory.com

Sections 3211(b)(2) and 3212(a) of Title 22 of the District of Columbia Code provide in part that a person commits the offense of theft in the first degree if that person wrongfully obtains or uses the property of another valued at $250 or more with the intent (1) to deprive the other of a right to the property or a benefit of the property, or (2), to appropriate the property to his or her own use or to the use of a third person.

In order to sustain its burden of proof of the crime of theft in the first degree as charged in Count 9 of the superseding indictment, the government must prove the following three essential elements beyond a reasonable doubt:

1:  The defendant wrongfully obtained the property of another.

2:  At the time the defendant obtained the property, he specifically intended either to deprive the owner or person in lawful possession of the property of the right to the property or a benefit of the property, or to take or make use of the property for himself or for another person, without authority or right.

3:  When the defendant obtained the property, it had a value of $250 or more.

The phrase "property of another" means anything of value owned by someone other than the defendant. "Property of another" means any property in which a defendant or a person

PDF created with pdfFactory Pro trial version www.pdffactory.com

other than the defendant has an interest.  It must be an
interest the defendant is not privileged to interfere with or
infringe upon without consent, regardless of whether he also had
an interest in the property.  To prove that the property was
property of another, the government need only prove that the
owner was someone other than the defendant.

To establish the second element of the offense, the
government must prove beyond a reasonable doubt one or both of
the following things.  1:  It must prove that when the defendant
wrongfully obtained the property, he had the specific intent to
deprive the owner or person in lawful possession of the property
of the property or the benefit of the property, or 2, it must
prove that the defendant had the specific intent to take or make
use of the property for his own use or the use of a third
person, or without authority or right.  The government must
prove one state of mind or the other, or both.

To establish the third element of the offense, the
government must prove beyond a reasonable doubt that the
property had a value of $250 or more at the time the defendant
obtained it.  You must decide whether the value of the property
allegedly involved in this case was $250 or more.  Value means
fair market value at the time when and the place where the
property was allegedly obtained as the object of the scheme or
systematic course of conduct.

Fair market value is the price that a buyer who is willing

PDF created with pdfFactory Pro trial version www.pdffactory.com

but not required to buy would pay to an owner who's willing but not required to sell, considering all the ways the property could reasonably be used. Do not speculate or guess at the value of the property. Base your determination only on the evidence.

The government has alleged that the property was obtained in a single scheme or systematic course of conduct and that the total value of the property was $250 or more. Before you find that the value of the property was $250 or more, by adding up the values of individual items of property, you must first all agree beyond a reasonable doubt that there was a single scheme or systematic course of conduct, and then before the value of an individual item is added to the total value, you must all agree that the item was obtained in a part of the scheme or systematic course of conduct.

Good faith is a complete defense to all of the charges in the indictment, because good faith on the part of a defendant is inconsistent with finding that the defendant acted willfully or with a specific intent to violate the law, which are essential parts of the charges in each count of this case.

The defendant has no burden to prove that he acted in good faith because the defendant has no burden to prove anything in this case. The government must convince you beyond a reasonable doubt that the defendant acted willfully or with intent to defraud, and consequently with a lack of good faith.

PDF created with pdfFactory Pro trial version www.pdffactory.com

While the term good faith has no precise definition, it means among other things a belief or opinion honestly held, and absence of malice or ill will, and an intention to avoid taking unfair advantage of another.  In considering whether or not the defendant acted in good faith, you're instructed that a person who acts on a belief or an opinion honestly held is not punishable merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong.  An honest mistake in judgment or an error in management does not rise to the level of knowledge or willfulness required by the statutes under which the defendant is charged.

In determining whether or not the government has proven that the defendant acted in good faith or acted willfully to defraud, the jury must consider all of the evidence in the case bearing on the defendant's state of mind.  If the evidence in the case leaves you with a reasonable doubt as to whether the defendant acted with the required fraudulent intent or in good faith, then you must acquit the defendant.

The burden is on the government to prove beyond a reasonable doubt that the transactions in the indictment were unauthorized.  If you find that the defendant believed that Abdullah Khouj authorized the transaction in the indictment, you must find the defendant not guilty as to those authorized transactions.

However, if you believe that Abdullah Khouj did not

PDF created with pdfFactory Pro trial version www.pdffactory.com

authorize the transactions, but you also believe that the defendant had a subjective good-faith belief that he was authorized to engage in those transactions, you must find the defendant not guilty.

Evidence has been introduced that the complainant may have consented to the defendant's actions. If the complainant voluntarily consented to the actions, or the defendant reasonably believed that the complainant was consenting, the crimes charged in the superseding indictment have not been committed. The complainant may express consent in words, or the complainant's actions or inaction may imply consent.

The government must prove beyond a reasonable doubt that the complainant did not consent to the acts or that the complainant's consent was not voluntary. If the government fails to prove there was no voluntary consent, you must find the defendant not guilty.

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission: To reach a fair and just verdict based on the evidence.

Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the

PDF created with pdfFactory Pro trial version www.pdffactory.com

evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdict must be unanimous.

Each count of the indictment charges a separate offense. You should consider each offense and the evidence which applies to it separately, and you should return separate verdicts as to each count. The fact that you may find the defendant guilty or not guilty on any one count in the indictment should not influence your verdict with respect to any other count of the indictment.

At any time during your deliberations, you may return your verdict of guilty or not guilty with respect to any count.

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Keep in mind that the exhibits that were marked only for identification but were not admitted into evidence will not be given to you to consider or examine in reaching your verdict.

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty

PDF created with pdfFactory Pro trial version www.pdffactory.com

of imposing sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in the case and you should not consider the matter of punishment at all.

If it becomes necessary during your deliberations to communicate with me, you may send a note by the clerk or the marshal, who will be outside your door during your deliberations, signed by your foreperson or by any one or more members of the jury. No member of the jury should try to communicate with me, except by such a signed note, and I will not communicate with any member of the jury on any matter concerning the merits of this case except in writing or orally here in open court until you've reached a verdict.

So, in other words, if I get a note from you, there may be a delay sometimes responding because I'll have to reassemble with the counsel and the defendant present to see how I'm going to respond. I may send you a written answer back or I may call you back into the courtroom and orally respond, but any communication between you and me until you reach a verdict will be on the record in the presence of counsel if it touches on the case.

Bear in mind that you're never under any circumstances to reveal to any person -- not the clerk, the marshal, or me -- how the jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing

PDF created with pdfFactory Pro trial version www.pdffactory.com

or in open court, how the jury is divided on any matter.  This
means, for example, that you should never tell me the jury is
divided 6 to 6, or 7 to 5 or 11 to 1, or anything else.  Don't
tell me.  I don't want to know until the verdict has been
reached in the case.  That kind of information is not to be
given to me.

I will provide you with a copy of my instructions after
lunch.  There are a few revisions I've made as we've gone along
so they'll have to be retyped.  During your deliberations you
may if you want refer to these instructions.  While you may
refer to any particular portion of the instructions, you are to
consider the instructions as a whole.  You may not follow some
and ignore others.  If you have any questions about the
instructions, you should feel free to send me a note.  Please
return your instructions when your verdict is rendered.

I do want to tell you about how this works when you come
back in the courtroom.  When I receive a note that you've
reached a verdict -- I'm going to send a verdict form with you.
One of you counsel have a copy?

I will send the superseding indictment with you, a copy of
it, so you have it with you.  I will send in the 12 copies of
the jury instructions and you will have a copy of the verdict
form.  Just so you know how that works, it reads Count 1, it
lays forth the count and it has a place to check either guilty
or not guilty.  It just goes through each one of the counts.

PDF created with pdfFactory Pro trial version www.pdffactory.com

It's several pages long because it has all the nine counts here.
You can compare it to the indictment.  The indictment is just
the charge.  This is a shorthand version of guilty or not guilty
as to each of the nine counts of the indictment.  I'll send
those in as well.

When you come back to the courtroom, the foreperson will
bring the signed verdict form back in the courtroom with you.
When we reconvene in court then and you're ready to announce
your verdict, the verdict form will be given to me by the
marshal.  The clerk will then read the verdict in open court and
we'll say, do you agree with the verdict as just read.
Hopefully all of you will say yes in unison.

And then either side can request that the jury be polled.
Just so you know how this works, if there's a request for a
poll, then the clerk will say do each of you agree with the
verdict just read?  Juror No. 1?  And hopefully No. 1 says yes,
then he'll say juror No. 2.  If anyone says no, my job is easy
and the verdict is not unanimous.  I ask you to retire to the
jury room, continue your deliberations until the verdict is
unanimous.  But that's just how polling the jury works.

Let me see counsel at the bench.

(Bench conference on the record.)

THE COURT:  Any additional objection not previously
made to the instructions as read?

MR. SHARPE:  Your Honor, the government understood

PDF created with pdfFactory Pro trial version www.pdffactory.com

that you were going to read the aiding and abetting instruction.

THE COURT:  I did.  4.05.  I did.

MR. SHARPE:  Okay.

MR. CHAWLA:  That was just causing the act to be done, not the aiding and abetting, which is 4.02, which are a little different.

THE COURT:  Let me see that.

MR. CHAWLA:  Causing an act to be done but not 4.02.

THE COURT:  All I have in my notes was the 4.05, so I think there was a difference.  My clerk thinks that I -- thinks you're right about what I said yesterday.  Let me look at this.

(Pause)

THE COURT:  Your representation is that I decided not to give it?

MR. BOOK:  That's our recollection.

THE COURT:  Your recollection is that I said yes.

MR. CHAWLA:  That was my understanding.

THE COURT:  I have to be controlled by what I did yesterday because I can't change that.  I think we better check the transcript, so that if I need to add that instruction I'll bring them back at 2:00.  We'll have to find the transcript, because I don't think I can change that.

MR. WEBSTER:  One issue, Judge.  I just noticed on this one, the first element, it says the property described in Count 6, and it's really --

PDF created with pdfFactory Pro trial version www.pdffactory.com

MR. CHAWLA:  It should say 6 and 7.

MR. WEBSTER:  I think it should say 6 and 7.

THE COURT:  Let me see where that is.  6 and 7?

MR. WEBSTER:  Yes, sir.

THE COURT:  Do you think that needs to be reread or I can just --

MR. WEBSTER:  No.

THE COURT:  All right.  I'm going to explain to the jury to not start deliberating until we come back from lunch at 2:00, that I may have an additional instruction to read them at that time.  They can have lunch.  I guess until that point -- let me go off the record for a moment with the clerk.

(The Court conferring with the deputy clerk.)

THE COURT:  I guess the simple way is normally I wouldn't discharge the alternates until I complete the instructions.  So I'll let the alternates go to lunch and tell them not to talk about the case yet.  And I'll tell them not to start deliberating until we complete the instructions.

(End of bench conference.)

THE COURT:  The reason I called the lawyers to the bench there is they're entitled to tell me if I've misread anything or left out anything in the instructions, and we have some concern that I had something that I should have read and didn't read.  We're not quite sure of that issue yet.

So I'm going to let you go ahead to lunch and we'll come

PDF created with pdfFactory Pro trial version www.pdffactory.com

back at 2:00.  I'll complete the reading at 2:00 or I'll tell

you forget about it.  But don't start deliberating yet, so you

can't really talk about the case yet till 2:00.  We are

providing you lunch today, and the alternates will stay because

I don't release you until I complete the instructions.

I will say to the alternates, what I always say is my clerk

will give you her name and phone number to let you know what

went on in the case so that you can find out.  Alternates really

have no way of knowing whatever happened in the case.  I do like

the alternates to know that we had you as an insurance policy to

make sure I had 12 at the end.

There are circumstances where because of medical or other

emergency I would excuse a juror during deliberations, so I have

brought alternates back.  So I'm going to ask you when I do

release you not to talk about the case until we notify you the

decision has been reached.  I can put an alternate into

deliberations, although the jury has to restart all the

deliberations, so it's a real pain in the neck, but in a trial

this year I did do it, so I hope not to do it again.  In any

event, that's the way it will work for the alternates.

But I do appreciate your being here and come back at 2:00

and we'll see if we can get this wrapped up so y'all can start

deliberating at 2:00.  Thanks very much.

(Jury out at 12:22 p.m.)

PDF created with pdfFactory Pro trial version www.pdffactory.com

\*   \*   \*   \*   \*   \*

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.

_____
BRYAN A. WAYNE

PDF created with pdfFactory Pro trial version www.pdffactory.com