UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>    v. )  Crim. No. 1:07-cr-00149-RCL<br>)<br>FARZAD DARUI, )<br>)<br>    Defendant. ) | |

## DEFENDANT FARZAD DARUI'S MOTION FOR A JUDGMENT OF ACQUITTAL

Defendant Farzad Darui, by counsel, moves this Court, pursuant to Federal Rule of Criminal Procedure 29, for a judgment of acquittal. The grounds for this motion are set forth with particularity in the accompanying brief in support.

                    FARZAD DARUI

                    By: /s/ Victoria Toensing
                    Victoria Toensing (DC Bar #304980)
                    Joseph diGenova
                    Brady Toensing
                    diGENOVA & TOENSING, LLP
                    1776 K Street, N.W., Suite 737
                    Washington, D.C. 20006
                    (202) 289-7701
                    (202) 289-7706 (fax)
                    Counsel for Defendant


                    By: /s/ Aaron S. Book
                    Aaron S. Book (DC Bar # 490815)
                    Steven T. Webster (admitted *pro hac vice*)
                    WEBSTER BOOK LLP
                    1 North King Street
                    Leesburg, Virginia 20176
                    703-779-8229
                    703-991-9178 (fax)
                    Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>v.   )  Crim. No. 1:07-cr-00149-RCL<br>)<br>FARZAD DARUI, )<br>)<br>Defendant.   ) | |

**DEFENDANT FARZAD DARUI'S BRIEF IN SUPPORT
OF MOTION FOR A JUDGMENT OF ACQUITTAL**

Defendant Farzad Darui, by counsel, submits the following authorities in support of his motion for a judgment of acquittal:

PRELIMINARY STATEMENT

Mr. Darui is charged by superseding indictment with five counts of mail fraud, (Counts One through Five), two counts of interstate transportation of stolen property, (Counts Six and Seven), one count of money laundering (Count Eight), and one count of theft in the first degree (Count Nine). At the close of the government's case-in-chief and again at the close of all the evidence, Mr. Darui moved for a judgment of acquittal, which the Court denied. Thereafter, the Court declared a mistrial over defendant's objections.

Here, Mr. Darui incorporates the arguments previously made by reference and requests the Court to reconsider its earlier rulings. Further, recent guidance from the United States Supreme Court requires the money laundering count be dismissed.

*1.   Where the mails were not used until approximately sixteen months after the alleged scheme began, and the mails were not used approximately thirteen months prior to the end of the alleged scheme, and there was no evidence at trial that the temporary use of the mail hid any evidence from the alleged victim, there is no violation of 18 U.S.C. § 1341.*

For the reasons asserted orally at trial, Mr. Darui states there was no adequate proof of mail fraud because the mails were not used in furtherance of the alleged scheme to defraud. The indictment alleges an approximately sixty-three-month fraud. Yet for almost half the time, twenty-

1

nine months, the Post Office Box was not used to receive the bank statements. Dr. Khouj testified unequivocally he quit reviewing the bank statements during the relevant time period. Moreover, the testimony adduced at trial established that no person other than Mr. Darui received The Center's mail or had responsibility for reviewing the bank statements. Thus, the use of the Post Office Box was not incident to an essential part of the alleged scheme and could not possibly have furthered the alleged scheme. *Schmuck v. United States*, 489 U.S. 705, 710-11 (1989); *Parr v. United States*, 363 U.S. 370, 390 (1960); *United States v. Lemire,* 720 F.2d 1327, 1334-35 (D.C. Cir. 1983). That argument is incorporated here.

If no mail fraud exists, the money laundering charge (and the forfeiture allegations) must be dismissed. *See* Indictment, ¶ 34 (referring to "proceeds derived from a specified unlawful activity, that is Mail Fraud, in violation of United States Code Section 1341, as further described in Counts 1 through 5 of this Superseding Indictment"); p. 15 ("Upon conviction of one or more of the [mail fraud] offenses contained in Counts 1 through 5 of this Superseding Indictment, defendant . . . shall forfeit . . . any property constituting or derived from proceeds . . . as a result of the said violation(s). . . .").

Additionally, as argued below, the money laundering charge must be dismissed because the government failed to prove the "proceeds" involved were actually "profits." As the Supreme Court made clear on June 2, 2008, such proof is required for conviction of money laundering.

**2.    *United States v. Santos, 2008 U.S. LEXIS 4699 (2008), precludes prosecution of money laundering where there is no evidence the funds are profits.***

18 U.S.C. §1957, provides as follows:

> Whoever, in any of the circumstances set forth in subsection (d), knowingly engages or attempts to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity, shall be punished as provided in subsection (b).

2

18 U.S.C. §1957(a).

> Subsection (f) of section 1957 defines the terms used in subsection (a):
>
> As used in this section—
>
> (1) the term "monetary transaction" means the deposit, withdrawal, transfer, or exchange, in or affecting interstate or foreign commerce, of funds or a monetary instrument (as defined in section 1956(c)(5) of this title) by, through, or to a financial institution (as defined in section 1956 of this title), including any transaction that would be a financial transaction under section 1956(c)(4)(B) of this title, but such term does not include any transaction necessary to preserve a person's right to representation as guaranteed by the sixth amendment to the Constitution;
>
> (2) the term "criminally derived property" means any property constituting, or derived from, *proceeds* obtained from a criminal offense; and
>
> (3) the term "specified unlawful activity" has the meaning given that term in section 1956 of this title.

18 U.S.C. §1957(f) (emphasis added).

> "Specified unlawful activity" includes mail fraud. 18 U.S.C. §1956(c)(7)(A).
>
> Count Eight alleges in pertinent part:
>
> On or about May 27, 2004, in the District of Columbia and elsewhere, defendant FARZAD DARUI, did knowingly engage and attempt to engage in a monetary transaction by, through or to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000, that is, the withdrawal and transfer of funds by check number 6258 dated May 27, 2004, written on the Blue Line checking account and payable to American Express . . . in the amount of $14,353.35 . . . .

Indictment, ¶ 34.

In *United States v. Santos,* 2008 U.S. LEXIS 4699 (2008), the U.S. Supreme Court affirmed a Seventh Circuit decision that "proceeds" under the money laundering statutes is limited to "profits."[1] The government argued that "proceeds" meant "receipts." In rejecting this position under the rule of lenity, a plurality of the Court stated:

---

[1] Although *Santos* was based on 18 U.S.C. §1956, the term "proceeds" is also used, without definition, in 18 U.S.C. §1957.

3

> From the face of the statute, there is no more reason to think that "proceeds" means "receipts" than there is to think that "proceeds" means "profits." Under a long line of our decisions, the tie must go to the defendant. The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them. *See United States v. Gradwell,* 243 U.S. 476, 485 (1917); *McBoyle v. United States,* 283 U.S. 25, 27 (1931); *United States v. Bass,* 404 U.S. 336, 347-349 (1971). This venerable rule not only vindicates the fundamental principle that no citizen should be held accountable for a violation of a statute whose commands are uncertain, or subjected to punishment that is not clearly prescribed. It also places the weight of inertia upon the party that can best induce Congress to speak more clearly and keeps courts from making criminal law in Congress's stead. Because the "profits" definition of "proceeds" is always more defendant-friendly than the "receipts" definition, the rule of lenity dictates that it should be adopted.

*Id.* at \*13-14.

Here, Mr. Darui testified the payments he received from Dr. Khouj's bank account had three purposes: (1) repayment of a debt for housing Dr. Khouj's "wives"; (2) generating cash for the Islamic Center's information program as part of its security function; and, (3) generating cash for the payment and reimbursement of employees. As to the first purpose, although denying his relationship with the women, Dr. Khouj admitted he made payments to Mr. Darui for housing Debbie Estrada. The government presented no evidence that Mr. Darui *profited* from those transactions as opposed to merely *receiving* money for repayment of a debt. As to the second and third purposes, the government presented no rebuttal to Mr. Darui's testimony. Under these facts, no reasonable juror could find that the monetary transaction at issue, i.e., "the withdrawal and transfer of funds by check number 6258 dated May 27, 2004, written on the Blue Line checking account and payable to American Express … in the amount of $14,353.35," constituted *profits* as opposed to receipts. Accordingly, Count Eight must be dismissed.

CONCLUSION

For the reasons stated above and those that may be stated in any reply brief or at any hearing on this motion, the Court should dismiss Counts One through Five and Count Eight of the Indictment as well as the forfeiture allegations and enter a judgment of acquittal.

FARZAD DARUI

By: /s/ Victoria Toensing
Victoria Toensing (DC Bar #304980)
Joseph diGenova
Brady Toensing
diGENOVA & TOENSING, LLP
1776 K Street, N.W., Suite 737
Washington, D.C. 20006
(202) 289-7701
(202) 289-7706 (fax)

By: /s/ Aaron S. Book
Aaron S. Book (DC Bar # 490815)
Steven T. Webster (admitted *pro hac vice*)
WEBSTER BOOK LLP
1 North King Street
Leesburg, Virginia 20176
703-779-8229
703-991-9178 (fax)
*Counsel for Defendant*

CERTIFICATE OF SERVICE

      I hereby certify that on June 4, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Ronald W. Sharpe, Esquire
Tejpal S. Chawla, Esquire
Assistant United States Attorneys
United States Attorney's Office
555 4th Street, NW
Washington, DC 20530

/s/ Aaron S. Book
Aaron S. Book

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES        ) | |
| )                    | |
| v.                   ) | Crim. No. 1:07-cr-00149-RCL |
| )                    | |
| FARZAD DARUI,        ) | |
| )                    | |
| Defendant.           ) | |

**ORDER RE:**
**DEFENDANT FARZAD DARUI'S MOTION**
**FOR A JUDGMENT OF ACQUITTAL**

THIS CAUSE came to be heard on Defendant's Motion for a Judgment of Acquittal and Defendant's Memorandum of Law in Support thereof, and good cause having been shown, it is this _____ day of _____ 2008, hereby

**ORDERED** that defendant Darui's Motion is granted; and it is further

**ORDERED**, that Counts One through Five, Count Eight, and the forfeiture allegation should be dismissed; and it is further

**ORDERED**, that a judgment of acquittal is entered.

_____
Royce C. Lamberth, U.S. District Judge

WE ASK FOR THIS:

By:    /s/ Victoria Toensing

    Victoria Toensing (DC Bar # 304980)
    Joseph diGenova
    Brady Toensing
    diGENOVA & TOENSING, LLP
    1776 K Street, N.W., Suite 737
    Washington, D.C. 20006
    (202) 289-7701
    (202) 289-7706 (fax)


By:    /s/ Aaron S. Book

    Aaron S. Book (DC Bar # 490815)
    Steven T. Webster (to be admitted *pro hac vice*)
    WEBSTER BOOK LLP
    1 North King Street
    Leesburg, Virginia 20176
    703-779-8229
    703-991-9178 (fax)

## CERTIFICATE OF SERVICE

I certify that on June 4, 2008, a true copy of the foregoing was served electronically on the following:

    Ronald W. Sharpe, Esquire
    Tejpal S. Chawla, Esquire
    Assistant United States Attorneys
    United States Attorney's Office
    555 Fourth Street, NW
    Washington, DC 20530


    /s/ Victoria Toensing
    Victoria Toensing