UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | Crim. No. 07-149 (RCL) |
| | : | |
| **FARZAD DARUI** | : | |
| | : | |
| **Defendant** | : | |
| | : | |

## GOVERNMENT'S RESPONSE TO DEFENDANT
## FARZAD DARUI'S NOTICE OF APPEAL

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, hereby files this response to defendant Farzad Darui's Notice of Appeal ("Appeal") from this Court's orders denying motions for judgment of acquittal at the close of the government's case-in-chief and at the close of all evidence, and from an order declaring a mistrial entered in this case on the 23rd of May 2008.[1]  As discussed below, the defendant's appeal should have no bearing on a scheduled retrial.

I.  Defendant's Interlocutory Appeal Does Not Require a Stay Before This Court

It is well-recognized that the filing of a frivolous interlocutory appeal does not require a stay in trial court proceedings or otherwise divest the trial court of jurisdiction.  United States v. Black, 605 F.Supp. 1027, 1032 (D.D.C. 1985) (Hogan, C.J.) (citing United States v. Dunbar, 611 F.2d 985, 987 (5th Cir.) (en banc), cert. denied, 447 U.S. 926 (1980) ("district court may proceed to trial after denial of what the defendant proffers as a double jeopardy motion of the district court determines that the double jeopardy claim is frivolous").  The D.C. Circuit has adopted this position, see United States v. Black, 759 F.2d 71, 73 (D.C. Cir. 1985) (affirming Black and finding former Chief Judge Hogan's reasoning "entirely persuasive"), as have other circuits.

---

[1] Government counsel has consulted with the Appellate Division and confirmed that the Government will shortly be filing a motion to dismiss defendant's Notice of Appeal in the Court of Appeals and will request an expedited ruling on that motion.

See, e.g., United States v Lanci, 669 F.2d 391, 394 (6th Cir.1982); United States v. Leppo, 634 F.2d 101, 105 (3rd Cir.1980).

     Whatever the defendant's substantive claim of error may be (which he has yet to identify) the defendant's interlocutory appeal of this Court's three orders is procedurally frivolous. The first two orders, which are denials of defendant motions for judgment of acquittal, are plainly unappealable at this stage. See United States v. Richardson, 468 U.S. 317, 326 (1984) (where first trial ended in mistrial, claim of insufficiency of evidence cannot form the basis of an interlocutory appeal). So to is the third order, this Court's ruling declaring a mistrial on May 23, 2008, because it did not result in a final judgment that would be appealable pursuant to 28 U.S.C. §1291. Importantly, Courts of Appeal afford the trial court substantial discretion to declare a mistrial where the jury is hopelessly deadlocked. See e.g., Gori v. United States, 367 U.S. 364, 367-68 (1961); Arizona v. Washington, 434 U.S. 497, 510 (1978). For these reasons, this Court should deny any stay of the trial proceedings and reschedule a trial as soon as possible. See 18 U.S.C. § 3161(e) (following an order by the trial judge of a mistrial, the new "trial shall commence within seventy days from the date the action occasioning the retrial becomes final").

                              Respectfully submitted,

                              JEFFREY A. TAYLOR
                              UNITED STATES ATTORNEY

By:         /s/
      Tejpal S. Chawla, D.C. Bar No. 464012
      Ronald W. Sharpe, D.C. Bar. No. 434575
      Assistant United States Attorneys
      555 4th Street, NW
      Room 5828
      Washington, D.C. 20530
      (202) 353-2442 (Chawla)
      (202) 353-9460 (Sharpe)